1  S. BRETT SUTTON 143107
   JARED HAGUE 251517
2  ANTHONY E. GUZMAN II 311580
   SUTTON HAGUE LAW CORPORATION, P.C.
3  6715 N. Palm Avenue, Suite 216
   Fresno, California 93704
4  Telephone: (559) 325-0500

5  Attorneys for Plaintiffs: Julian Smothers and Asa Dhadda

**FILED**
Superior Court Of California,
Sacramento
02/03/2017
ccullen
By _____, Deputy
Case Number:
34-2017-00207477

6

7                    SUPERIOR COURT OF CALIFORNIA

8                      COUNTY OF SACRAMENTO

                            * * *

9
   JULIAN SMOTHERS an individual, residing in       Case No.
10 Fresno County, California; and ASA
   DHADDA, an individual, residing in Fresno
11 County, California,                               PLAINTIFFS' COMPLAINT FOR
                                                     DAMAGES FOR:
12              Plaintiffs,
                                                     CLASS ACTION UNDER CAL.
13      vs.                                          CODE OF CIV. PROC. § 382

14 NORTHSTAR ALARM SERVICES, LLC, A                  (1) Failure To Pay Minimum Wages
   Utah Corporation; and Does 1 through 50,          In Violation Of Labor Code §§ 1194,
15 inclusive,                                         1194.2 & 1197;

16              Defendants.                           (2) Failure To Pay Overtime Wages In
                                                     Violation Of Labor Code § 510;

17                                                   (3) Failure To Provide All Mandated
                                                     Meal Periods Or Additional Wages In
18                                                   Lieu Thereof;

19                                                   (4) Failure To Provide All Mandated
                                                     Rest Periods Or Additional Wages In
20                                                   Lieu Thereof;

21                                                   (5) Failure To Reimburse Business-
                                                     Related Expenses In Violation Of
22                                                   Labor Code § 2802;

23                                                   (6) Failure To Issue Accurate Wage
                                                     Statements In Violation Of Labor
24                                                   Code § 226;

25                                                   (7) Failure To Timely Pay Wages Due
                                                     At Termination In Violation Of Labor
26                                                   Code §§ 201, 202, & 203;

27                                                   (8) Unfair Competition (Bus. & Prof.
                                                     Code § 17200);

28

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

1

PLAINTIFFS' COMPLAINT FOR DAMAGES

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**(9) Failure To Pay Overtime Wages In Violation Of 29 U.S.C. § 207;**

**JURY TRIAL DEMANDED**

Plaintiffs JULIAN SMOTHERS and ASA DHADDA (hereinafter collectively "PLAINTIFFS") allege against Defendant NORTHSTAR ALARM SERVICES, LLC, a Utah Corporation, ("DEFENDANT") and Does 1 through 50, inclusive as follows:

## GENERAL ALLEGATIONS

### A.   THE PARTIES

1.   JULIAN SMOTHERS is an individual who, at all times relevant herein, was residing in Fresno County, Sacramento County, or Los Angeles County California, and is a former employee of DEFENDANT.

2.   ASA DHADA is an individual who, at all times relevant herein, was residing in either Fresno County or Los Angeles County California, and is a former employee of DEFENDANT.

3.   PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT is now, and at all times relevant to this Complaint, was a Utah corporation, with employees in Sacramento Country, throughout California, and throughout the United States.

4.   PLAINTIFFS are unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, and therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendants sued herein, including DOES 1 through 50, inclusive, is and was proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFFS as alleged herein.

Sultan Hague
Law Corporation, P.C.
675 E.N. Palm Avenue
Suite 216
Fresno, CA 93704

2

1 When the true names and/or capacities of the Defendants are ascertained, PLAINTIFFS will seek
2 leave to amend this Complaint to insert the same herein with appropriate charging allegations.

3    5.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANT
4 and each of the DOE Defendants were acting at all relevant times herein, as the agents,
5 ostensible agents, joint-venturers, joint-employers, servants, employees, co-conspirators and/or
6 associates of each of the other Defendants, and were at all times acting within the course and
7 scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and
8 with the permission and consent of the other Defendants.

9    6.    PLAINTIFFS are informed and believe, and thereon allege that, at all times
10 relevant to this Complaint, DEFENDANT and DOE Defendants were and/or are the joint
11 employers of PLAINTIFFS and/or the class upon whose behalf PLAINTIFFS bring these class
12 action claims, in that Defendants exercised sufficient control over PLAINTIFFS' wages, hours
13 and working conditions, and/or suffered or permitted PLAINTIFFS to work, so as to be
14 considered the joint employers of PLAINTIFFS.

15    7.    PLAINTIFFS are informed and believe, and thereon allege, that the above
16 Defendants and/or each of their managing agents and supervisors aided, abetted, condoned,
17 permitted, approved, authorized, and/or ratified the unlawful acts described herein.

18    8.    PLAINTIFFS are informed and believe, and thereon allege that, at all times
19 relevant to this Complaint, the various acts and representations of Defendants, including each of
20 the DOE Defendants, and each agent or representative of Defendants, were the result of, and in
21 furtherance of, an agreement whereby the Defendants and each agent or representative of the
22 Defendants knowingly conspired to engage in the acts described herein, including, but not
23 limited to, Defendants' violation of the California Labor Code and/or any applicable Industrial
24 Welfare Commission Wage Order(s).

25    9.    PLAINTIFFS, on behalf of themselves and all similarly situated current and
26 former employees of DEFENDANT who give their written consent to become party-plaintiffs,
27 which consents will be filed with the court, seek to have the following cause of action proceed as
28 a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). These

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

3

1  individuals shall hereinafter be referred to collectively as the "FLSA Class." PLAINTIFFS seeks
2  to represent the FLSA Class according to the following class and/or subclass definition:

3  **FLSA Class**

4  All current and former non-exempt employees of DEFENDANT in the United
5  States who DEFENDANT required to work in excess of 40 hours in a work week,
6  or whom DEFENDANT permitted or suffered to work in excess of 40 hours in a
7  workweek, without overtime compensation as required by 29 U.S.C. section 207
8  at any time within three (3) years preceding the filing of this action.

9  10.   PLAINTIFFS, on behalf of themselves and all other similarly situated current and
10  former employees of DEFENDANT, seek to have the following causes of action certified to
11  proceed as a class action pursuant to California Code of Civil Procedure section 382. These
12  individuals shall hereinafter be referred to collectively as the "California Class." PLAINTIFFS
13  seek to represent the California Class according to the following class and/or subclass
14  definitions:

15  **California Class 1**

16  All current and former non-exempt employees of DEFENDANT who performed
17  work for DEFENDANT in California at any time within four (4) years preceding
18  the filing of this action.

19  Subclass A ("Minimum Wage Sub-Class")

20  All current and former non-exempt employees of DEFENDANT who
21  performed work for DEFENDANT in California and who were required to
22  work for DEFENDANT, or whom DEFENDANT permitted or suffered to
23  work, during their meal periods, or at times otherwise off-the-clock,
24  without compensation at any time within four (4) years preceding the
25  filing of this action.

26  Subclass B ("Overtime Wage Sub-Class")

27  All current and former non-exempt employees of DEFENDANT who
28  were required to work overtime hours for DEFENDANT in California, or

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

4

whom DEFENDANT permitted or suffered to work overtime hours, without overtime compensation as required by Labor Code section 510 and Wage Order 4 and/or any other applicable wage order at any time within four (4) years preceding the filing of this action.

Subclass C ("First Meal Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than five (5) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass D ("Second Meal Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than ten (10) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass E ("Rest Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked three and one-half (3 1/2) or more hours in a work day at any time within three (4) years preceding the filing of this action.

Subclass F ("Waiting Time Penalty Sub-Class")

All former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California within four (4) years preceding the filing of this action.

**California Class 2**

All current and former employees of DEFENDANT who performed work for DEFENDANT in California.

///

///

1      Subclass A ("Wage Statement Sub-Class")

2          All current and former employees of DEFENDANT who performed work

3          for DEFENDANT in California and who was entitled to received a wage

4          statement subject to the requirements of Labor Code section 226(a) at any

5          time within one (1) year preceding the filing of this action.

6      Subclass B ("Reimbursement Sub-Class")

7          All current and former employees of DEFENDANT who performed work

8          for DEFENDANT in California and who incurred necessary expenditures

9          and/or losses directly caused by the discharge of their duties at any time

10         within four (4) years preceding the filing of this action.

11      Unless otherwise specified, individuals making up the "FLSA Class" and

12 "California Class" shall hereinafter be referred to collectively as the "Class Members."

13      11.    PLAINTIFFS reserve the right under California Rules of Court Rule 3.765(b) to

14 amend or modify the class description with greater specificity or further division into subclasses

15 or limitation to particular issues.

16 **B.**   **THE ACTION**

17      12.    This action is brought, in part, to remedy the following:

18          (a)    DEFENDANT's failure to pay PLAINTIFFS and the California Class

19               Members at least minimum wage for, among other things, required travel

20               time between employment locations, waiting time at employment

21               locations, time spent in daily meetings, time spent repairing defective

22               alarm systems, time spent documenting inventory, and time spent

23               participating in trainings;

24          (b)    DEFENDANT's failure to pay PLAINTIFFS and the California Class

25               Members overtime and/or double time wages, as required by California

26               Labor Code section 510 and Industrial Welfare Commission Wage Order

27               4 and/or any other applicable Wage Order due to, among other things,

28               DEFENDANT's omission of nondiscretionary bonuses from its

6

calculation of its employees' regular rate of pay;

(c)   DEFENDANT's failure to pay PLAINTIFFS and the FLSA Class Members overtime wages due and owing, as required by the Fair Labor Standards Act, 29 U.S.C. § 206;

(d)   DEFENDANT's failure to provide PLAINTIFFS and the California Class Members with a reasonable opportunity to take a first net thirty-minute, duty-free meal period for each workday during which such employees worked more than five (5) hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(e)   DEFENDANT's failure to provide PLAINTIFFS and the California Class Members with a reasonable opportunity to take a second net thirty-minute, duty-free meal period for each workday during which such employees worked more than ten (10) hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(f)   DEFENDANT's failure to provide PLAINTIFF and the California Class Members with a reasonable opportunity to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free rest period was and/or is not provided, as

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

7

PLAINTIFFS' COMPLAINT FOR DAMAGES

required by Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(g) DEFENDANT's failure to timely pay PLAINTIFFS and the California Class Members all wages due and payable twice during each calendar month, as required by California Labor Code section 204;

(h) DEFENDANT's failure to pay PLAINTIFFS and the California Class Members all wages due and owing upon the termination of employment with DEFENDANT, as required by California Labor Code section 201, 202, and 203;

(i) DEFENDANT's failure to pay PLAINTIFFS and the California Class Members all wages due and payable on demand, as required by California Labor Code section 216 and 225.5;

(j) DEFENDANT's failure to issue PLAINTIFFS and the California Class Members proper notice of pay, as required by California Labor Code section 2810.5.

(k) DEFENDANT's failure to maintain a written commission agreement for PLAINTIFFS and the California Class Members, as required by California Labor Code section 2751(a);

(l) DEFENDANT's failure to issue accurate, itemized wage statements to PLAINTIFFS and the California Class Members in accordance with California law;

(m) DEFENDANT's failure to maintain adequate time and payroll records for PLAINTIFFS and the California Class Members, as required by Labor Code section 1174;

(n) DEFENDANT's failure to reimburse PLAINTIFFS and the California Class Members for all necessary expenditures and losses directly caused by the discharge of their duties; and,

///

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 215
Fresno, CA 93704

8

PLAINTIFFS' COMPLAINT FOR DAMAGES

(o)   DEFENDANT's engagement in unfair business practices against PLAINTIFFS and the California Class Members.

## C.   VENUE

13.   Venue is proper in Sacramento County because, among other reasons, certain of the violations of the California Labor Code and/or Industrial Welfare Commission Wage Order(s) were committed in Sacramento County and DEFENDANT conducts business and has facilities in Sacramento County. The unlawful acts alleged have a direct effect on PLAINTIFFS and other Class Members. PLAINTIFFS and the Class Members will continue to suffer the same harm as PLAINTIFFS as a result of DEFENDANT's wrongful conduct unless the relief requested herein is granted.

14.   PLAINTIFFS are informed and believe, and thereon allege, that during the three-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against DEFENDANT on behalf of the same or similar Class Members.

## D.   CLASS ACTION ALLEGATIONS

15.   The following causes of action have been brought and properly may be maintained as a class and/or collective action under the provisions of 29 U.S.C. 216(b) and/or California Code of Civil Procedures section 382 because: a) there is a well-defined community of interest in the litigation; and b) the proposed class is easily ascertainable.

### Numerosity

16.   The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. PLAINTIFFS are informed and believe and thereon allege that at all times mentioned herein PLAINTIFFS and the Class Members are or have been affected by DEFENDANT's and DOES 1–50's unlawful practices as alleged herein.

17.   Accounting for employee turnover during the relevant period covered by this action necessarily and substantially increases the number of employees covered by this action. PLAINTIFFS are informed and believe and thereon allege that DEFENDANT's and DOES 1–

Sutton Hague
Law Corporation, P.C.
5715 N. Palm Avenue
Suite 216
FRESNO, CA 93704

9

PLAINTIFFS' COMPLAINT FOR DAMAGES

1 | 50's employment records would provide information as to the actual number and location of all
2 | Class Members. Joinder of all members of the proposed class is not practicable.

3 | *Commonality*

4 | 18. There are questions of law and fact common to the class predominating over any
5 | questions affecting only individual Class Members. These common questions of law and fact
6 | include, without limitation:

7 |  a. Whether DEFENDANT violated California Labor Code sections 1194,
8 | 1194.2 and 1197 and/or Industrial Welfare Commission ("IWC") Wage
9 | Order 4 and/or any other applicable Wage Order by failing to pay
10 | PLAINTIFFS and the California Class Members minimum wages for
11 | travel time between employment locations, waiting time at employment
12 | locations, time spent in daily meetings, time spent repairing defective
13 | alarm systems, time spent documenting inventory, and time spent
14 | participating in trainings;

15 | b. Whether DEFENDANT violated California Labor Code section 510
16 | and/or Industrial Welfare Commission Wage Order 4 and/or any other
17 | applicable Wage Order by failing to pay PLAINTIFFS and the California
18 | Class Members the overtime and double time wages to which they are
19 | entitled for hours worked in excess of eight (8) hours in one workday,
20 | forty (40) hours in one workweek, and/or for hours worked on the seventh
21 | workday of a workweek;

22 | c. Whether DEFENDANT violated the Fair Labor Standards Act, 29 U.S.C.
23 | § 207 by failing to pay PLAINTIFFS and the FLSA Class Members the
24 | overtime wages to which they are entitled for hours worked in excess of
25 | forty (40) hours in one workweek;

26 | d. Whether DEFENDANT violated California Labor Code sections 226.7
27 | and 512 and/or Industrial Welfare Commission Wage Order 4 and/or any
28 | other applicable Wage Order by failing to provide PLAINTIFFS and the

10

California Class Members with a first thirty-minute, duty-free meal period for each workday during which such employees worked more than five (5) hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

e.  Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with a second thirty-minute, duty-free meal period for each workday during which such employees worked more than ten (10) hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

f.  Whether DEFENDANT violated California Labor Code section 226.7 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with one (1) ten-minute, duty-free rest period for each workday during which such employees worked more than four (4) hours, and for every four (4) hours or major fraction thereof.

g.  Whether DEFENDANT violated California Labor Code sections 201, 202 and 203 by failing to pay all wages due and owing at the time that any California Class Member's employment with DEFENDANT and/or DOES 1-50 ended, whether voluntarily or involuntarily;

h.  Whether DEFENDANT violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFFS and the California Class Members;

i.  Whether DEFENDANT violated California Labor Code section 1174 by failing to maintain accurate time and payroll records for PLAINTIFFS and the California Class Members;

///

11

1     j. Whether DEFENDANT violated California Labor Code section 2802(a)

2       by failing to reimburse PLAINTIFFS and the California Class Members

3       for expenditures and losses necessarily incurred in the direct discharge of

4       their duties;

5     k. Whether DEFENDANT violated California Business and Professions

6       Code section 17200 *et seq.* and engaged in unlawful, unfair, and deceptive

7       business practices by violating California Labor Code sections 201, 202,

8       203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2441, 2802, 2810.5 and/or

9       Industrial Welfare Commission Wage Order 4 and/or any other applicable

10      Wage Order and/or failing to: (1) pay minimum, regular, overtime, and/or

11      double time wages to the Class Members; (2) permit the Class Members to

12      take a net thirty-minute, duty-free meal period when they worked more

13      than five (5) hours in a workday and/or pay such employees additional

14      wages as required by California law; (3) pay all owed wages at the time

15      that any Class Member's employment with DEFENDANT ended, whether

16      voluntarily or involuntarily; (4) issue mandated, accurate, itemized wage

17      statements;

18     l. Whether PLAINTIFFS and the California Class Members are entitled to

19       equitable relief pursuant to California Business and Professions Code

20       section 17200 *et seq*; and

21   ***Typicality***

22  19.  PLAINTIFFS' claims are typical of the class/collective claims. PLAINTIFFS and

23 all Class Members sustained injuries and damages arising out of, and caused by,

24 DEFENDANT's and DOES 1–50's common course of conduct in violation of California and

25 United States laws, regulations, and statutes as alleged herein.

26  ***Adequacy of Representation***

27  20.  PLAINTIFFS will fairly and adequately represent and protect the interests of the

28 Class and/or Collective Members. Counsel who represents PLAINTIFFS is competent and

Stulion Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
FRESNO  CA  93704

12

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  experienced in litigating wage and hour class actions and California Business and Professions
2  Code section 17200 *et seq.* cases.

3       **Superiority of Class Action**

4       21.     A class and/or collective action is superior to other available means for the fair
5  and efficient adjudication of this controversy. Individual joinder of all Class and/or Collective
6  Members is not practicable and questions of law and fact common to the class predominate over
7  any questions affecting only individual members of the Class and/or Collective. Each member of
8  the Class and/or Collective has been damaged and is entitled to recovery as a result of
9  DEFENDANT'S and DOES 1–50's unlawful policies and practices alleged in this Complaint.

10      22.     Class action and/or collective action treatment will allow those similarly situated
11 persons to litigate their claims in the manner that is most efficient and economical for the parties
12 and the judicial system. PLAINTIFFS are unaware of any difficulties likely to be encountered in
13 the management of this action that would preclude its maintenance as a class and/or collective
14 action.

15 **E.     BACKGROUND ALLEGATIONS**

16      23.     Plaintiff   JULIAN   SMOTHERS   is   a   former   non-exempt   employee   of
17 DEFENDANT, and Plaintiff ASA DHADDA is a current non-exempt employee of
18 DEFENDANT.

19      24.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT is
20 and was, at all relevant times herein, is a business engaged in the retail sale of clothing and
21 apparel. DEFENDANT employed PLAINTIFFS and other employees in conjunction with this
22 business.

23      25.     PLAINTIFFS are informed and believe, and thereon allege, that at all times
24 mentioned herein, DEFENDANT had and has statutory obligations to pay PLAINTIFFS and all
25 other similarly situated Class Members at a rate of no less than minimum wage for all hours
26 worked, and a rate of one-and-a-half times the regular rate of pay for all hours worked in excess
27 of eight (8) in a workday, forty (40) in a workweek, and/or for the first eight (8) hours on the
28 seventh day of work in any one workweek. PLAINTIFFS further allege that DEFENDANT had

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

13

1 and has statutory obligations to pay PLAINTIFFS and all other similarly situated Class Members
2 at the rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in a
3 workday and for any work in excess of eight (8) hours on the seventh day of a workweek.

4     26.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
5 mentioned herein, DEFENDANT had and has statutory obligations to provide PLAINTIFFS and
6 all other similarly situated Class Members with a net thirty-minute, duty-free meal period during
7 any workday during which such employees worked more than five hours and/or pay such
8 employees additional wages at the regular rate of pay.

9     27.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
10 mentioned herein, DEFENDANT had and has statutory obligations to provide PLAINTIFFS and
11 all other similarly situated Class Members with a second net thirty-minute, duty-free meal period
12 during any workday during which such employees worked more than ten hours and/or pay such
13 employees additional wages at the regular rate of pay.

14     28.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
15 mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages owed
16 to PLAINTIFFS and all other similarly situated Class Members at the time that any Class
17 Member's employment with DEFENDANT ended, whether voluntarily or involuntarily.

18     29.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
19 mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages due
20 and payable after a demand has been made.

21     30.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
22 mentioned herein, DEFENDANT had and has statutory obligations to issue PLAINTIFFS and
23 the Class Members adequate notice of pay with certain specified information.

24     31.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
25 mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages due
26 and payable twice during each calendar month.

27 / / /

28 / / /

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

14

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    32.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
2  mentioned herein, DEFENDANT had and has statutory obligations to issue mandated, accurate,
3  itemized wage statements to PLAINTIFFS and all other similarly situated Class Members.

4    33.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
5  mentioned herein, DEFENDANT had and has statutory obligations to maintain written
6  commission agreements for PLAINTIFFS and the Class Members.

7    34.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
8  mentioned herein, DEFENDANT had and has statutory obligations to accurate time and payroll
9  records for PLAINTIFFS and the Class Members.

10    35.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
11  mentioned herein, DEFENDANT had and has statutory obligations to reimburse employees for
12  necessary expenditures and losses incurred in the direct discharge of their duties.

13    36.    PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS
14  and other similarly situated Class Members did not secret or absent themselves from
15  DEFENDANT nor did they refuse to accept the earned but unpaid wages from DEFENDANT.

16    37.    PLAINTIFFS are informed and believe, and thereon allege, that at all times
17  mentioned herein, DEFENDANT failed to satisfy the aforementioned statutory obligations.

18    38.    As a result of DEFENDANT's actions, PLAINTIFFS and other similarly situated
19  Class Members suffered damages, including lost pay, wages, and interest.

20                        **FIRST CAUSE OF ACTION**

21                **VIOLATION OF LABOR CODE §§ 1194, 1194.2 & 1197**

22                              (MINIMUM WAGE)

23  **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**
24                          **and DOES 1 through 50)**

25    39.    The allegations of each of the foregoing paragraphs are re-alleged and
26  incorporated herein by the reference.

27    40.    DEFENDANT failed to pay PLAINTIFFS and the Class Members minimum
28  wages for all hours worked, including time DEFENDANT required these individuals to work off

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

                                   15

1  the clock, including but not limited to travel time between employment locations, waiting time at
2  employment locations, time spent in daily meetings, time spent repairing defective alarm
3  systems, time spent documenting inventory, and time spent participating in trainings.

4     41.    California Labor Code section 1197 provides that "[t]he minimum wage for
5  employees fixed by the commission is the minimum wage to be paid to employees, and payment
6  of less than the minimum so fixed is unlawful."

7     42.    The applicable minimum wage fixed by the commission for employees, such as
8  PLAINTIFFS and Class Members is found in section 4(A) of IWC Wage Order No. 7.

9     43.    The minimum wage provisions of the California Labor Code are enforceable by
10 private action pursuant to California Labor Code section 1194(a), which states:

11          Notwithstanding any agreement to work for a lesser wage, any
12          employee receiving less than the legal minimum wage or the legal
            overtime compensation applicable to the employee is entitled to
13          recover in a civil action the unpaid balance of the full amount of
14          this minimum wage or overtime compensation, including interest
            thereon, reasonable attorney's fees, and costs of suit.
15

16     44.    As described in California Labor Code sections 1185 and 1194.2, any such action
17 incorporates the applicable Wage Order of the Industrial Welfare Commission.

18     45.    California Labor Code section 1194.2 also provides for the following remedies:

19          In any action under . . . Section 1194 to recover wages because of
20          the payment of a wage less than the minimum wage fixed by an
            order of the commission, an employee shall be entitled to recover
21          liquidated damages in an amount equal to the wages unlawfully
22          unpaid and interest thereon.

23     46.    As such, PLAINTIFFS, individually and on behalf of Class Members, may bring
24 this action for minimum wages and overtime, interest, costs of suit, and attorneys' fees pursuant
25 to California Labor Code section 1194(a).

26     47.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the Class
27 Members have been deprived of wages in amounts to be proven at trial and are entitled to
28 recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and

Sullon Harguo
Law Corporation, P.C.
6715 N. Palm Ave #42
Suite 216
Fresno, CA 93704

16

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  interest thereon, pursuant to California Labor Code section 1194.2 and reasonable attorneys'

2  fees, costs of suit, and penalties pursuant to section 1197.1.

3  ## SECOND CAUSE OF ACTION

4  ## VIOLATION OF LABOR CODE § 510

5  ### (OVERTIME PAY)

6  **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

7  **and DOES 1 through 50)**

8       48.     The allegations of each of the foregoing paragraphs are re-alleged and

9  incorporated herein by this reference.

10      49.     California Labor Code section 510, subsection (a), provides as follows:

11           Eight hours of labor constitutes a day's work. Any work in excess
             of eight hours in one workday and any work in excess of 40 hours
12           in any one workweek and the first eight hours worked on the
             seventh day of work in any one workweek shall be compensated at
13           the rate of no less than one and one-half times the regular rate of
             pay for an employee. Any work in excess of 12 hours in one day
14           shall be compensated at the rate of no less than twice the regular
             rate of pay for an employee. In addition, any work in excess of
15           eight hours on any seventh day of a workweek shall be
             compensated at the rate of no less than twice the regular rate of pay
16           of an employee. Nothing in this section requires an employer to
             combine more than one rate of overtime compensation in order to
17           calculate the amount to be paid to an employee for any hour of
             overtime work.
18

19      50.     PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS

20  and other Class Members systematically worked for periods of more than eight hours in a

21  workday, forty hours in a workweek, and/or worked on the seventh day of a workweek without

22  being compensated at the rate of one-and-a-half times their regular rate of pay, or alternatively

23  for periods of more than twelve hours in a workday and/or more than eight hours on the seventh

24  day of a workweek without being compensated at the rate of twice their regular rate of pay, due

25  to DEFENDANT's failure to, among other things, nondiscretionary bonuses in its calculation of

26  the regular rate of pay.

27      51.     Accordingly, DEFENDANT violated California Labor Code section 510 by

28  failing to pay PLAINTIFFS and the Class Members at the appropriate rate of pay on the basis of

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

17

1  the number of hours worked each workweek, and/or on the basis of work performed on the
2  seventh day of a workweek. By its failure to properly compensate PLAINTIFFS and the Class
3  Members at the correct rate of pay, DEFENDANT is liable for the difference between wages
4  paid to PLAINTIFFS and the Class Members and the wages actually owed had DEFENDANT
5  compensated such employees at the correct rate of pay.

6      52.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class
7  Members have been deprived of additional wages in amounts to be proven at trial and are
8  entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of
9  suit in addition to any other relief requested below.

10                              **THIRD CAUSE OF ACTION**

11              **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

12                                  **(MEAL PERIODS)**

13  **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

14                              **and DOES 1 through 50)**

15      53.    The allegations of each of the foregoing paragraphs are re-alleged and
16  incorporated herein by this reference.

17      54.    California Labor Code section 512, subsection (a), provides as follows:

18              An employer may not employ an employee for a work
                period of more than five hours per day without providing
19              the employee with a meal period of not less than 30
                minutes, except that if the total work period per day of the
20              employee is no more than six hours, the meal period may
                be waived by mutual consent of both the employer and
21              employee. An employer may not employ an employee for a
                work period of more than 10 hours per day without
22              providing the employee with a second meal period of not
                less than 30 minutes, except that if the total hours worked is
23              no more than 12 hours, the second meal period may be
                waived by mutual consent of the employer and the
24              employee only if the first meal period was not waived.

25      55.    Similarly, section 10 of Industrial Welfare Commission Wage Order 4 provides as

26  follows:

27          A.   No employer shall employ any person for a work period of
                 more than five (5) hours without a meal period of not less
28               than 30 minutes, except that when a work period of not

18

more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

B.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.   California Labor Code section 226.7 provides, in pertinent part, as follows:

a.   No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

57.   PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and Class Members systematically worked periods of more than five hours in a workday without being provided a mandatory thirty-minute, duty-free meal period and worked periods of more than ten hours in a workday without being provided a mandatory second thirty-minute, duty-free meal period while in the employ of DEFENDANT. Specifically, PLAINTIFFS are informed and believe, and thereon allege, that, at all times mentioned herein, DEFENDANT maintained company policies that did not provide its employees the opportunity to take a meal period during the workday, including workdays during which employees worked more than five hours or ten hours. PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANT did not pay PLAINTIFFS or any of the other affected Class Members an additional one (1)-hour's wage at the regular rate of pay for each meal period that was not provided as stated above.

58.   Accordingly, DEFENDANT violated California Labor Code sections 226.7 and 512 by failing to provide meal periods mandated by California Labor Code sections 226.7 and Section 10 of IWC Wage Order 4 and/or any other applicable Wage Order to their employees who worked more than five hours in a workday. By their failure to provide a meal period for

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
FRESNO, CA 93704

19

PLAINTIFFS' COMPLAINT FOR DAMAGES

1 | days on which non-exempt employees work(ed) in excess of five hours, and failing to pay one
2 | hour of additional wages at the regular rate of pay in lieu of each meal period not provided,
3 | DEFENDANT violated California Labor Code sections 226.7 and 512 and Section 10 of IWC
4 | Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of
5 | additional wages at each of the affected Class Members' regular rate of compensation for each
6 | workday for which a meal period was not lawfully provided, or for the difference between the
7 | additional wages paid to the Class Members and the correct amount owed based on the Class
8 | Members' regular rates of pay.

9 |      59.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class
10 | Members have been deprived of additional wages in amounts to be proven at trial and are
11 | entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of
12 | suit in addition to any other relief requested below.

13 | ## FOURTH CAUSE OF ACTION

14 | ## VIOLATION OF LABOR CODE §§ 226.7 AND INDUSTRIAL WELFARE

15 | ## COMMISSION WAGE ORDER NO. 4

16 | ## (REST PERIODS)

17 | ## (PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT

18 | ## and DOES 1 through 50)

19 |     60.    The allegations of each of the foregoing paragraphs are re-alleged and
20 | incorporated herein by this reference.

21 |     61.    Section 12 of Industrial Welfare Commission Wage Order 4 provides, in pertinent

22 | part, as follows:

23 |     A.    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in
24 | the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the
25 | rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof....Authorized rest period time shall
26 | be counted as hours worked for which there shall be no deduction from wages.

27 |

28 |     B.    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the

Sutton Hague
Law Corporation, P.C.
6715 N. PALM AVENUE
Suite 216
FRESNO, CA 93704

20

PLAINTIFFS' COMPLAINT FOR DAMAGES

employer shall pay the employee one (1) hour of pay at the
employee's regular rate of compensation for each workday
that the rest period is not provided.

62.  California Labor Code section 226.7 provides, in pertinent part, as follows:

a.  No employer shall require any employee to work during
any meal or rest period mandated by an applicable order of
the Industrial Welfare Commission.

b.  If an employer fails to provide an employee a meal period
or rest period in accordance with an applicable order of the
Industrial Welfare Commission, the employer shall pay the
employee one additional hour of pay at the employee's
regular rate of compensation for each work day that the
meal or rest period is not provided.

63.  PLAINTIFFS are informed and believe, and thereon alleges, that she and Class Members systematically worked periods of more than 3 ½ hours in a workday without being provided a mandated paid ten-minute, duty-free compensated rest period while in the employ of DEFENDANT for every four hours worked or major fraction thereof. PLAINTIFFS are informed and believe, and thereon alleges, that, at all times mentioned herein, DEFENDANT maintained company policies that did not permit its employees to take a compensated rest period during any given workday including workdays during which their employees worked more than 3 ½ hours.  PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT never paid PLAINTIFFS or any of the other affected Class Members an additional one (1)-hour's wage for each rest period that was not provided as stated above.

64.  Accordingly, DEFENDANT violated California Labor Code section 226 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order to their employees who worked more than 3 ½ hours in a workday.  By their failure to permit a compensated rest period for days on which non-exempt employees work(ed) in excess of 3 ½ hours and failing to pay one hour of additional wages in lieu of each rest period not provided, DEFENDANT violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a rest period was not lawfully provided.

Sutton Hague
Law Corporation, P.C.
5715 N. Palm Avenue
Suite 216
Fresno, CA 93704

21

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    65.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class

2  Members have been deprived of additional wages in amounts to be proven at trial and are

3  entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of

4  suit, in addition to any other relief requested below.

5                                   **FIFTH CAUSE OF ACTION**

6    **FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES IN VIOLATION OF**

7                                      **LABOR CODE § 2802**

8    **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

9                                   **and DOES 1 through 50)**

10    66.    The allegations of each of the foregoing paragraphs are re-alleged and

11  incorporated herein by this reference.

12    67.    California Labor Code section 2802 provides, in pertinent part:

13
                a.    An employer shall indemnify his or her employee for all
14                    necessary expenditures or losses incurred by the employee
                      in direct consequence of the discharge of his or her duties,
15                    or of his or her obedience to the directions of the
                      employer...
16
                b.    All awards made by a court or by the Division of Labor
17                    Standards Enforcement for reimbursement of necessary
                      expenditures under this section shall carry interest at the
18                    same rate as judgments in civil actions.   Interest shall
                      accrue from the date on which the employee incurred the
19                    necessary expenditure or loss.
20
                c.    For purposes of this section, the term "necessary
21                    expenditures or losses" shall include all reasonable costs
                      including, but not limited to, attorney's fees incurred by the
22                    employee enforcing the rights granted by this section.

23    68.    Specifically, DEFENDANT refused to reimburse PLAINTIFFS and the Class

24  Members for necessarily incurred motor vehicle, mileage, tool, and housing expenses incurred

25  during the course and scope of their employment.

26    69.    PLAINTIFFS are informed and believe, and on that basis allege, that

27  DEFENDANT failed to reimburse PLAINTIFFS and the Class Members for necessarily incurred

28

Sutton Hague
Law Corporation, P.C.
6755 N. Palm Avenue
Suite 216
Fresno, CA 93704

                                              22

                         PLAINTIFFS' COMPLAINT FOR DAMAGES

1  motor vehicle, mileage, tool, and housing expenses incurred during the course and scope o their
2  employment with DEFENDANT.

3      70.     PLAINTIFFS and the Class Members are, therefore, entitled to the unreimbursed
4  business expenses, along with interest on those expenses and attorneys' fees, as required by
5  California Labor Code section 2802 in addition to the relief requested below.

6                          **SIXTH CAUSE OF ACTION**

7          **FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES**

8  **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

9                          **and DOES 1 through 50)**

10     71.     The allegations of each of the foregoing paragraphs are re-alleged and
11 incorporated herein by this reference.

12     72.     DEFENDANT is required to maintain accurate records of, among other things,
13 wages earned at each hourly rate and the accurate number of total hours worked by
14 PLAINTIFFS and Class Members.

15     73.     DEFENDANT was required to furnish such records to PLAINTIFFS and Class
16 Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck
17 as required by the California Labor Code, IWC Order 4, and the California Code of Regulations,
18 including, but not limited to, California Labor Code section 226.

19     74.     PLAINTIFFS are informed and believe, and on that basis allege, that
20 DEFENDANT failed to accurately maintain and furnish records of the wages earned by
21 PLAINTIFFS and Class Members.

22     75.     As a direct and proximate result of DEFENDANT's failure to issue accurate,
23 itemized wages statements to PLAINTIFFS and Class Members, PLAINTIFFS and Class
24 Members suffered damage.

25     76.     PLAINTIFFS and Class Members are, therefore, entitled to penalties pursuant to
26 Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by
27 Labor Code section 226, in addition to the relief requested below.

28 / / /

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

23

## SEVENTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF

## LABOR CODE §§ 201, 202, & 203

## (PLAINTIFF JULIAN SMOTHERS, Individually and on Behalf of the Class Members,

## Against DEFENDANT and DOES 1 through 50)

77.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

78.     California Labor Code section 201 provides, in pertinent part:

> "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ."

79.     California Labor Code section 202 provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

80.     California Labor Code section 203 provides, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

Sullen Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

24

81.     PLAINTIFF JULIAN SMOTHERS' employment with DEFENDANT terminated on or about September 2014. Despite said termination of employment, he did not receive compensation for wages owed pursuant to California Labor Code sections 201, 202, and 203.

82.     PLAINTIFF JULIAN SMOTHERS is informed and believes, and thereon allege, that this failure by DEFENDANT to pay was willful and intentional.

83.     PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that Class Members were terminated or have voluntarily left DEFENDANT's employ, and PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that they have not received compensation for all their wages owed in accordance with the provisions of California Labor Code sections 201, 202, and 203, including, but not limited to, minimum, regular, overtime, and/or double time wages, premium pay for meal periods not provided, and/or reimbursable expenses. PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that this failure by DEFENDANT to pay was willful and intentional.

84.     In addition, PLAINTIFFS are informed and believe, and on that basis allege, that since Plaintiff JULIAN SMOTHERS and Class Members' terminations from employment with DEFENDANT, DEFENDANT has continually failed to pay the compensation that is due and owing, thereby entitling them to waiting time penalties for the unpaid wages owed pursuant to California Labor Code sections 201, 202, and 203.

85.     PLAINTIFFS are informed and believe, and thereon allege, that Plaintiff JULIAN SMOTHERS and Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned and unpaid wages from DEFENDANT. Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

86.     In addition, Plaintiff JULIAN SMOTHERS and the Class Members have incurred, and will continue to incur, legal expenses, including attorneys' fees and costs. PLAINTIFFS are presently unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. Plaintiff

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite. 216
Fresno, CA  93704

25

1 JULIAN SMOTHERS and Class Members are entitled to recover attorneys' fees, expenses, and
2 costs according to proof.

3 **EIGHTH CAUSE OF ACTION**

4 **VIOLATION OF UNFAIR COMPETITION LAW**

5 **(BUSINESS & PROFESSIONS CODE §17200, ET SEQ.)**

6 **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

7 **and DOES 1 through 50)**

8    87.    The allegations of each of the foregoing paragraphs are re-alleged and
9 incorporated herein by this reference.

10    88.    DEFENDANT has engaged and continues to engage in unfair business practices
11 in California by practicing, employing, and utilizing the employment policy of failing to pay
12 PLAINTIFFS and Class Members employment compensation as required by the California law
13 cited herein above and by violating applicable provisions of the California Labor Code,
14 including, but not limited to, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512,
15 1194, 1194.2, 1197, 2441, 2802, 2810.5, and certain provisions of the Industrial Welfare
16 Commission Wage Order 4 and/or any other applicable Wage Order, as alleged herein.
17 DEFENDANT's utilization of such illegal and unfair business practices constitutes unfair
18 competition and provides DEFENDANT with an unfair advantage over DEFENDANT'S
19 competitors.

20    89.    PLAINTIFFS seek on their own behalf, on behalf of those similarly situated, and
21 on behalf of the general public full restitution and disgorgement of all employment compensation
22 wrongfully withheld, as necessary and according to proof, to restore any and all monies
23 withheld, acquired, and/or converted by DEFENDANT by means of the unfair and unlawful
24 practices complained of herein. The restitution and disgorgement requested includes all wages
25 earned and unpaid, including interest thereon. The acts complained of herein occurred, at least in
26 part, within the last four (4) years preceding the filing of the Complaint in this action and
27 continue to the present.

28 / / /

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

26

90.     PLAINTIFFS are informed and believe, and on that basis allege, that at all times herein mentioned DEFENDANT has engaged in unlawful and unfair business practices as proscribed by California Business and Professions Code 17200 *et seq.* by depriving PLAINTIFFS and Class Members of the minimum working conditions and standards due to them under the California Labor Code and IWC Wage Orders as identified herein.

91.     California Business and Professions Code 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFFS and Class Members to a restitution remedy authorized by California Business and Professions Code section 17203. PLAINTIFFS and Class Members and the general public are, therefore, entitled to the relief requested below.

92.     In addition, PLAINTIFFS have incurred, on behalf of themselves, and on behalf of the Class Members, and will continue to incur, legal expenses and attorneys' fees. PLAINTIFFS, on behalf of themselves, and on behalf of the Class Members, are presently unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 512 and California Code of Civil Procedure section 1021.5, PLAINTIFFS and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207

## (PLAINTIFFS, Individually and on Behalf of All FLSA Class Members, Against

## DEFENDANT and DOES 1 through 50)

93.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

94.     At all relevant times, DEFENDANT was subject to the provisions of the United States Code mentioned herein.

95.     At all relevant times, PLAINTIFFS allege, on information and belief, that they and the other FLSA Class Members are and/or were engaged in commerce or in the production

27

1 of goods for commerce, or in an enterprise engaged in commerce for purposes of 29 U.S.C.
2 section 207(a)(1), such that they were entitled to overtime pay for a workweek longer than forty
3 hours at a rate not less than one and one-half times the regular rate at which they are/were
4 employed.

5          96.     29 U.S.C. section 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees who in any workweek is engaged in
> commerce or in the production of goods for commerce, or is
> employed in an enterprise engaged in commerce or in the
> production of goods for commerce, for a workweek longer than
> forty hours unless such employee receives compensation for his
> employment in excess of the hours above specified at a rate not
> less than one and one-half times the regular rate at which he is
> employed.

12         97.     DEFENDANT failed to properly calculate the regular rate of pay of PLAINTIFFS
13 and other FLSA Class Members by failing to include all items of remuneration in the calculation
14 of their regular rate of pay, including but not limited to non-discretionary bonuses, and therefore
15 failed to pay PLAINTIFF and other FLSA Class Members with all overtime wages to which they
16 were entitled under 29 U.S.C. section 207(a)(1).

17         98.     DEFENDANT intentionally, willfully, and improperly failed to pay overtime
18 wage to PLAINTIFFS and FLSA Class Members in violation of the FLSA.

19         99.     DEFENDANT'S conduct was willful because DEFENDANT knew that
20 PLAINTIFF and FLSA Class Members were entitled to be paid at least one and one-half times
21 their regular rate of pay for all hours worked over forty hours per workweek at all times relevant
22 to the FLSA CLASS, yet DEFENDANT chose not to pay them in accordance thereto.

23         100.    As a direct and proximate result of DEFENDANT'S wrongful conduct,
24 PLAINTIFFS and all FLSA Class Members have been damages in amounts to be proven at trial.

25         101.    On behalf of themselves and all similarly situated FLSA Class Members who opt
26 into this action, PLAINTIFFS request recovery of all unpaid overtime wages, liquidated
27 damages, interest, and attorneys fees and costs of suit pursuant to 29 U.S.C. section 216(b) in an
28 amount to be proven at trial.

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 95704

28

PLAINTIFFS' COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray as follows:

1.     For the Court to determine that the aforementioned Causes of Action may be maintained as a Class Action;

2.     For the Court to determine that the attorneys appearing in the above caption may be named as Class Counsel;

3.     For restitutionary and compensatory damages in an amount according to proof and with interest thereon, including, but not limited to unpaid minimum, regular, overtime, and/or double time wages;

4.     For DEFENDANT be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq.*;

5.     For DEFENDANT be ordered and enjoined to make restitution to PLAINTIFFS and the Class Members due to their unfair competition, including disgorgement of their wrongfully obtained revenues, earnings, profits, compensation, and benefits pursuant to California Business and Professions Code sections 17203 and 17204;

6.     For DEFENDANT be enjoined from continuing the unlawful course of conduct alleged herein;

7.     For DEFENDANT further be enjoined to cease and desist from unfair competition in violation of the California Business and Professions Code section 17200 *et seq.*;

8.     For DEFENDANT be enjoined from further acts of restraint of trade or unfair competition;

9.     For payment of penalties for non-payment of wages to PLAINTIFFS and the Class Members in accordance with California Labor Code sections 201, 202, and 203 and/or California Business and Professions Code section 17202;

10.    For interest, attorneys' fees, and costs of suit under California Labor Code sections 218.6, 226, 1194, 2699 and California Code of Civil Procedure section 1021.5;

///

///

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    11.    That DEFENDANT be ordered to show cause why it should not be enjoined and

2 ordered to comply with the applicable California Labor Code sections and IWC Wage Orders

3 related to payment of wages;

4    12.    For such other and further relief as the Court deems just and proper.

5                                    **DEMAND FOR JURY TRIAL**

6

7 Dated: February 3, 2017                        SUTTON HAGUE LAW CORPORATION
                                                A California Professional Corporation
8

9

10
                                        By:_____
11                                          JARED HAGUE
                                            S. BRETT SUTTON
12                                          ANTHONY E. GUZMAN II
                                            Attorneys for Plaintiffs
13                                          JULIAN SMOTHERS and ASA DHADDA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704
28

30

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| S. Brett Sutton   143107<br>Jared Hague   251517<br>Sutton Hague Law Corporation, P.C.<br>6715 N. Palm Ave., Suite 216<br>Fresno, CA 93704<br>TELEPHONE NO.: (559)325-0500   FAX NO.: (559)981-1217<br>ATTORNEY FOR (Name): JULLIAN SMOTHERS and ASA DHADDA | **FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**02/03/2017**<br>cculler<br>By _____ , Deputy<br>**Case Number:**<br>**34-2017-00207477** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D Schaber Sacramento County Cour

CASE NAME: JULIAN SMOTHERS, et al. v. NORTHSTAR ALARM SERVICES, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [X] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): 9 (Nine)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)
Date: February 3, 2017
S. Brett Sutton   143107
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

BY FAX

RECEIVED
CIVIL DROP BOX

2017 FEB -3  PH 2: 08

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY