**S. BRETT SUTTON, 143107**
brett@suttonhague.com
**JARED HAGUE, 251517**
jared@suttonhague.com
**ANTHONY E. GUZMAN II, 311580**
anthony@suttonhague.com
**SUTTON HAGUE LAW CORPORATION, P.C.**
5200 N. Palm Avenue, Suite 203
Fresno, California  93704
Telephone:  (559) 325-0500

Attorneys for Plaintiffs: Julian Smothers, Asa Dhadda, and Aggrieved Employees

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

\* \* \*

| | |
|---|---|
| JULIAN SMOTHERS an individual, residing in Fresno County, California; and ASA DHADDA, an individual, residing in Fresno County, California,<br><br>          Plaintiffs,<br><br>     vs.<br><br>NORTHSTAR ALARM SERVICES, LLC, A Utah Corporation; and Does 1 through 50, inclusive,<br><br>          Defendants. | Case No. 2:17-CV-00548<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**CLASS ACTION UNDER CAL. CODE OF CIV. PROC. § 382**<br><br>**(1) Failure To Pay Minimum Wages In Violation Of Labor Code §§  1194, 1194.2 & 1197;**<br>**(2) Failure To Pay Overtime Wages In Violation Of Labor Code § 510;**<br>**(3) Failure To Provide All Mandated Meal Periods Or Additional Wages In Lieu Thereof;**<br>**(4) Failure To Provide All Mandated Rest Periods Or Additional Wages In Lieu Thereof;**<br>**(5) Failure To Reimburse Business-Related Expenses In Violation Of Labor Code § 2802;**<br>**(6) Failure To Issue Accurate Wage Statements In Violation Of Labor Code § 226;**<br>**(7) Failure To Timely Pay Wages Due At Termination In Violation Of Labor Code §§ 201, 202, & 203;** |

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

1

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

**(8) Unfair Competition (Bus. & Prof. Code § 17200);**

**<u>COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)</u>**

**(9) Failure To Pay Overtime Wages In Violation Of 29 U.S.C. § 207;**

**<u>CLAIMS UNDER LABOR CODE § 2698 ET SEQ.</u>**

**(10) Civil Penalties For Failure To Pay Minimum Wage For Each Hour Worked;**

**(11) Civil Penalties For Failure To Pay Overtime Wages;**

**(12) Civil Penalties For Failure To Provide Meal Periods;**

**(13) Civil Penalties For Failure To Provide Rest Periods;**

**(14) Civil Penalties For Failure To Issue Itemized Wage Statements;**

**(15) Civil Penalties For Failure To Maintain Adequate And Accurate Time And Payroll Records;**

**(16) Civil Penalties For Failure To Provide Notice Of Pay;**

**(17) Civil Penalties For Failure To Pay Wages Due And Payable Twice Each Calendar Month;**

**(18) Civil Penalties For Failure To Pay Wages Due Upon Demand;**

**(19) Civil Penalties For Failure To Pay Wages Due Upon Termination**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiffs JULIAN SMOTHERS and ASA DHADDA (hereinafter collectively "PLAINTIFFS") allege against Defendant NORTHSTAR ALARM SERVICES, LLC, a Utah Corporation, ("DEFENDANT") and Does 1 through 50, inclusive as follows:

**<u>GENERAL ALLEGATIONS</u>**

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

2

A.     **THE PARTIES**

1.     JULIAN SMOTHERS is an individual who, at all times relevant herein, was residing in Fresno County, Sacramento County, or Los Angeles County California, and is a former employee of DEFENDANT.

2.     ASA DHADA is an individual who, at all times relevant herein, was residing in either Fresno County or Los Angeles County California, and is a former employee of DEFENDANT.

3.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT is now, and at all times relevant to this Complaint, was a Utah corporation, with employees in Sacramento Country, throughout California, and throughout the United States.

4.     PLAINTIFFS are unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, and therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendants sued herein, including DOES 1 through 50, inclusive, is and was proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFFS as alleged herein. When the true names and/or capacities of the Defendants are ascertained, PLAINTIFFS will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

5.     PLAINTIFFS are informed and believe and thereon allege that DEFENDANT and each of the DOE Defendants were acting at all relevant times herein, as the agents, ostensible agents, joint-venturers, joint-employers, servants, employees, co-conspirators and/or associates of each of the other Defendants, and were at all times acting within the course and scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other Defendants.

6.     PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, DEFENDANT and DOE Defendants were and/or are the joint

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

3

employers of PLAINTIFFS and/or the class upon whose behalf PLAINTIFFS bring these class action claims, in that Defendants exercised sufficient control over PLAINTIFFS' wages, hours and working conditions, and/or suffered or permitted PLAINTIFFS to work, so as to be considered the joint employers of PLAINTIFFS.

7.      PLAINTIFFS are informed and believe, and thereon allege, that the above Defendants and/or each of their managing agents and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

8.      PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, the various acts and representations of Defendants, including each of the DOE Defendants, and each agent or representative of Defendants, were the result of, and in furtherance of, an agreement whereby the Defendants and each agent or representative of the Defendants knowingly conspired to engage in the acts described herein, including, but not limited to, Defendants' violation of the California Labor Code and/or any applicable Industrial Welfare Commission Wage Order(s).

9.      PLAINTIFFS, on behalf of themselves and all similarly situated current and former employees of DEFENDANT who give their written consent to become party-plaintiffs, which consents will be filed with the court, seek to have the following cause of action proceed as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). These individuals shall hereinafter be referred to collectively as the "FLSA Class." PLAINTIFFS seeks to represent the FLSA Class according to the following class and/or subclass definition:

**<u>FLSA Class</u>**

> All current and former non-exempt employees of DEFENDANT in the United
> States who DEFENDANT required to work in excess of 40 hours in a work week,
> or whom DEFENDANT permitted or suffered to work in excess of 40 hours in a
> workweek, without overtime compensation as required by 29 U.S.C. section 207
> at any time within three (3) years preceding the filing of this action.

10.     PLAINTIFFS, on behalf of themselves and all other similarly situated current and former employees of DEFENDANT, seek to have the following causes of action certified to

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

4

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

proceed as a class action pursuant to California Code of Civil Procedure section 382. These individuals shall hereinafter be referred to collectively as the "California Class." PLAINTIFFS seek to represent the California Class according to the following class and/or subclass definitions:

**California Class 1**

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California at any time within four (4) years preceding the filing of this action.

Subclass A ("Minimum Wage Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who were required to work for DEFENDANT, or whom DEFENDANT permitted or suffered to work, during their meal periods, or at times otherwise off-the-clock, without compensation at any time within four (4) years preceding the filing of this action.

Subclass B ("Overtime Wage Sub-Class")

All current and former non-exempt employees of DEFENDANT who were required to work overtime hours for DEFENDANT in California, or whom DEFENDANT permitted or suffered to work overtime hours, without overtime compensation as required by Labor Code section 510 and Wage Order 4 and/or any other applicable wage order at any time within four (4) years preceding the filing of this action.

Subclass C ("First Meal Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than five (5) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass D ("Second Meal Period Sub-Class")

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

5

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than ten (10) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass E ("Rest Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked three and one-half (3 1/2) or more hours in a work day at any time within three (4) years preceding the filing of this action.

Subclass F ("Waiting Time Penalty Sub-Class")

All former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California within four (4) years preceding the filing of this action.

**California Class 2**

All current and former employees of DEFENDANT who performed work for DEFENDANT in California.

Subclass A ("Wage Statement Sub-Class")

All current and former employees of DEFENDANT who performed work for DEFENDANT in California and who was entitled to received a wage statement subject to the requirements of Labor Code section 226(a) at any time within one (1) year preceding the filing of this action.

Subclass B ("Reimbursement Sub-Class")

All current and former employees of DEFENDANT who performed work for DEFENDANT in California and who incurred necessary expenditures and/or losses directly caused by the discharge of their duties at any time within four (4) years preceding the filing of this action.

Unless otherwise specified, individuals making up the "FLSA Class" and "California Class" shall hereinafter be referred to collectively as the "Class Members."

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

11.     PLAINTIFFS reserve the right under California Rules of Court Rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**B.     THE ACTION**

12.     This action is brought, in part, to remedy the following:

   (a)     DEFENDANT's failure to pay PLAINTIFFS and the California Class Members at least minimum wage for, among other things, required travel time between employment locations, waiting time at employment locations, time spent in daily meetings, time spent repairing defective alarm systems, time spent documenting inventory, and time spent participating in trainings;

   (b)     DEFENDANT's failure to pay PLAINTIFFS and the California Class Members overtime and/or double time wages, as required by California Labor Code section 510 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order due to, among other things, DEFENDANT's omission of nondiscretionary bonuses from its calculation of its employees' regular rate of pay;

   (c)     DEFENDANT's failure to pay PLAINTIFFS and the FLSA Class Members overtime wages due and owing, as required by the Fair Labor Standards Act, 29 U.S.C. § 206;

   (d)     DEFENDANT's failure to provide PLAINTIFFS and the California Class Members with a reasonable opportunity to take a first net thirty-minute, duty-free meal period for each workday during which such employees worked more than five (5) hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

7

Order 4 and/or any other applicable Wage Order;

(e)     DEFENDANT's failure to provide PLAINTIFFS and the California Class Members with a reasonable opportunity to take a second net thirty-minute, duty-free meal period for each workday during which such employees worked more than ten (10) hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(f)     DEFENDANT's failure to provide PLAINTIFF and the California Class Members with a reasonable opportunity to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free rest period was and/or is not provided, as required by Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(g)     DEFENDANT's failure to timely pay PLAINTIFFS and the California Class Members all wages due and payable twice during each calendar month, as required by California Labor Code section 204;

(h)     DEFENDANT's failure to pay PLAINTIFFS and the California Class Members all wages due and owing upon the termination of employment with DEFENDANT, as required by California Labor Code section 201, 202, and 203;

(i)     DEFENDANT's failure to pay PLAINTIFFS and the California Class Members all wages due and payable on demand, as required by California Labor Code section 216 and 225.5;

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

8

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

(j)     DEFENDANT's failure to issue PLAINTIFFS and the California Class Members proper notice of pay, as required by California Labor Code section 2810.5.

(k)     DEFENDANT's failure to maintain a written commission agreement for PLAINTIFFS and the California Class Members, as required by California Labor Code section 2751(a);

(l)     DEFENDANT's failure to issue accurate, itemized wage statements to PLAINTIFFS and the California Class Members in accordance with California law;

(m)     DEFENDANT's failure to maintain adequate time and payroll records for PLAINTIFFS and the California Class Members, as required by Labor Code section 1174;

(n)     DEFENDANT's failure to reimburse PLAINTIFFS and the California Class Members for all necessary expenditures and losses directly caused by the discharge of their duties; and,

(o)     DEFENDANT's engagement in unfair business practices against PLAINTIFFS and the California Class Members.

## C.     VENUE

13.     Venue is proper in Sacramento County because, among other reasons, certain of the violations of the California Labor Code and/or Industrial Welfare Commission Wage Order(s) were committed in Sacramento County and DEFENDANT conducts business and has facilities in Sacramento County. The unlawful acts alleged have a direct effect on PLAINTIFFS and other Class Members. PLAINTIFFS and the Class Members will continue to suffer the same harm as PLAINTIFFS as a result of DEFENDANT's wrongful conduct unless the relief requested herein is granted.

14.     PLAINTIFFS are informed and believe, and thereon allege, that during the three-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against DEFENDANT on behalf of the same or similar

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

9

Class Members.

**D.     CLASS ACTION ALLEGATIONS**

15.     The following causes of action have been brought and properly may be maintained as a class action under the provisions of 29 U.S.C. 216(b) and/or California Code of Civil Procedures section 382 because: a) there is a well-defined community of interest in the litigation; and b) the proposed class is easily ascertainable.

*Numerosity*

16.     The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. PLAINTIFFS are informed and believe and thereon allege that   at all times mentioned herein PLAINTIFFS and the Class Members are or have been affected by DEFENDANT's and DOES 1–50's unlawful practices as alleged herein.

17.     Accounting for employee turnover during the relevant period covered by this action necessarily and substantially increases the number of employees covered by this action. PLAINTIFFS are informed and believe and thereon allege that DEFENDANT's and DOES 1– 50's employment records would provide information as to the actual number and location of all Class Members.  Joinder of all members of the proposed class is not practicable.

*Commonality*

18.     There are questions of law and fact common to the class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.     Whether DEFENDANT violated California Labor Code sections 1194, 1194.2 and 1197 and/or Industrial Welfare Commission ("IWC") Wage Order 4 and/or any other applicable Wage Order by failing to pay PLAINTIFFS and the California Class Members minimum wages for travel time between employment locations, waiting time at employment locations, time spent in daily meetings, time spent repairing defective alarm systems, time spent documenting inventory, and time spent participating in trainings;

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

10

b.    Whether DEFENDANT violated California Labor Code section 510 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to pay PLAINTIFFS and the California Class Members the overtime and double time wages to which they are entitled for hours worked in excess of eight (8) hours in one workday, forty (40) hours in one workweek, and/or for hours worked on the seventh workday of a workweek;

c.    Whether DEFENDANT violated the Fair Labor Standards Act, 29 U.S.C. § 207 by failing to pay PLAINTIFFS and the FLSA Class Members the overtime wages to which they are entitled for hours worked in excess of forty (40) hours in one workweek;

d.    Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with a first thirty-minute, duty-free meal period for each workday during which such employees worked more than five (5) hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

e.    Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with a second thirty-minute, duty-free meal period for each workday during which such employees worked more than ten (10) hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

f.    Whether DEFENDANT violated California Labor Code section 226.7 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

11

Members with one (1) ten-minute, duty-free rest period for each workday during which such employees worked more than four (4) hours, and for every four (4) hours or major fraction thereof.

g.      Whether DEFENDANT violated California Labor Code sections 20l, 202 and 203 by failing to pay all wages due and owing at the time that any California Class Member's employment with DEFENDANT and/or DOES 1–50 ended, whether voluntarily or involuntarily;

h.      Whether DEFENDANT violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFFS and the California Class Members;

i.      Whether DEFENDANT violated California Labor Code section 1174 by failing to maintain accurate time and payroll records for PLAINTIFFS and the California Class Members;

j.      Whether DEFENDANT violated California Labor Code section 2802(a) by failing to reimburse PLAINTIFFS and the California Class Members for expenditures and losses necessarily incurred in the direct discharge of their duties;

k.      Whether DEFENDANT violated California Business and Professions Code section 17200 *et seq.* and engaged in unlawful, unfair, and deceptive business practices by violating California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2441, 2802, 2810.5 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order and/or failing to: (1) pay minimum, regular, overtime, and/or double time wages to the Class Members; (2) permit the Class Members to take a net thirty-minute, duty-free meal period when they worked more than five (5) hours in a workday and/or pay such employees additional wages as required by California law; (3) pay all owed wages at the time that any Class Member's employment with DEFENDANT ended, whether

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

12

1  voluntarily or involuntarily; (4) issue mandated, accurate, itemized wage

2  statements;

3      l.      Whether PLAINTIFFS and the California Class Members are entitled to

4          equitable relief pursuant to California Business and Professions Code

5          section 17200 *et seq*; and

6      m.      Whether PLAINTIFFS and the California Class Members are entitled to

7          penalties pursuant to California Labor Code section 2698 *et seq*.

8  ***Typicality***

9      19.     PLAINTIFFS' claims are typical of the class claims.  PLAINTIFFS and all Class

10  Members sustained injuries and damages arising out of, and caused by, DEFENDANT's and

11  DOES 1–50's common course of conduct in violation of California and United States laws,

12  regulations, and statutes as alleged herein.

13  ***Adequacy of Representation***

14      20.     PLAINTIFFS will fairly and adequately represent and protect the interests of the

15  Class Members. Counsel who represents PLAINTIFFS is competent and experienced in

16  litigating wage and hour class actions and California Business and Professions Code section

17  17200 *et seq.* cases.

18  ***Superiority of Class Action***

19      21.     A class action is superior to other available means for the fair and efficient

20  adjudication of this controversy. Individual joinder of all Class Members is not practicable and

21  questions of law and fact common to the class predominate over any questions affecting only

22  individual members of the Class. Each member of the Class has been damaged and is entitled to

23  recovery as a result of DEFENDANT'S and DOES 1–50's unlawful policies and practices

24  alleged in this Complaint.

25      22.     Class action treatment will allow those similarly situated persons to litigate their

26  claims in the manner that is most efficient and economical for the parties and the judicial system.

27  PLAINTIFFS are unaware of any difficulties likely to be encountered in the management of this

28  action that would preclude its maintenance as a class action.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

13

**E.      BACKGROUND ALLEGATIONS**

23.      Plaintiff JULIAN SMOTHERS is a former non-exempt employee of DEFENDANT, and Plaintiff ASA DHADDA is a current non-exempt employee of DEFENDANT.

24.      PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT is and was, at all relevant times herein, is a business engaged in the retail sale of clothing and apparel. DEFENDANT employed PLAINTIFFS and other employees in conjunction with this business.

25.      PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to pay PLAINTIFFS and all other similarly situated Class Members at a rate of no less than minimum wage for all hours worked, and a rate of one-and-a-half times the regular rate of pay for all hours worked in excess of eight (8) in a workday, forty (40) in a workweek, and/or for the first eight (8) hours on the seventh day of work in any one workweek. PLAINTIFFS further allege that DEFENDANT had and has statutory obligations to pay PLAINTIFFS and all other similarly situated Class Members at the rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in a workday and for any work in excess of eight (8) hours on the seventh day of a workweek.

26.      PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to provide PLAINTIFFS and all other similarly situated Class Members with a net thirty-minute, duty-free meal period during any workday during which such employees worked more than five hours and/or pay such employees additional wages at the regular rate of pay.

27.      PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to provide PLAINTIFFS and all other similarly situated Class Members with a second net thirty-minute, duty-free meal period during any workday during which such employees worked more than ten hours and/or pay such employees additional wages at the regular rate of pay.

/ / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

14

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

28. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages owed to PLAINTIFFS and all other similarly situated Class Members at the time that any Class Member's employment with DEFENDANT ended, whether voluntarily or involuntarily.

29. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages due and payable after a demand has been made.

30. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to issue PLAINTIFFS and the Class Members adequate notice of pay with certain specified information.

31. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages due and payable twice during each calendar month.

32. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to issue mandated, accurate, itemized wage statements to PLAINTIFFS and all other similarly situated Class Members.

33. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to maintain written commission agreements for PLAINTIFFS and the Class Members.

34. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to accurate time and payroll records for PLAINTIFFS and the Class Members.

35. PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to reimburse employees for necessary expenditures and losses incurred in the direct discharge of their duties.

36. PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and other similarly situated Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned but unpaid wages from DEFENDANT.

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

15

37.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT failed to satisfy the aforementioned statutory obligations.

38.     As a result of DEFENDANT's actions, PLAINTIFFS and other similarly situated Class Members suffered damages, including lost pay, wages, and interest.

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 1194, 1194.2 & 1197

### (MINIMUM WAGE)

### (PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

39.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by the reference.

40.     DEFENDANT failed to pay PLAINTIFFS and the Class Members minimum wages for all hours worked, including time DEFENDANT required these individuals to work off the clock, including but not limited to travel time between employment locations, waiting time at employment locations, time spent in daily meetings, time spent repairing defective alarm systems, time spent documenting inventory, and time spent participating in trainings.

41.     California Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and payment of less than the minimum so fixed is unlawful."

42.     The applicable minimum wage fixed by the commission for employees, such as PLAINTIFFS and Class Members is found in section 4(A) of IWC Wage Order No. 7.

43.     The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code section 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

16

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

44.     As described in California Labor Code sections 1185 and 1194.2, any such action incorporates the applicable Wage Order of the Industrial Welfare Commission.

45.     California Labor Code section 1194.2 also provides for the following remedies:

> In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

46.     As such, PLAINTIFFS, individually and on behalf of Class Members, may bring this action for minimum wages and overtime, interest, costs of suit, and attorneys' fees pursuant to California Labor Code section 1194(a).

47.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the Class Members have been deprived of wages in amounts to be proven at trial and are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon, pursuant to California Labor Code section 1194.2 and reasonable attorneys' fess, costs of suit, and penalties pursuant to section 1197.1.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 510

## (OVERTIME PAY)

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)**

48.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

49.     California Labor Code section 510, subsection (a), provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

17

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

50.   PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and other Class Members systematically worked for periods of more than eight hours in a workday, forty hours in a workweek, and/or worked on the seventh day of a workweek without being compensated at the rate of one-and-a-half times their regular rate of pay, or alternatively for periods of more than twelve hours in a workday and/or more than eight hours on the seventh day of a workweek without being compensated at the rate of twice their regular rate of pay, due to DEFENDANT's failure to, among other things, nondiscretionary bonuses in its calculation of the regular rate of pay.

51.   Accordingly, DEFENDANT violated California Labor Code section 510 by failing to pay PLAINTIFFS and the Class Members at the appropriate rate of pay on the basis of the number of hours worked each workweek, and/or on the basis of work performed on the seventh day of a workweek. By its failure to properly compensate PLAINTIFFS and the Class Members at the correct rate of pay, DEFENDANT is liable for the difference between wages paid to PLAINTIFFS and the Class Members and the wages actually owed had DEFENDANT compensated such employees at the correct rate of pay.

52.   As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief requested below.

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 226.7 AND 512**

**(MEAL PERIODS)**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)**

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

18

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

53.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

54.    California Labor Code section 512, subsection (a), provides as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

55.    Similarly, section 10 of Industrial Welfare Commission Wage Order 4 provides as follows:

> A.    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

> B.    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.    California Labor Code section 226.7 provides, in pertinent part, as follows:

> a.    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> b.    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

19

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

57.     PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and Class Members systematically worked periods of more than five hours in a workday without being provided a mandatory thirty-minute, duty-free meal period and worked periods of more than ten hours in a workday without being provided a mandatory second thirty-minute, duty-free meal period while in the employ of DEFENDANT. Specifically, PLAINTIFFS are informed and believe, and thereon allege, that, at all times mentioned herein, DEFENDANT maintained company policies that did not provide its employees the opportunity to take a meal period during the workday, including workdays during which employees worked more than five hours or ten hours. PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANT did not pay PLAINTIFFS or any of the other affected Class Members an additional one (1)-hour's wage at the regular rate of pay for each meal period that was not provided as stated above.

58.     Accordingly, DEFENDANT violated California Labor Code sections 226.7 and 512 by failing to provide meal periods mandated by California Labor Code sections 226.7 and Section 10 of IWC Wage Order 4 and/or any other applicable Wage Order to their employees who worked more than five hours in a workday. By their failure to provide a meal period for days on which non-exempt employees work(ed) in excess of five hours, and failing to pay one hour of additional wages at the regular rate of pay in lieu of each meal period not provided, DEFENDANT violated California Labor Code sections 226.7 and 512 and Section 10 of IWC Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a meal period was not lawfully provided, or for the difference between the additional wages paid to the Class Members and the correct amount owed based on the Class Members' regular rates of pay.

59.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief requested below.

## FOURTH CAUSE OF ACTION

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

20

**VIOLATION OF LABOR CODE §§ 226.7 AND INDUSTRIAL WELFARE**

**COMMISSION WAGE ORDER NO. 4**

**(REST PERIODS)**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

**and DOES 1 through 50)**

60.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

61.     Section 12 of Industrial Welfare Commission Wage Order 4 provides, in pertinent part, as follows:

> A.     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
>
> B.     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

62.     California Labor Code section 226.7 provides, in pertinent part, as follows:

> a.     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> b.     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

63.     PLAINTIFFS are informed and believe, and thereon alleges, that she and Class Members systematically worked periods of more than 3 ½ hours in a workday without being provided a mandated paid ten-minute, duty-free compensated rest period while in the employ of

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

21

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

DEFENDANT for every four hours worked or major fraction thereof. PLAINTIFFS are informed and believe, and thereon alleges, that, at all times mentioned herein, DEFENDANT maintained company policies that did not permit its employees to take a compensated rest period during any given workday including workdays during which their employees worked more than 3 ½ hours.   PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT never paid PLAINTIFFS or any of the other affected Class Members an additional one (1)-hour's wage for each rest period that was not provided as stated above.

64.     Accordingly, DEFENDANT violated California Labor Code section 226 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order to their employees who worked more than 3 ½ hours in a workday.  By their failure to permit a compensated rest period for days on which non-exempt employees work(ed) in excess of 3 ½ hours and failing to pay one hour of additional wages in lieu of each rest period not provided, DEFENDANT violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a rest period was not lawfully provided.

65.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, in addition to any other relief requested below.

## FIFTH CAUSE OF ACTION

**FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES IN VIOLATION OF LABOR CODE § 2802**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)**

66.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

67.     California Labor Code section 2802 provides, in pertinent part:

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

22

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

a. An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer...

b. All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.   Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

c. For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

68.   Specifically, DEFENDANT refused to reimburse PLAINTIFFS and the Class Members for necessarily incurred motor vehicle, mileage, tool, and housing expenses incurred during the course and scope of their employment.

69.   PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT failed to reimburse PLAINTIFFS and the Class Members for necessarily incurred motor vehicle, mileage, tool, and housing expenses incurred during the course and scope o their employment with DEFENDANT.

70.   PLAINTIFFS and the Class Members are, therefore, entitled to the unreimbursed business expenses, along with interest on those expenses and attorneys' fees, as required by California Labor Code section 2802 in addition to the relief requested below.

## SIXTH CAUSE OF ACTION

### FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)**

71.   The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

/ / /

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

72.     DEFENDANT is required to maintain accurate records of, among other things, wages earned at each hourly rate and the accurate number of total hours worked by PLAINTIFFS and Class Members.

73.     DEFENDANT was required to furnish such records to PLAINTIFFS and Class Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck as required by the California Labor Code, IWC Order 4, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

74.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT failed to accurately maintain and furnish records of the wages earned by PLAINTIFFS and Class Members.

75.     As a direct and proximate result of DEFENDANT's failure to issue accurate, itemized wages statements to PLAINTIFFS and Class Members, PLAINTIFFS and Class Members suffered damage.

76.     PLAINTIFFS and Class Members are, therefore, entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by Labor Code section 226, in addition to the relief requested below.

<u>**SEVENTH CAUSE OF ACTION**</u>

**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF**

**LABOR CODE §§ 201, 202, & 203**

**(PLAINTIFF JULIAN SMOTHERS, Individually and on Behalf of the Class Members,**

**Against DEFENDANT and DOES 1 through 50)**

77.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

78.     California Labor Code section 201 provides, in pertinent part:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ."

79.     California Labor Code section 202 provides, in pertinent part:

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

80.     California Labor Code section 203 provides, in pertinent part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

81.     PLAINTIFF JULIAN SMOTHERS' employment with DEFENDANT terminated on or about September 2014. Despite said termination of employment, he did not receive compensation for wages owed pursuant to California Labor Code sections 201, 202, and 203.

82.     PLAINTIFF JULIAN SMOTHERS is informed and believes, and thereon allege, that this failure by DEFENDANT to pay was willful and intentional.

83.     PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that Class Members were terminated or have voluntarily left DEFENDANT's employ, and PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that they have not received compensation for all their wages owed in accordance with the provisions of California Labor Code sections 201, 202, and 203, including, but not limited to, minimum, regular, overtime, and/or double time wages, premium pay for meal periods not provided, and/or reimbursable expenses. PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

1    basis allege, that this failure by DEFENDANT to pay was willful and intentional.

2        84.    In addition, PLAINTIFFS are informed and believe, and on that basis allege, that

3    since Plaintiff JULIAN SMOTHERS and Class Members' terminations from employment with

4    DEFENDANT, DEFENDANT has continually failed to pay the compensation that is due and

5    owing, thereby entitling them to waiting time penalties for the unpaid wages owed pursuant to

6    California Labor Code sections 201, 202, and 203.

7        85.    PLAINTIFFS are informed and believe, and thereon allege, that Plaintiff JULIAN

8    SMOTHERS and Class Members did not secret or absent themselves from DEFENDANT nor

9    did they refuse to accept the earned and unpaid wages from DEFENDANT. Accordingly,

10   DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to California

11   Labor Code sections 201, 202, and 203.

12       86.    In addition, Plaintiff JULIAN SMOTHERS and the Class Members have

13   incurred, and will continue to incur, legal expenses, including attorneys' fees and costs.

14   PLAINTIFFS are presently unaware of the precise amount of these fees and expenses and pray

15   for leave of this Court to amend the Complaint when the amounts are fully known. Plaintiff

16   JULIAN SMOTHERS and Class Members are entitled to recover attorneys' fees, expenses, and

17   costs according to proof.

18                              **EIGHTH CAUSE OF ACTION**

19                         **VIOLATION OF UNFAIR COMPETITION LAW**

20                    **(BUSINESS & PROFESSIONS CODE §17200, ET SEQ.)**

21       **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

22                                 **and DOES 1 through 50)**

23       87.    The allegations of each of the foregoing paragraphs are re-alleged and

24   incorporated herein by this reference.

25       88.    DEFENDANT has engaged and continues to engage in unfair business practices

26   in California by practicing, employing, and utilizing the employment policy of failing to pay

27   PLAINTIFFS and Class Members employment compensation as required by the California law

28   cited herein above and by violating applicable provisions of the California Labor Code,

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

26

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

including, but not limited to, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2441, 2802, 2810.5, and certain provisions of the Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order, as alleged herein. DEFENDANT's utilization of such illegal and unfair business practices constitutes unfair competition and provides DEFENDANT with an unfair advantage over DEFENDANT'S competitors.

89.    PLAINTIFFS seek on their own behalf, on behalf of those similarly situated, and on behalf of the general public full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by DEFENDANT by means of the unfair and unlawful practices complained of herein. The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

90.    PLAINTIFFS are informed and believe, and on that basis allege, that at all times herein mentioned DEFENDANT has engaged in unlawful and unfair business practices as proscribed by California Business and Professions Code 17200 *et seq.* by depriving PLAINTIFFS and Class Members of the minimum working conditions and standards due to them under the California Labor Code and IWC Wage Orders as identified herein.

91.     California Business and Professions Code 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFFS and Class Members to a restitution remedy authorized by California Business and Professions Code section 17203.  PLAINTIFFS and Class Members and the general public are, therefore, entitled to the relief requested below.

92.     In addition, PLAINTIFFS have incurred, on behalf of themselves, and on behalf of the Class Members, and will continue to incur, legal expenses and attorneys' fees. PLAINTIFFS, on behalf of themselves, and on behalf of the Class Members, are presently

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

27

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 512 and California Code of Civil Procedure section 1021.5, PLAINTIFFS and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

### NINTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207

### (PLAINTIFFS, Individually and on Behalf of All FLSA Class Members, Against

### DEFENDANT and DOES 1 through 50)

93.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

94.     At all relevant times, DEFENDANT was subject to the provisions of the United States Code mentioned herein.

95.     At all relevant times, PLAINTIFFS allege, on information and belief, that they and the other FLSA Class Members are and/or were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce for purposes of 29 U.S.C. section 207(a)(1), such that they were entitled to overtime pay for a workweek longer than forty hours at a rate not less than one and one-half times the regular rate at which they are/were employed.

96.     29 U.S.C. section 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he is employed.

97.     DEFENDANT failed to properly calculate the regular rate of pay of PLAINTIFFS and other FLSA Class Members by failing to include all items of remuneration in the calculation of their regular rate of pay, including but not limited to non-discretionary bonuses, and therefore

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

failed to pay PLAINTIFF and other FLSA Class Members with all overtime wages to which they were entitled under 29 U.S.C. section 207(a)(1).

98.     DEFENDANT intentionally, willfully, and improperly failed to pay overtime wage to PLAINTIFFS and FLSA Class Members in violation of the FLSA.

99.     DEFENDANT'S conduct was willful because DEFENDANT knew that PLAINTIFF and FLSA Class Members were entitled to be paid at least one and one-half times their regular rate of pay for all hours worked over forty hours per workweek at all times relevant to the FLSA CLASS, yet DEFENDANT chose not to pay them in accordance thereto.

100.    As a direct and proximate result of DEFENDANT'S wrongful conduct, PLAINTIFFS and all FLSA Class Members have been damages in amounts to be proven at trial.

101.    On behalf of themselves and all similarly situated FLSA Class Members who opt into this action, PLAINTIFFS request recovery of all unpaid overtime wages, liquidated damages, interest, and attorneys fees and costs of suit pursuant to 29 U.S.C. section 216(b) in an amount to be proven at trial.

## **TENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PAY MINIMUM WAGE FOR EACH HOUR WORKED**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

102.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

103.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes mentioned herein.

104.    California Labor Code section 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

29

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

105.    California Labor Code section 2699.3(a) states:

A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation. 2(A) The agency shall notify the employer and the aggrieved employee or the representative by certified mails that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

106.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3 in that PLAINTIFFS gave written notice of their claims California Labor Code section 2699 *et seq*. to DEFENDANT and to the California Labor and Workforce Development Agency on or about March 21, 2016, and the California Labor and Workforce Development Agency failed to respond to PLAINTIFF's notice within thirty-three days.

107.    PLAINTIFFS are entitled to recover these penalties for themselves and other current or former aggrieved employees through a civil action filed on their own behalf.  These penalties are in addition to all other remedies permitted by law.

108.    DEFENDANT set the policies for, established, controlled, consented to, approved and/or ratified the non-payment of the wages due to PLAINTIFFS and other current and former aggrieved employees in violation of the California Labor Code and the applicable Wage Order.

109.    DEFENDANT failed to comply with California Labor Code sections, 1194, 1194.2 and 1197 by failing to pay PLAINTIFFS the California minimum wage due PLAINTIFFS for each hour worked. PLAINTIFFS are therefore entitled to the penalties set forth

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

30

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

in the Cal. Labor Code, including but not limited to the penalties set forth California Labor Code sections 210, 225.5, 558, and 1197.1, on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections, 1194, 1194.2 and 1197, or to those penalties set forth in California Labor Code sections 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

110.     In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

## ELEVENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR FAILURE TO PAY OVERTIME

## (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

111.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

112.     At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

113.     PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

114.     DEFENDANT failed to comply with California Labor Code section 510 by failing to pay PLAINTIFFS and the other Class Members at the correct hourly rate for those hours worked in excess of eight (8) in a workday, in excess of forty (40) in a workweek, and/or for hours worked on the seventh day of a workweek as required under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code sections 210, 225.5, and 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code section 510, or to those penalties set forth in California Labor Code section 2699(f) if it is

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

1  determined that there is no established civil penalty for violation of the foregoing provisions of

2  the California Labor Code.

3      115.   In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs

4  pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who

5  prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

6      116.   Pursuant to California Labor Code section 218.6, in any action brought for the

7  nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of

8  interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per

9  annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS

10  and current and former aggrieved employees of DEFENDANT are therefore entitled to said

11  interest.

12                          **TWELFTH CAUSE OF ACTION**

13          **CIVIL PENALTIES FOR FAILURE TO PROVIDE MEAL PERIODS**

14  **(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees,**

15                  **Against DEFENDANT and DOES 1 through 50)**

16      117.   The allegations of each of the foregoing paragraphs are re-alleged and

17  incorporated herein by this reference.

18      118.   At all relevant times, DEFENDANT was subject to the provisions of the

19  California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

20      119.   PLAINTIFFS have exhausted their administrative remedies pursuant to California

21  Labor Code section 2699.3.

22      120.   DEFENDANT failed to comply with California Labor Code sections 226.7 and

23  512 and Section 11 of the Industrial Welfare Commission Wage Order No. 4 by failing to

24  provide PLAINTIFFS and other aggrieved employees with all meal periods to which

25  PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS

26  are therefore entitled to the penalties set forth in the California Labor Code, including but not

27  limited to the penalties set forth in California Labor Code sections 210, 225.5, and 558 on behalf

28  of themselves and other current and former aggrieved employees of DEFENDANT, for each and

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

32

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

every pay period that DEFENDANT violated California Labor Code sections 226.7 and 512, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

121.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

122.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]"  PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## THIRTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO PROVIDE REST PERIODS

### (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

123.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

124.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

125.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

126.    DEFENDANT failed to comply with California Labor Code sections 226.7 and Section 12 of the Industrial Welfare Commission Wage Order No. 4 by failing to provide PLAINTIFFS and other aggrieved employees with all rest periods to which PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

33

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

penalties set forth in California Labor Code sections 210, 225.5, and 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections 226.7, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

127.   In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

128.   Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]"  PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

**FOURTEENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

**(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees,**

**Against DEFENDANT and DOES 1 through 50)**

129.   The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

130.   At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

131.   PLAINTIFFS have exhausted their administrative remedies pursuant California Labor Code section 2699.3.

132.   DEFENDANT failed to comply with California Labor Code section 226 by failing to provide PLAINTIFFS and other aggrieved employees with itemized wage statements to which PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code,

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

including but not limited to the penalties set forth in California Labor Code sections 226.3 and 1174.5 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections 226 and 1174, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

133.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

134.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

### FIFTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO MAINTAIN ADEQUATE AND ACCURATE PAYROLL RECORDS

### (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

135.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

136.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

137.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

138.    DEFENDANT failed to comply with California Labor Code sections 221, 224, 226 and 1174 by failing to provide PLAINTIFFS and other aggrieved employees with itemized

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

35

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

wage statements to which PLAINTIFFS and other aggrieved employees were entitled under California law. DEFENDANT's failure to provide accurate wage statements also resulted in their failure to maintain complete and accurate payroll records in accordance with California Labor Code section 1174. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code section 1174.5 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code section 1174, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

139.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

140.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

### SIXTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO ISSUE NOTICE OF PAY

### (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

141.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

142.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

/ / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

143.   PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

144.   PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT failed to comply with California Labor Code section 2810.5 by failing to provide to PLAINTIFFS and other aggrieved employees a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(a)   The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable;

(b)   Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances;

(c)   The regular payday designated by the employer in accordance with the requirements of this code;

(d)   The name of the employer, including any "doing business as" names used by the employer;

(e)   The physical address of the employer's main office or principal place of business, and a mailing address, if different;

(f)   The telephone number of the employer;

(g)   The name, address, and telephone number of the employer's workers' compensation insurance carrier;

(h)   That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

145.   PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code for each and every pay period that DEFENDANT violated California Labor Code section 2810.5, or to those penalties set forth in California Labor Code section 2699(f) if it is

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

1    determined that there is no established civil penalty for violation of the foregoing provisions of

2    the California Labor Code.

3          146.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs

4    pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who

5    prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

6          147.    Pursuant to California Labor Code section 218.6, in any action brought for the

7    nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of

8    interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per

9    annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS

10   and current and former aggrieved employees of DEFENDANT are therefore entitled to said

11   interest.

12                              **SEVENTEENTH CAUSE OF ACTION**

13       **CIVIL PENALTIES FOR FAILURE TO PAY WAGES DUE AND PAYABLE TWICE**

14                                  **EACH CALENDAR MONTH**

15    **(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees,**

16                        **Against DEFENDANT and DOES 1 through 50)**

17         148.    The allegations of each of the foregoing paragraphs are re-alleged and

18   incorporated herein by this reference.

19         149.    At all relevant times, DEFENDANT was subject to the provisions of the

20   California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

21         150.    PLAINTIFFS have exhausted their administrative remedies pursuant to California

22   Labor Code section 2699.3.

23         151.    DEFENDANT failed to comply with California Labor Code section 204 by

24   failing to timely pay twice during each calendar month all wages owed to PLAINTIFFS and

25   other aggrieved employees were entitled. PLAINTIFFS are therefore entitled to the penalties set

26   forth in the California Labor Code, including but not limited to the penalties set forth in

27   California Labor Code section 210 on behalf of themselves and other current and former

28   aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

38

_____
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

violated California Labor Code section 204, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

152.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

153.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## EIGHTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO PAY WAGES DUE UPON DEMAND

### (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

154.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

155.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

156.    PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

157.    DEFENDANT failed to comply with California Labor Code section 216 by, having the ability to pay, willfully refusing to pay wages due and payable upon demand, and/or denying the amount or validity thereof, or that the same is due, with intent to secure for itself, or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFFS and other aggrieved employees to whom such indebtedness is due. PLAINTIFFS are therefore entitled to the penalties set forth in the

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

39

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

California Labor Code, including but not limited to the penalties set forth in California Labor Code section 225.5, on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code section 216, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

158.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

159.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## NINTEENTH CAUSE OF ACTION

**CIVIL PENALTIES FOR FAILURE TO PAY WAGES DUE UPON TERMINATION**

**(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

160.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

161.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

162.    PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

163.    DEFENDANT failed to comply with California Labor Code section sections 201, 202 and 203 by failing to provide Plaintiff JULIAN SMOTHERS and other former aggrieved employees with wages due upon termination of their employment. Plaintiff JULIAN

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

40

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

SMOTHERS is therefore entitled to the penalties set forth in California Labor Code section 256 on behalf of herself and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections 201 through 203, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

164.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

165.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray as follows:

166.    For the Court to determine that the aforementioned Causes of Action may be maintained as a Class Action;

167.    For the Court to determine that the attorneys appearing in the above caption may be named as Class Counsel;

168.    For restitutionary and compensatory damages in an amount according to proof and with interest thereon, including, but not limited to unpaid minimum, regular, overtime, and/or double time wages;

169.    For DEFENDANT be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq.*;

170.    For DEFENDANT be ordered and enjoined to make restitution to PLAINTIFFS and the Class Members due to their unfair competition, including disgorgement of their

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

41

1  wrongfully obtained revenues, earnings, profits, compensation, and benefits pursuant to

2  California Business and Professions Code sections 17203 and 17204;

3        171.    For DEFENDANT be enjoined from continuing the unlawful course of conduct

4  alleged herein;

5        172.    For DEFENDANT further be enjoined to cease and desist from unfair

6  competition in violation of the California Business and Professions Code section 17200 *et seq.*;

7        173.    For DEFENDANT be enjoined from further acts of restraint of trade or unfair

8  competition;

9        174.    For payment of penalties for non-payment of wages to PLAINTIFFS and the

10 Class Members in accordance with California Labor Code sections 201, 202, and 203 and/or

11 California Business and Professions Code section 17202;

12       175.    For penalties pursuant to Labor Code section 2699 to PLAINTIFFS on behalf of

13 themselves and all other current and former aggrieved employees of DEFENDANT;

14       176.    For interest, attorneys' fees, and costs of suit under California Labor Code

15 sections 218.6, 226, 1194, 2699 and California Code of Civil Procedure section 1021.5;

16       177.    That DEFENDANT be ordered to show cause why it should not be enjoined and

17 ordered to comply with the applicable California Labor Code sections and IWC Wage Orders

18 related to payment of wages;

19       178.    For such other and further relief as the Court deems just and proper.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

42

### DEMAND FOR JURY TRIAL

PLAINTIFFS, on behalf of themselves and all similarly situated Class Members, hereby demand trial by jury of Causes of Action One through Nineteen to the extent authorized by law.

Dated:  April 5, 2017

SUTTON HAGUE LAW CORPORATION
A California Professional Corporation

By:_____
        JARED HAGUE
        S. BRETT SUTTON
        ANTHONY E. GUZMAN II
        Attorneys for Plaintiffs
        JULIAN SMOTHERS and ASA DHADDA

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

43

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES