UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN SMOTHERS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NORTHSTAR ALARM SERVICES, LLC,<br><br>Defendant. | No. 2:17-cv-548-KJM-KJN<br><br><br><br>ORDER |

Plaintiffs Julian Smothers and Asa Dhadda, former non-exempt employees who worked as regular and supervisory alarm installation technicians for defendant Northstar Alarm Services, LLC, bring this action against their former employer both individually and on behalf of similarly situated employees for various alleged wage and hour violations under the California Labor Code, California's Private Attorneys General Act, and the Fair Labor Standards Act.

On June 30, 2017, the assigned district judge issued a pretrial scheduling order for class certification, which required fact discovery in the initial phase to be primarily focused on class certification. (ECF No. 18 at 2.)

Presently pending before the court is plaintiffs' motion to compel discovery responses. (ECF No. 19.) Upon review of the parties' 113-page joint statement regarding the discovery disagreement, it is readily apparent that the parties have not properly exhausted their informal

1

meet-and-confer obligations prior to filing a discovery motion with the court.  As an initial matter, the parties tacitly acknowledge as much in their joint statement, stating that plaintiffs had sent one set of written correspondence to defendant, followed by a single meet-and-confer call during which the parties essentially just reaffirmed their positions.  (ECF No. 19 at 3.)

Moreover, despite such limited meet-and-confer efforts, the parties request the court to resolve their dispute as to:  (a) 57 disputed Rule 30(b)(6) deposition topics; (b) 34 requests for production of documents; and (c) 7 interrogatories.  (ECF No. 19 at 3.)  Frankly, an inability to informally resolve such a large number of discovery issues can only be attributable to (1) a failure to devote the time and energy necessary to properly meet and confer, and/or (2) the unreasonableness of one or more parties.  Indeed, even a cursory review of the joint statement reveals that many of the discovery requests at issue are overbroad and/or have questionable relevance to class certification, while on the other hand, many of the objections are focused on asserted vagueness and ambiguities, which can easily be resolved through proper meet-and-confer efforts.  While the court is fully prepared to rule on discovery matters that are ripe for resolution after thorough discussions and good faith efforts towards informal resolution have been exhausted, the court declines the parties' invitation to referee every minor spat and essentially conduct their meet-and-confer efforts for them.

Consequently, the court denies plaintiffs' motion to compel without prejudice.  After the parties have conducted adequate, good faith meet-and-confer efforts, plaintiffs may refile a discovery motion as to any discovery matters that remain.  The parties are cautioned that any future failure to properly meet and confer prior to filing a discovery motion may result in the imposition of sanctions.  Furthermore, the parties are encouraged to carefully evaluate the reasonableness of their positions with respect to each and every discovery request they bring before the court, because if the court finds that either or both parties were unreasonable, sanctions will be imposed on the offending party(ies).

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel is DENIED WITHOUT PREJUDICE.
2. The October 26, 2017 hearing is VACATED.

This order resolves ECF No. 19.

Dated: October 24, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE