Claire Dossier (CA State Bar No. 264253)
J. Ryan Mitchell (admitted *pro hac vice*)
Andrew V. Collins (admitted *pro hac vice*)
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: cdossier@mbmlawyers.com
rmitchell@mbmlawyers.com
acollins@mbmlawyers.com

*Attorneys for Defendant NorthStar Alarm Services, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN SMOTHERS an individual, residing in Fresno County, California; and ASA DHADDA, an individual, residing in Fresno County, California,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHSTAR ALARM SERVICES, LLC, a Utah limited liability company; and Does 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:17-cv-00548-KJM-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this litigation may be warranted. Such information may include—but is not limited to—documents containing personal data identifiers and competitively sensitive and/or proprietary information of Defendant; contact information of parties, non-parties, and potential class members; and other personal information

1

(including personal identifying information and financial information) of parties, non-parties, and potential class members. *See* Local Rule 141.1(c)(1). Plaintiffs have also sought disclosure of confidential, proprietary, and private business records of Defendant, including items such as payroll records and other materials relating to employee compensation. *See id.* The needs to provide protection for these types of information include the need to protect private individuals' personal information from public disclosure, the need to protect Defendants' internal, commercially sensitive information from public disclosure that could be used by competitors to seek unfair advantage over NorthStar, and the need for Parties and Non-Parties alike to control the access to, and use of, their confidential information. *See* Local Rule 141.1(c)(2).

The Parties submit that the protections afforded herein should be addressed by a Court Order as opposed to a private agreement between or among the parties. *See* Local Rule 141.1(c)(3). The nature of the claims involved in this action may require discovery into competitively sensitive information, as well as personal identifying and financial information of numerous individuals (including many non-parties). A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. Good cause exists for entry of a protective order to prevent unauthorized disclosure and use of trade secrets and confidential commercial information of Parties and Non-Parties during and after the course of the litigation. A protective order will also facilitate timely production of material from both Parties and Non-Parties. Given these concerns, the Parties respectfully request the entry of this Protective Order by the Court. Accordingly, the parties hereby stipulate to and jointly petition the court to enter the following Stipulated Protective Order.

2. <u>DEFINITIONS</u>

  2.1 <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

  2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

//

2
STIPULATED PROTECTIVE ORDER

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material, whether produced by the Designating Party or otherwise, as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in this matter by any Party or any Non-Party, whether in disclosures, in responses to discovery, or otherwise.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items: extremely sensitive CONFIDENTIAL Information or Items whose disclosure to another Party or a Non-Party would create a substantial risk of injury that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

All Disclosure and Discovery Material produced in this action, regardless of whether it is designated as Protected Material, shall be used only for purposes of this action and shall not be used for any other action or for any business or commercial purposes. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to each page that contains protected material and/or as part of the file name of electronic documents. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party may:

    (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or

    (ii) within thirty (30) days after the court reporter serves a copy of the transcript of a deposition or hearing, the Designating Party may identify all or part of the transcribed testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by giving written notice to counsel of the specific pages and lines of the transcript that constitute or contain protected testimony or

information. Until thirty (30) days after the court reporter serves a copy of the transcript of a deposition or hearing, all deposition transcripts shall be deemed HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY under the terms of this Order, and there shall be no disclosure of any information contained therein in any discovery motions without complying with the terms of this Order. Those portions of transcripts of depositions thereafter designated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY shall be governed by the terms of this Protective Order.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

5.2 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" after it was initially produced, the Receiving Party, on notification of the designation, shall make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>.  A Party's failure to promptly challenge a Designating Party's confidentiality designation does not, standing alone, waive its right to challenge a confidentiality designation after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party and to all other Outside Counsel of Record of each designation it is challenging that describes the basis for each challenge. The written notice must state that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

faith and must confer directly (in person or telephonically) within 14 days from the date of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties cannot resolve a challenged confidentiality designation after engaging in the meet-and-confer process described in this paragraph, the Challenging Party shall so notify the Designating Party in writing (a "Notice of Unresolved Confidentiality Challenge").

   6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the date of the Notice of Unresolved Confidentiality Challenge. Any motion brought under this provision must include a statement affirming that the movant has complied with the meet-and-confer requirements imposed by this Order. Failure by the Designating Party to make such a motion within the required deadline shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

   7.1 <u>Basic Principles</u>. A Receiving Party may use Disclosure or Discovery Material, whether or not it is designated as Protected Material, only for prosecuting, defending, or attempting to settle this litigation and not for any other purposes, including in any other lawsuit or for any business or commercial purposes. All Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this action has been terminated, a Receiving Party must comply with the FINAL DISPOSITION provisions set forth

in this Order below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have been made aware of the terms of this Order;

  (b) the Receiving Party and any officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have been made aware of the terms of this Order;

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the court and its personnel;

  (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

//

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have been made aware of the terms of this Order;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" that Party must:

1    (a) promptly notify in writing the Designating Party, which written notification shall
include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, which notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PRODUCTION IN THIS LITIGATION

(a) The terms of this Order are applicable to information or material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." Such information or material produced by a Non-Party in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A Party may designate material produced by a Non-Party as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future or to seek additional protection from the court.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

12.4 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives the right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action (as final disposition is defined above), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED.

DATED: December 5, 2017  SUTTON HAGUE LAW CORPORATION, P.C.

/s/ Anthony E. Guzman (signed with permission)
S. Brett Sutton
Jared Hague
Anthony E. Guzman
*Attorneys for Plaintiffs*

DATED: December 5, 2017  MITCHELL BARLOW & MANSFIELD, P.C.

/s/ Andrew V. Collins
Claire Dossier
J. Ryan Mitchell
Andrew V. Collins
*Attorneys for Defendant*

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED, with the clarification that:

1. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.
2. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: December 6, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of _____ *Smothers et al. v. NorthStar Alarm Services, LLC*, Case No. 2:17-cv-00548-KJM-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____