1 | **S. BRETT SUTTON 143107**
**brett@suttonhague.com**
2 | **JARED HAGUE 251517**
**jared@suttonhague.com**
3 | **ANTHONY E. GUZMAN II 311580**
**anthony@suttonhague.com**
4 | **SUTTON HAGUE LAW CORPORATION, P.C.**
5 | 5200 N. Palm Avenue, Suite 2013
Fresno, California 93704
6 | Telephone: (559) 325-0500
Facsimile: (559) 981-1217
7 |
8 | Attorneys for Plaintiffs: Julian Smothers and Asa Dhadda

9 |
10 | UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
11 |
\* \* \*
12 |

13 | JULIAN SMOTHERS, an individual, ASA | Case No. 2:17-CV-00548-KJM-KJN
DHADDA, an individual;
14 | | CLASS ACTION
|
15 | Plaintiffs, | **NOTICE OF MOTION AND MOTION**
| **FOR: 1) PRELIMINARY APPROVAL**
16 | vs. | **OF JOINT STIPULATION FOR CLASS**
| **SETTLEMENT; AND 2)**
17 | NORTHSTAR ALARM SERVICES, LLC, a | **CONDITIONAL CERTIFICATION OF**
Utah corporation; and Does 1–50, inclusive, | **FLSA COLLECTIVE; SUPPORTING**
18 | | **MEMORANDUM OF POINTS AND**
Defendants. | **AUTHORITIES**
19 |
20 | | Date:     March 23, 2018
Time:     10:00 a.m.
21 | | Courtroom:  3
22 | | Judge: Hon. Kimberly J. Mueller
23 |
24 |
25 |
26 |
27 |
28 |

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 23, 2018 at 10:00 a.m. in Courtroom 3 of the above-entitled Court located at 501 I Street, Sacramento, California 95814, Plaintiffs JULIAN SMOTHERS and ASA DHADDA (hereinafter "Plaintiffs") will and hereby do move for an Order granting Conditional Certification and Preliminary Approval of the Joint Stipulation for Class Settlement (hereinafter "the Settlement") by and between the Parties in this matter. Specifically, the Parties request an Order granting:

1.     Plaintiffs' leave to file the [Proposed] Second Amended Complaint attached hereto as Exhibit "1;"

2.     Conditional Certification of the FLSA Group for as being fair, adequate and reasonable and in the best interests of the FLSA Group Members as a whole;

3.     Preliminary approval of the Settlement as being fair, adequate, reasonable and in the best interests of the California Class as a whole

4.     Certification of the Settlement Class for settlement purposes only;

5.     Appointment of Julian Smothers and Asa Dhadda as Class Representatives;

6.     Appointment of Sutton Hague Law Corporation to serve as Class Counsel;

7.     Approval of the proposed Class Notices;

8.     Approval of the Parties' plan for notice to the Settlement Class as contained in the Settlement;

9.     Approval of Phoenix Settlement Administrators as the Settlement Administrator;     and

10.     Scheduling the date for the final fairness hearing to take place subject to the Court's calendar.

This Motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. 216(b), commonly referred to as the Fair Labor Standards Act, which provides for court approval of the settlement of a purported class or collective action, respectively, and allows the court to conditionally certify a class or collective action for settlement purposes. This Motion is also made pursuant to California Labor Code section 2699, which requires court approval for

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

1   settlement of any claims based on the California Private Attorneys General Act of 2004. The

2   basis of this Motion is that the proposed Settlement is fair, adequate and reasonable and the

3   procedures proposed by the Parties are adequate to ensure the opportunity of those in the

4   Settlement Class to participate in, be excluded from, or object to the proposed Settlement. This

5   Motion is further made on the basis that good cause exists to allow Plaintiffs leave to file the

6   proposed Second Amended Complaint, which will conform the pleadings in this action to the

7   terms of the Settlement.

8         This Motion will be based on the following Memorandum of Points and Authorities and

9   Evidence, the documents on file in this matter, the Declarations of Jared Hague and S. Brett

10  Sutton in support of this Motion and upon such other oral or documentary argument or evidence

11  as may be submitted at or before the hearing of this Motion

12        Pursuant to the Court's Standing Order, the undersigned certifies that the Parties have

13  extensively met and conferred with respect to the subject of the instant Motion and the terms of

14  the proposed Settlement.

15

16
    Dated:  February 23, 2018                    SUTTON HAGUE LAW CORPORATION
17                                               A Nevada Professional Corporation

18
                                                 By:____/s/ S. Brett Sutton_____
19                                                      S. BRETT SUTTON
                                                        Attorneys for Plaintiff
20

21

22

23

24

25

26

27

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite  203
Fresno, CA  93704

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL BASIS FOR CLASS SETTLEMENT ...................................................... 3

    A.    FACTUAL OVERVIEW AND SUMMARY OF THE CASE ........................... 3

        1.    Summary of Defendant ............................................................................. 3

        2.    Plaintiffs' Background and Summary of Argument ................................. 3

III.    SUMMARY OF THE SETTLEMENT ................................................................. 4

    A.    THE SETTLEMENT CLASS ......................................................................... 4

    B.    DETAILS OF THE SETTLEMENT FUND .................................................... 5

        1.    Gross Settlement and Net Settlement Amounts ....................................... 5

        2.    Calculation and Distribution of Individual Settlement Payments ........... 5

        3.    Additional Consideration. ....................................................................... 7

    C.    RELEASES .................................................................................................... 7

    D.    OBJECTION, OPT-OUT AND OPT-IN PROCESS ........................................ 8

    E.    ATTORNEYS' FEES AND COSTS, INCENTIVE FEES, AND ADMINISTRATION COSTS ......................................................................................................... 8

IV.     LEGAL STANDARDS AND ANALYSIS ........................................................... 9

    A.    CONDITIONAL CERTIFICATION OF THE FLSA GROUP IS PROPER ...... 9

        1.    The Settlement of the FLSA Group Is Fair and Reasonable .................... 10

        2.    The Notice Procedure for the Conditionally Certified FLSA Group Is Adequate ...... 11

    B.    CERTIFICATION OF THE CALIFORNIA CLASS IS PROPER .................... 12

        1.    The Settlement Class Is Numerous ......................................................... 12

        2.    The Commonality Requirement of Rule 23(a)(2) Is Satisfied. ............... 12

        3.    The Typicality Requirement of Rule 23(a)(3) Is Satisfied. ..................... 13

        4.    The Adequacy Requirement of Rule 23(a)(4) Is Satisfied. ...................... 13

        5.    Certification of the Settlement Class Is Proper Under FRCP 23(b)(3). ... 14

    C.    THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE .............. 15

        1.    The Settlement Falls Well Within the Range of Possible Approval. ........ 15

2.  The Settlement Is Reasonable in Light of the Strengths and Weaknesses of the Claims and Risks Involved in Further Litigation. ........................................... 16

a.  Plaintiffs' Minimum Wage and Overtime Claims Under California Law ............... 17

b.  Plaintiffs' Meal and Rest Period Claims Under California Law ............................. 18

c.  Plaintiffs' Claims for Reimbursement of Business-Related Expenses .................... 18

d.  Plaintiffs' Claims for Statutory Penalties Under California Labor Code §§ 226 and 203 ...................................................................................................................... 19

3.  The Risk and Expense of Continued Litigation ................................................... 19

4.  The Settlement Was Only Reached At Arms-Length With the Assistance of an Independent Mediator. ............................................................................................ 20

5.  Counsel Are Experienced in Similar Litigation. ................................................... 20

6.  Class Response to the Notice of Settlement. ......................................................... 20

7.  No Settlement Class Segment Is Given Preferential Treatment. ......................... 20

8.  The Proposed Incentive Award Is Appropriate .................................................... 20

9.  Attorneys' Fees Are Preliminarily Appropriate Based On the Percentage of the Common Fund. ....................................................................................................... 21

D.  THE COURT IS JUSTIFIED IN APPROVING THE NOTICE, OPT-OUT FORM AND PROPOSED SCHEDULE FOR ADMINISTRATION ......................................................... 22

V.  CONCLUSION ................................................................................................................. 22

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

1

**Cases**

2

*Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314,323 (Cal. App. Ct. 2005)...................................17

3

*AT&T Corp. Secs. Litig.* (3rd Cir. 2006) 455 F.3d 160, 164 ................................................21

4

*Burnell v. Swift Transp. Co. of Arizona, LLC*, No. ED-CV-10809, 2016 WL 2621616 at *2 (C.D.

5

    Cal. 2016) ........................................................................................................................17

6

*Choate v. Celite Corporation*, 215 Cal.App.4th 1460 (2013) .......................................19

7

Churchill Village, LLC v. Gen. Elec., 361 F.3d 566 (9th Cir. 2004) ..............................9

8

*Cicero v. DirectTV, Inc.*, 2010 WL 2991486, * 7 (C.D. Cal. July 27, 2010) ................21

9

*Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 300 (E.D. Cal. 2011) ..........12

10

*Dailey v. Sears, Roebuck & Co.*, 214 Cal.App.4th 974 (2013) ......................................18

11

*Douglas v. Xerox Business Services, LLC* [insert] (9th Cir. November 15, 2017)...........10

12

*Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 989 (C.D. Cal. 2006) ...................9

13

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 (1974)...............................................22

14

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011) ........................12

15

*Evans v. Jeff D.* (1980) 475 U.S. 717, 734-35, 738 ........................................................21

16

*Franco v. Ruiz Food Products, Inc.*, 2012 WL 5941801 at *24 (E.D. Cal. 2012) ..........11

17

*Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *2 (N.D. Cal. 2011)........................9

18

*General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) .............................13

19

*Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36 (Cal. App. Ct. 2013) ..................17

20

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ...........................9, 13

21

*Lazarin v. Pro Unlimited Inc.*, 2013 WL 3541217 (N.D. Cal. 2013) ............................11

22

*Lerwil v. In-flight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) ...............13

23

*Leverage v. Traeger Pellet Grills, LLC*, 2017 WL 2797811 (N.D. Cal. 2017).............11

24

*Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982) ......................10

25

*Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) ..................................14

26

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)..................22

27

*Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 474 (E.D. Cal. 2010)......................15

28

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

iii

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).... 16, 19

*Nur v. Tatitlek Support Servs., Inc.*, 2016 WL 3039573, at *5-6 (C.D. Cal. 2016)...................... 11

*Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625
   (9th Cir.1982) ............................................................................................................... 16

*Pacific Enter. Sec. Litig.* (9th Cir. 1995) 47 F.3d 373, 379 ........................................................ 21

*Staton v. Boeing Co.*, 327 F.3d 938 at 959 (9th Cir. 2003)..................................................... 15, 21

*Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) ................................. 15

*Vanwagoner v. Siemens Industry, Inc.*, 2014 WL 1922731 (E.D. Cal. 2014) ............................ 12

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114 (E.D. Cal. 2009) ............................ 9

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011) ................................................ 12

*Williams v. Costco Wholesale Corp.*, 2010 WL 2721452, * 6 (S.D. Cal. July 7, 2010) .............. 21

**Other Authorities**

Cal. Code Regs. Tit. 8, § 1101 ..................................................................................................... 17

Wage Order No. 4, § 4(B)............................................................................................................. 17

Rules

29 U.S.C. § 207 ............................................................................................................................ 10

29 U.S.C. § 216(b) ............................................................................................................ 2, 6, 8, 9

29 U.S.C. § 219(c) ....................................................................................................................... 10

Cal. Lab. Code § 1194.2 ............................................................................................................... 17

Cal. Lab. Code § 226(e) ............................................................................................................... 19

Cal. Lab. Code § 2802(a) ............................................................................................................. 18

California Labor Code §§ 226 and 203......................................................................................... 19

California Labor Code section 226 ............................................................................................... 19

Fed. R. Civ. P. 23(b)(3)...................................................................................................... 12, 14, 15

FRCP 23 ........................................................................................................... 2, 6, 12, 13

Rule 23(a) ............................................................................................................................ 12, 14

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

iv

Rule 23(a)(2) ........................................................................................................ 12

Rule 23(a)(3) ........................................................................................................ 13

Rule 23(a)(4) ........................................................................................................ 13

Rule 23(b) ...................................................................................................... 12, 14

Rule 23(e) .............................................................................................................. 9

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

## I.    INTRODUCTION

Plaintiffs Julian Smothers and Asa Dhadda (collectively "Plaintiffs"), by this Motion for Preliminary Approval of Joint Stipulation for Class Settlement and Conditional Certification of FLSA Collective ("Motion"), submit their Joint Stipulation for Class Settlement ("the Settlement") between themselves and Defendant Northstar Alarm Services, LLC ("Defendant") (collectively "the Parties") to this Court. The Settlement establishes a Gross Settlement Amount of $1.8 Million. The Gross Settlement Amount will resolve the claims of 94 putative class members in California and 285 individuals nationwide.

Plaintiffs worked for Defendant at various locations in the United States, including California, as non-exempt Alarm Installation Technicians and/or Lead Installation Technicians during the time period. These Technicians are referred to herein as "Settlement Class Members" or "the Settlement Class." Plaintiffs, on behalf of themselves and other current and former similarly-situated employees of Defendant, brought various claims against Defendant for violations of the California Labor Code and the Fair Labor Standards Act ("FLSA"), including:

- Failure to pay the California and federal minimum wage for all hours worked;
- Failure to pay overtime for all hours worked in excess of eight hours per day (under California law) and in excess of forty hours per week (under California and federal laws);
- Failure to provide meal and rest periods as required by California law;
- Failure to provide accurate wage statements in compliance with California law; and
- Failure to reimburse Settlement Class Members for their business-related expenses;

Plaintiffs also seek to recover statutory penalties for these violations, as well as civil penalties pursuant to the California Private Attorneys' General Act ("PAGA"). (ECF No. 11).

The Parties have aggressively litigated this matter and expended significant time and resources towards the resolution of this case. Plaintiffs undertook extensive formal and informal discovery efforts, including depositions, and prepared and filed a Motion for Preliminary Certification of Collective Action for their claims under the FLSA. (ECF No. 33). However, the Parties also recognize the risks inherent in class action litigation and the implications of a case

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

1

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1   that could go on for several more years. Thus, the Parties participated in arms-length mediation

2   with the assistance of a former judge and experienced wage and hour class action mediator.

3           These efforts resulted in the instant Settlement. As described in greater detail herein, the

4   Settlement Class is generally divided into two groups: 1) those Settlement Class Members who

5   have claims against Defendant under the provisions of the California Labor Code; and 2) those

6   Settlement Class Members who have claims against Defendant under the FLSA.   These

7   subgroups are necessary due to the class/collective action settlement administration distinctions

8   that exist under FRCP 23 and 29 U.S.C. § 216(b), respectively.

9           Under the terms of the proposed Settlement, the $1.8 Million Gross Settlement Amount

10  ("GSA") includes allocations for payments to the Settlement Class, attorneys' fees and costs,

11  incentive fees to the Plaintiffs, costs of settlement administration, and payment to the California

12  Labor and Workforce Development Agency for resolution of Plaintiffs' claims under PAGA.

13          While this extremely valuable monetary consideration should not be overshadowed,

14  Plaintiffs also negotiated critical non-monetary benefits on behalf of the Settlement Class in the

15  form of several changes to Defendant's compensation practices that will yield tangible benefits

16  to current and future employees of Defendant. These changes include:

17      •   Recording the daily hours worked of the Class Members to ensure they
            receive correct wages for all hours worked;
18      •   Paying Alarm and Lead Alarm Installation Technicians at least the
            California minimum wage and overtime wages for all hours worked;
19
        •   Posting and distributing meal and rest period bulletins to properly inform
20          Alarm and Lead Alarm Installation Technicians that they are authorized
            and permitted to take meal and rest periods in conformance with
21          California law;
        •   Modifying its on-call policies applicable to Alarm and Lead Alarm
22          Installation Technicians in California such that they are not required to
            monitor their phones during off-duty hours or during meal and/or rest
23          periods; and
        •   Reimbursing Alarm and Lead Alarm Installation Technicians in California
24          for their reasonable business expenses, including reimbursement at the
            IRS mileage rate for work-related travel in personal vehicles and
25          reimbursement for required tools.
26

27          The terms of the Settlement fully account for the respective strengths, weaknesses, and

28  risks of Plaintiffs' claims. The Parties agreed to an extensive notice and opt-out procedure to

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1  provide the Settlement Class with the full ambit of their legal entitlements. As described herein,

2  Plaintiffs contend that the proposed Settlement is fair, adequate, and reasonable based on the

3  respective strengths and weaknesses of the case. An executed copy of the Settlement is attached

4  to the Declaration of Jared Hague ("Hague Decl.") as Exhibit "1," filed concurrently herewith.

5  **II.    LEGAL BASIS FOR CLASS SETTLEMENT**

6      **A.    FACTUAL OVERVIEW AND SUMMARY OF THE CASE**

7          **1.    Summary of Defendant**

8          Defendant is a Utah limited liability company that specializes in home security and

9  automation. Defendant operates throughout California and the United States where it utilizes

10 non-exempt employees under the job title of Alarm Installation Technicians to sell, install, and

11 service its signature alarm systems. (Hague Decl. at ¶¶4-8, 18-19, Exs. 2-6).

12         Defendant's operation as it concerns the Settlement Class Members is relatively simple.

13 Defendant first establishes a team of Alarm Installation Technicians within a given city

14 throughout the United States—generally setting them up in a central apartment complex that

15 simultaneously functions as a base of operations. (*Id.* at ¶¶4-8, Exs. 2-6).   Each team consists of

16 one Lead Alarm Installation Technician and several regular Alarm Installation Technicians. (*Id.*)

17 The duties and roles of Lead and regular Alarm Installation Technicians are generally the same,

18 with the sole exception that Lead Technicians have additional responsibilities such as some

19 oversight and inventory control duties. (*Id.*).

20          **2.    Plaintiffs' Background and Summary of Argument**

21         Plaintiffs worked for Defendant in both Lead and regular Alarm Installation Technician

22 roles during the relevant time period. (Ex. 1 ([Proposed] Second Amended Complaint) at ¶¶23-

23 24). Settlement Class Members followed a relatively predicable schedule. They first report for a

24 morning meeting, review basic points of training, and go over any relevant policy changes.

25 (Hague Decl. at ¶4, Ex. 2). Following the meeting, Settlement Class Members travel into the

26 field to complete alarm installation jobs to which they are assigned, and then later report back to

27 their central base of operations to turn in relevant forms, and account for inventory. (*Id.*)

28 / / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

At all relevant times, the Settlement Class Members' compensation included a piece rate based on alarm installations. (Hague Decl. at ¶¶5-8, Exs. 3-6). Plaintiffs alleged that they did not receive a separate form of hourly compensation for time spent in "non-productive" tasks (i.e. tasks for which there was not a piece-rate basis of compensation), such as attending morning meetings, traveling out into the field, waiting in the field between installation jobs, correcting installations, or turning in forms and accounting for inventory at the end of the day. (*Id.*)

Plaintiffs filed a putative wage and hour class action on February 3, 2017 with the Superior Court of California for alleged violations of both California and federal wage and hour law, which case was later removed to this Court. (ECF No. 1). The operative First Amended Complaint contains claims under the FLSA and California Labor Code from their experience in working for Defendant. (ECF No. 11). Before the Court as well is Plaintiffs' proposed Second Amended Complaint which adds a claim for failure to pay at least the federal minimum wage and claims for wage theft under California law and refines the definition of the class to conform to the Settlement. (Exhibit "1"). Because the Settlement, if approved, would release all such claims, good cause exists to grant Plaintiffs leave to file a proposed Second Amended Complaint.

## III.    SUMMARY OF THE SETTLEMENT

### A.    THE SETTLEMENT CLASS

The Settlement Class is comprised of all the individuals within the California Class and the FLSA Group, defined as follows:

**California Class:** All current and former non-exempt Alarm Installation Technicians and Lead Alarm Installation Technicians who performed compensable work for Defendant in the State of California at any time from February 3, 2013 through December 31, 2017. Defendant represents and agrees as part of the Settlement that there are 94 individuals who fall within the definition of the California Class as defined by the Settlement.

**FLSA Group:** All current and former non-exempt Alarm Installation Technicians and Lead Alarm Installation Technicians who performed compensable work for Defendant in the United States at any time from February 3, 2014 through December 31 2017, as defined by the Settlement and who affirmatively opt in to the Settlement by cashing, depositing, or otherwise negotiating a Settlement Payment Check. Defendant represents and agrees that there are 285 individuals who fall within the definition of the FLSA Group as defined by the Settlement.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

4

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2) CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

(Settlement at I.4.) The benefit of the Settlement Class definitions is that the Settlement Class Members have already been identified using Defendant's own records, and are limited to current and former employees of Defendant in California and the United States who were employed in the same positions as Plaintiffs. The Settlement will not prejudice current or former employees of Defendant who do not fall within these definitions.

**B.    DETAILS OF THE SETTLEMENT FUND**

**1.    Gross Settlement and Net Settlement Amounts**

Under the terms of the Settlement, the $1.8 Million GSA is to be distributed as follows:

(1) Attorneys' fees of not more than $600,000 (1/3 of GSA) to be paid to Class Counsel;

(2) Litigation costs of not more than $20,000 to be paid to Class Counsel;

(3) Settlement administration costs of up to $40,000 to be paid to Phoenix Settlement Administrators as the third party administrator;

(4) Plaintiffs to receive incentive fees of not more than $20,000 ($10,000 each);

(5) PAGA penalty of $50,000, 75% of which ($37,500) will be paid to the California Labor and Workforce Development Agency and 25% of which ($12,500) paid to the Class;

(6) Net Settlement Amount ("NSA"), estimated to be $1,082,500, available to the Settlement Class Members who participate in the Settlement. (Settlement at VII.1.)

The NSA shall be allocated between the FLSA Group and the California Class as follows: 1) 44 4/9% ($481,111) to the California Class; and 2) 55 5/9% ($601,389) to the FLSA Group (*Id.* at I.21.,25.) Any difference between the attorneys' fees, litigation costs, administration costs and incentive fees permitted under the Settlement and actually awarded following hearing on final approval, will revert to the NSA. (*Id.* at IV.2.,7.) Defendant's share of any applicable taxes shall be paid by Defendant separately from the Settlement. (*Id.* at I.21.)

**2.    Calculation and Distribution of Individual Settlement Payments**

Each of the Settlement Class Members will be eligible to receive his or her individual share of the NSA based on the total number of workweeks worked by each Settlement Class Member during the Class Period. (*Id.* at VII.2.) The primary benefit of this formula is that it relies upon objective evidence of the term of employment, which Class Members can easily

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

5

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1   review and confirm for themselves. As explained below, there are differences in the manner in

2   which the Individual Settlement Amounts will be administered to the Settlement Class Members

3   because of the distinctions between class action settlement approval under FRCP 23, which

4   applies to the California Class, and collective action settlement approval under 29 U.S.C. 216(b),

5   which applies to the FLSA Group.

6        The California Class' share of the NSA shall be divided by 1,275, which is the total

7   number of workweeks worked by all members of the California Class, to yield the "pay period

8   rate." (*Id.*) Each member of the California Class who does not timely and affirmatively opt-out

9   of the settlement shall receive an Individual Settlement Amount equal to the number of his or her

10  individual weeks worked between February 3, 2013 and December 31, 2017, multiplied by the

11  pay period rate. (*Id.*)

12       If it is determined by the Settlement Administrator that more than thirty percent (30%) of

13  the California Class exclude themselves from the Settlement, the portion of the NSA allocated to

14  the California Class that would have been paid to such individuals will be returned by the

15  Settlement Administrator to Defendant in recognition that Defendant is not receiving a release

16  from such persons. (*Id.* at VI.4.) However, if fewer than thirty-percent (30%) of the California

17  Class opt out of the Settlement applicable to the California Class, there will be no reduction of

18  the NSA. (*Id.*)

19       The FLSA Group's share of the NSA shall be divided by 5,769, which is the total number

20  of workweeks worked by all members of the FLSA Group, to yield the "pay period rate."

21  (Settlement at VII.2.) Following the Court's order granting Conditional Certification of the

22  FLSA Group Collective, each member of the FLSA Group shall receive an Individual Settlement

23  Amount equal to the number of his or her individual weeks worked between February 3, 2014

24  and December 31, 2017, multiplied by the pay period rate. (*Id.*)  Each member of the FLSA

25  Group will be considered to have affirmatively opted-in to the FLSA Group and the Settlement

26  by depositing, cashing or otherwise negotiating his or her Individual Settlement Amount. (*Id.*) To

27  ensure compliance with the "opt-in" protocols of an FLSA settlement under Section 216(b), the

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

6

1 | Settlement Administrator will place the following endorsement on each check that is mailed to

2 | the members of the FLSA Group:

3

4 | By signing, depositing, and/or cashing this check, I hereby consent to opt-in to the collective action in *Smothers et al. v. NorthStar Alarm Services, LLC*, Case No. 2:17-cv-00548-KJM-KJN (E.D. Ca.) as a party plaintiff pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA") and agree to release NorthStar Alarm Services, LLC ("NorthStar") and all Released Parties from all claims, both known and unknown, that arise out of my employment with NorthStar under the FLSA, state statutory law (excluding workers' compensation laws, unemployment compensation laws, and discrimination laws), or common law (e.g., unjust enrichment, quantum meruit, etc.) concerning my compensation, hours of work, pay for those hours of work, or NorthStar's payroll practices through [the date of the Court's Preliminary Approval Order].

5

6

7

8

9

10

11

12 | (*Id.*) All Individual Settlement Amounts cashed, deposited or otherwise negotiated by the FLSA

13 | Group Members shall be paid from the NSA allocated to the FLSA Group, and a minimum of

14 | fifty-percent (50%) of the NSA allocated to the FLSA Group is guaranteed to be funded by the

15 | Defendant. (*Id.* at VI.5.) Any remaining unclaimed portions of the NSA beyond the fifty-percent

16 | (50%) guaranteed to be paid to the FLSA Group Members will revert back to Defendant. If less

17 | than fifty-percent (50%) of the NSA allocated to the FLSA Group is unclaimed at the conclusion

18 | of the Notice Period, the difference between fifty-percent (50%) of the NSA allocated to the

19 | FLSA Group and the percentage of the allocation actually claimed shall be paid to the Justice

20 | Gap Fund of the State Bar of California as a cy pres recipient. (*Id.*)

21 | **3.    Additional Consideration.**

22 | As mentioned, Defendant also agrees that it will undertake significant changes to its

23 | workplace policies and practices as part of this Settlement. In this manner, the Settlement yields

24 | a benefit that goes well-beyond the monetary consideration obtained by Plaintiffs.

25 | **C.    RELEASES**

26 | All Settlement Class Members who agree to fully participate in the Settlement will

27 | release Defendant from certain claims, defined in the Settlement as "Released Claims." (*Id.* at

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

7

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2) CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

X.1.) The Released Claims provided in the Settlement are appropriately tailored in terms of both subject matter and time period. Specifically, the Class release is limited, in pertinent part, to:

> …[C]laims, demands, rights, debts, obligations, costs, expenses, wages, liquidated damages, statutory damages, penalties including civil and statutory, liabilities, and/or causes of action of any nature and description whatsoever, whether known or unknown, at law or in equity, whether under federal, state, and/or local law (including without limitation any statute, ordinance, regulation, common law, constitution, or other source of law), *which were asserted in the Action or could have been asserted against the Released Parties arising out of facts and circumstances alleged in the Complaint.*

(*Id.*) (emphasis added). Thus, the Settlement only releases those claims which <u>were or could have been asserted based on the allegations in Plaintiffs' proposed Second Amended Complaint, and which arose during the Class Period</u>. The Class does not release other, non-wage-related claims or any other claims that could not have been asserted based on the allegations of the proposed Second Amended Complaint. Only those Settlement Class Members in the FLSA Group who opt-in to the Settlement can release their claims under federal law.

### D.   OBJECTION, OPT-OUT AND OPT-IN PROCESS

Any member of the California Class may object to the Settlement or elect not to participate in the Settlement. (*Id.* at I.26-27, VI.3.) FLSA Group Members must opt in to the Settlement Class pursuant to the requirements of 29 U.S.C. § 216(b), which provides that employees must give written consent to being a party plaintiff in a FLSA action before becoming such a party. By endorsing and cashing or depositing their Individual Settlement Payment, the FLSA Group members will be deemed to have opted in to the Settlement Class. (*Id.* at VII.2.)

### E.   ATTORNEYS' FEES AND COSTS, INCENTIVE FEES, AND ADMINISTRATION COSTS

By a motion to be filed at least 21 days before the Settlement Class' deadline to object to the Settlement, Plaintiffs will move for an award of the attorneys' fees, litigation costs, administration costs and incentive fees for the Representative Plaintiffs in accordance with the Settlement. (*Id.* at IV.7.) The exact amount requested, and justification for those amounts supported by declaration, will be detailed in a motion and brief to be provided sufficiently in

Sutton Hague Law Corporation 5200 N. Palm Avenue Suite 203 Fresno, CA 93704

8

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2) CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1   advance of the Class Members' deadline to object to the Settlement and will be subject to the

2   Court's final review and approval. (*Id.*)

3   **IV.   LEGAL STANDARDS AND ANALYSIS**

4          The law favors the compromise and settlement of class action suits.  *See Churchill*

5   *Village, LLC v. Gen. Elec*., 361 F.3d 566, 576 (9th Cir. 2004); *see also Hanlon v. Chrysler*

6   *Corp*., 150 F.3d 1011, 1027 (9th Cir. 1998) (endorsing the trial court's "proper deference to the

7   private consensual decision of the parties" when approving a settlement). Because the instant

8   Motion seeks conditional collective certification under 29 U.S.C. 216(b) and preliminary

9   approval of class action under FRCP 23(e) for purposes of settlement, the legal standards

10  applicable to each will be discussed in turn.

11         **A.   CONDITIONAL CERTIFICATION OF THE FLSA GROUP IS PROPER**

12         Section 216(b) of the FLSA allows employees to represent similarly situated co-workers

13  in an action against their employer for failure to pay wages owed. 29 U.S.C. § 216(b) ("An

14  action to recover the liability prescribed in either of the preceding sentences may be maintained

15  against any employer … by any one or more employees for and in behalf of himself or

16  themselves and other employees similarly situated.") The decision to certify an FLSA collective

17  action is within the discretion of the Court. *Edwards v. City of Long Beach*, 467 F.Supp.2d 986,

18  989 (C.D. Cal. 2006). The FLSA does not define the term "similarly situated," and the Ninth

19  Circuit Court of Appeals has not construed it. *Vasquez v. Coast Valley Roofing, Inc.*, 670

20  F.Supp.2d 1114 (E.D. Cal. 2009). However, conditional certification typically asks whether

21  employees are sufficiently similarly situated such that conditional certification is appropriate.

22  *Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *2 (N.D. Cal. 2011).

23         For settlement purposes only, the Parties have stipulated that this matter is appropriate for

24  conditional certification under the FLSA. (Settlement at III.1.) Plaintiffs allege that they are

25  similarly situated to the FLSA Group Members in that the FLSA Group consists exclusively of

26  Lead and regular Alarm Installation Technicians, positions which Plaintiffs held with Defendant.

27  Plaintiffs allege they and the FLSA Group Members were compensated in the same manner, and

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

9

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1    were allegedly denied overtime and minimum wages in accordance with the FLSA. The FLSA

2    Group consists of 285 Lead and regular Alarm Installation Technicians. (*Id.* at I.4.)

3    **1.  The Settlement of the FLSA Group Is Fair and Reasonable**

4        Generally, FLSA rights cannot be waived and settlement of private actions for back

5    wages pursuant to 29 U.S.C. § 219(c) must be approved by the district court. *Lynn's Food*

6    *Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The decision of whether to approve a

7    collective-action settlement lies within the trial court's discretion. *Id.* at 1350. In order to

8    approve a settlement proposed by an employer and employees, a court must determine that the

9    settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

10   pursuant to the FLSA. *Id.* at 1355. If a settlement in an employee FLSA suit reflects a

11   "reasonable compromise over issues," such as FLSA coverage or computation of back wages

12   that are "actually in dispute," the court may approve the settlement "in order to promote the

13   policy of encouraging settlement of litigation." *Id*. at 1354.

14       Applied here, the allocation under the Settlement to the claims of the FLSA Group is a

15   fair and reasonable resolution of a bona fide dispute. The FLSA obligates employers to

16   compensate employees at a rate of not less than 1.5 times their regular rate of pay for all hours

17   worked in excess of 40 in a workweek. 29 U.S.C. § 207. Here, Defendant primarily compensated

18   the FLSA Group Members on a piece-rate basis, and the Parties dispute whether the total

19   compensation paid to the FLSA Group Members properly accounted for payment of overtime for

20   hours worked in excess of 40 in a workweek. Of significance to this dispute is the Ninth Circuit's

21   relatively recent case in which it adopted the longstanding position of sister courts and the

22   Department of Labor to confirm that employers may permissibly average the total weekly

23   earnings of employees to determine whether the employer has satisfied its minimum wage and

24   overtime obligations. *Douglas v. Xerox Business Services, LLC*, 875 F.2d 884 (9th Cir. 2017).

25   The Parties strongly dispute whether the FLSA Group Members' earnings, even in averaged,

26   would have sufficiently compensated them for the overtime hours they worked.

27       Plaintiffs estimate Defendant's maximum potential liability for the FLSA Group's

28   overtime claim to be approximately $732,000, and maximum potential liability for Plaintiffs'

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

10

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

minimum wage claim under the FLSA to be approximately $40,000. The NSA allocates 55 5/9%, estimated to be $601,389, to the FLSA Group, a compromise which is justified under the circumstances, particularly in light of the lack of detailed time records in this case, which would likely result in an extremely long and contentious trial requiring expensive expert testimony without the guarantee of a successful outcome at the conclusion of the trial.

Further, the settlement of the FLSA Group is not an "opt out" settlement under FRCP 23, in which inaction results in waiver of his or her legal rights. Only the FLSA Group Members who affirmatively decide to participate in the case by cashing their Individual Settlement Amounts will be covered by the Settlement. Release through signing and depositing/cashing of settlement checks is appropriate and has been approved in other courts. *See Leverage v. Traeger Pellet Grills, LLC*, 2017 WL 2797811 (N.D. Cal. 2017); *Nur v. Tatitlek Support Servs., Inc.*, 2016 WL 3039573, at *5-6 (C.D. Cal. 2016); *Lazarin v. Pro Unlimited Inc.*, 2013 WL 3541217 (N.D. Cal. 2013); *Franco v. Ruiz Food Products, Inc.*, 2012 WL 5941801 at *24 (E.D. Cal. 2012). Those who do not opt-in will not be releasing any potential claims against Defendant. Therefore, the Settlement of the FLSA Group is a fair and reasonable resolution that is in the best interests of the FLSA Group in light of all known facts and circumstances.

### 2. The Notice Procedure for the Conditionally Certified FLSA Group Is Adequate

As detailed in the Settlement, the Parties have agreed to an extensive notice campaign designed to give notice to the greatest possible number of FLSA Group Members. The FLSA Group will receive notice via mail and email. (Settlement at VI.2.) They will each have seventy-five (75) days to indicate their desire to opt-in to the Settlement by cashing, depositing or otherwise negotiating their Individual Settlement Payment. (*Id.* at VII.6.) The Settlement Administrator will also conduct a thorough telephone, email and social media outreach campaign to further promote notice of the Settlement and to apprise the FLSA Group Members of their rights and applicable deadlines. (*Id.* at VI.2.) The claims of any FLSA Group Member who does not opt in to the Settlement after Plaintiffs' diligent efforts to reach them will be dismissed without prejudice. (*Id.* at X.1.)

/ / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

11

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2) CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

**B.  CERTIFICATION OF THE CALIFORNIA CLASS IS PROPER**

A party seeking to certify a class for settlement purposes under FRCP 23 must demonstrate that it has met the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). Under Rule 23(a) the Court must be satisfied that: (1) the class is sufficiently numerous that joinder would be impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 300 (E.D. Cal. 2011). Here, Plaintiffs seek certification of the California Class under Rule 23(a) and 23(b)(3) and discusses the required elements in turn.

**1.     The Settlement Class Is Numerous**

Although there is no absolute numerical threshold for numerosity, courts have approved classes consisting of 39, 64 and 71 plaintiffs. *Vanwagoner v. Siemens Industry, Inc.*, 2014 WL 1922731 (E.D. Cal. 2014). The California Class consists of 94 Lead and regular Alarm Installation Technicians. (Settlement at I.4.) It would be impracticable to bring each of 94 California Class Members before the Court on an individual basis, and numerosity is satisfied. Fed. R. Civ. P. 23(a).

**2.     The Commonality Requirement of Rule 23(a)(2) Is Satisfied**.

To satisfy commonality, the class claims must "depend upon a common contention of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011). Here, because the Parties have resolved their disputes, they will not need to prove any individualized issues relating to liability as to Defendant's uniform compensation system for California Class Members or the legality of Defendant's meal and rest period policies. As a result, the facts that define the California Class—employment with Defendants as an Alarm Installation Technician during Class Period—satisfy Rule 23(a)(2)'s commonality requirement.

/ / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

12

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2) CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1        **3.       The Typicality Requirement of Rule 23(a)(3) Is Satisfied**.

2        To satisfy the typicality requirement, the claims of the entire class need not be identical,

3   but the class representatives must generally "possess the same interest and suffer the same

4   injury" as the unnamed class members. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147,

5   156 (1982). Here, Plaintiffs were employed by Defendant as Alarm Installation Technicians

6   during the Class Period. Plaintiffs seek to settle, on behalf of themselves and the California

7   Class, their claims that: (1) Defendant failed to pay them at a rate of at least minimum wage for

8   all hours worked pursuant to the California Labor Code; (2) Defendant failed to pay them at a

9   rate of at least one and one-half of their regular rate of pay for all hours worked in excess of eight

10  hours per day or 40 hours in a workweek; (3) Defendant failed to keep records that would

11  otherwise allow Defendant to assure that the California Class was being properly paid all

12  minimum and overtime wages; (4) Defendant failed to provide them with "duty-free" meal

13  periods; (5) Defendant failed to provide them with "duty-free" rest periods; and (6) Defendant

14  failed to reimburse them for necessary business expenses and losses, such as required work tools

15  and/or the costs associated with using their personal vehicles for work purposes. Plaintiffs claim

16  these violations resulted in additional derivative violations, including failure to issue accurate

17  itemized wage statements and failure to pay all wages due and owing at the time of termination.

18  Typicality is therefore satisfied.

19        **4.       The Adequacy Requirement of Rule 23(a)(4) Is Satisfied**.

20        In a Rule 23 class action, representation is adequate if (1) Class Counsel is qualified and

21  competent and (2) the class representative and his counsel are not disqualified by conflicts of

22  interest. *Lerwil v. In-flight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Class

23  Counsel must be experienced and competent. *Hanlon*, 150 F.3d at 1021.

24        Proposed class counsel, S. Brett Sutton and Jared Hague, are highly-qualified attorneys

25  with significant experience litigating wage-and-hour class action cases and in serving as class

26  counsel. (Decl. of S. Brett Sutton in Support of Plaintiffs' Motion for Preliminary Approval

27  ("Sutton Decl.") at ¶¶3-14; Hague Decl. at ¶¶11-14.) Mr. Sutton and Mr. Hague both assert that

28  there are no conflicts of interest that would preclude them from serving as Class Counsel or

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

13

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1    compromise the adequacy of their representation of Plaintiff or the Settlement Class. (*Id.*)

2    Defendant offers no opposition to the adequacy of counsel.

3        In addition, Plaintiffs seek to be appointed by this Court to serve as the Class

4    Representatives for the purpose of the Settlement. (Settlement at I.10.) As reflected in the papers

5    filed in support hereof, Plaintiffs were instrumental in providing the information that contributed

6    to the litigation of this matter and the instant Settlement. (Hague Decl. at ¶17.) Plaintiffs

7    conferred with proposed Class Counsel for many hours to discuss the operations of Defendant,

8    the chronology of its practices, to aid in the preparation of formal and informal discovery

9    requests and preparation for the deposition of Defendant's representatives, and to assist with

10   ongoing settlement negotiations. (*Id.*) Based on the foregoing, Plaintiffs have done everything

11   within their power to achieve a favorable resolution of this matter on behalf of the absent class

12   members, and have clearly "fulfilled [their] duties to the class and should be appointed as class

13   representative[s]." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

14       **5.    Certification of the Settlement Class Is Proper Under FRCP 23(b)(3)**.

15       Once the requirements of Rule 23(a) are satisfied, a class may only be certified if it is

16   maintainable under Rule 23(b). The Parties agree for purposes of the Settlement only that

17   certification of the Settlement Class is appropriate under Rule 23(b)(3) because (1) the

18   Settlement obviates the litigation of individual liability and damage issues, (2) "questions of law

19   or fact common to the members of the class predominate over any questions affecting only

20   individual members, [(3)] and . . . a class action is superior to other available methods for the fair

21   adjudication of the controversy." *See* Fed. R. Civ. P. 23(b)(3).

22       Again, the major issues in this case are whether Defendant's system of compensating

23   California Class Members based on a piece-rate resulted in underpayment of minimum and

24   overtime wages, whether Defendant is liable for meal and rest period policies that allegedly did

25   not comply with California law; and whether Defendant has derivative liability for failure to

26   provide accurate wage statements and failure to pay all wages due upon termination. Aside from

27   calculating the individual damages attributable to these violations, there are no other individual

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

14

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1   issues that require litigation and certification will promote efficiency by allowing the California

2   Class' claims to be resolved simultaneously. Therefore, common issues predominate.

3          Certification for settlement purposes is also the superior method of resolving the

4   California Class Members' claims. Here, if the 94 California Class Members were to sue

5   individually, they would be bringing the same claims (minimum wage, overtime, failure to

6   provide meal and rest periods, derivative penalties), yet the cost of litigation, including the

7   inevitable cost of expert witnesses if the matter went to trial, would far outstrip the potential

8   recovery on an individual basis. Thus, this settlement is a superior way to resolve the claims of

9   the California Class. The California Class is therefore maintainable under Rule 23(b)(3).

10         **C.      THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE**

11         For the California Class, at the preliminary approval stage the Court need only determine

12  whether the proposed settlement is "within the range of possible approval." *Murillo v. Pac. Gas*

13  *& Elec. Co.*, 266 F.R.D. 468, 474 (E.D. Cal. 2010). The Ninth Circuit has set forth a number of

14  factors to determine whether a settlement agreement meets these standards, including:

15         [T]he strength of plaintiff's case; the risk, expense, complexity, and likely duration of
           further litigation; the risk of maintaining class action status throughout the trial; the
16         amount offered in settlement; the extent of discovery completed, and the stage of the
           proceedings; the experience and views of counsel; the presence of a governmental
17         participant; and the reaction of the class members to the proposed settlement.

18

19  *Staton v. Boeing Co.*, 327 F.3d 938 at 959 (9th Cir. 2003) (citation omitted). In review of the

20  settlement terms, "[t]he court need not reach any ultimate conclusions on the contested issues of

21  fact and law which underlie the merits of the dispute." *Class Plaintiffs*, 955 F.2d at 1291.

22         **1.      The Settlement Falls Well Within the Range of Possible Approva**l.

23         To determine whether a settlement "falls within the range of possible approval" a court

24  must focus on "substantive fairness and adequacy," and "consider plaintiffs' expected recovery

25  balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp.

26  2d 1078, 1080 (N.D. Cal. 2007).

27         Here, Plaintiffs determined that there are 94 California Class Members who worked

28  1,275 workweeks within the Class Period. Based on an extensive sample of payroll data,

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

15

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

1    Plaintiffs estimated Defendant's exposure to an average California Class Members on a per-
2    workweek basis and then extrapolated that figure across the 1,275 workweeks. Based on this
3    methodology, Plaintiffs estimate Defendant's maximum potential exposure on all claims to be
4    approximately $1.9 million for the California Class. Of course, the maximum potential exposures
5    assumes that all of Plaintiffs' California claims would be certified and yield a jury verdict for
6    100 percent of Plaintiff's estimated damages on all claims.

7        As explained in more detail *infra*, Defendant in this case has advanced good faith
8    arguments on the merits of Plaintiffs' claims as to why it is not subject to any exposure, or in the
9    alternative, substantially less exposure than that estimated by Plaintiffs. Taking these factors into
10   account, the $1.8 million GSA allocates 44 4/9%, estimated to be $800,000, to the California
11   Class, which represents a compromise that is justified based on the strengths and weaknesses of
12   Plaintiffs' claims, without the risk and cost of continued litigation. Moreover, Plaintiffs have
13   obtained significant non-monetary consideration in the form of Defendant's commitment to
14   modify several of its compensation and workplace practices. Therefore, the Settlement falls
15   within the range of possible approval.

16           **2.      The Settlement Is Reasonable in Light of the Strengths and**
17                     **Weaknesses of the Claims and Risks Involved in Further Litigation**.

18       "An important consideration in judging the reasonableness of a settlement is the strength
19   of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Nat'l*
20   *Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).
21   However, "the Court need not reach an ultimate conclusion about the merits of the dispute now,
22   'for it is the very uncertainty of outcome in litigation and avoidance of wastefulness and
23   expensive litigation that induce consensual settlements.'" *Bellinghausen*, 306 F.R.D. at 255,
24   citing *Officers for Justice v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615,
25   625 (9th Cir.1982). "Ultimately, the district court's determination is nothing more than an
26   amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice*,
27   688 F.2d at 625 (citation omitted).
28   / / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

16

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

### a.  Plaintiffs' Minimum Wage and Overtime Claims Under California Law

It is well-established that California law requires employers to "pay to each employee…not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." Cal. Code Regs. Tit. 8, § 1101, Wage Order No. 4, § 4(B). Courts have held that "this language expresses the intent to ensure that employees be compensated at the minimum wage for each hour worked," irrespective of whether that time was considered "productive." *Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314,323 (Cal. App. Ct. 2005); accord *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36 (Cal. App. Ct. 2013). Plaintiffs allege that Defendant's primarily piece-rate based compensation plan did not compensate the Settlement Class Members for all each individual hour worked, specifically during times when Settlement Class Members were engaged in "non-productive" tasks.

Defendant denies these allegations and denies the existence of any policy by which it refuses to pay wages in accordance with applicable law.  Plaintiffs further recognize that Defendant's lack of recordkeeping pertaining to the total hours worked of the Settlement Class Members also presents an obstacle to class certification, in that some individualized issues may arise pertaining to the total number of hours actually worked by California Class Members for the class period, and as a consequence, the total number of hours each day that would have consisted of "non-productive" tasks. Plaintiffs acknowledge that other courts have declined to certify minimum wage and overtime claims in circumstances where litigants have been unable to show that Defendants had an unlawful policy of failing to pay minimum wages to piece-rate employees. *Burnell v. Swift Transp. Co. of Arizona, LLC*, No. ED-CV-10809, 2016 WL 2621616 at *2 (C.D. Cal. 2016). Furthermore, a significant amount of the estimated exposure for unpaid minimum wages is attributable to liquidated damages, which requires a showing that Defendant *willfully* failed to pay at least the California minimum wage for all hours worked. (Cal. Lab. Code § 1194.2). Discovery to date does not support the conclusion that Defendant's alleged violation was willful or intentional. These circumstances justify compromise.

/ / /

**b.  Plaintiffs' Meal and Rest Period Claims Under California Law**

Plaintiffs' theory of recovery for violations of California's meal and rest period requirements hinges on their contention that: 1) Defendant's written meal period policy did not accurately describe California Class Members' entitlement to meal periods according to California law; 2) Defendant failed to adopt a compliant rest period policy; and 3) even if Defendant's written break policies were sufficient under the law, the California Class was not fully-relieved of all duties during their meal and rest periods because they were required to monitor their cell phones at all times.

However, Plaintiffs acknowledge that some courts have held that the absence of a compliant meal and/or rest period policy is not sufficient to establish a policy or practice or denying meal and/or rest periods. *Dailey v. Sears, Roebuck & Co.*, 214 Cal.App.4th 974 (2013). Thus, there is risk that Plaintiffs may not be able to recover anything for meal and rest periods on behalf of the California Class, which justifies compromise of the claim. Even if Plaintiffs' meal and rest period claims are certified, Defendant may obtain testimony from the class members indicating that they took their required breaks despite the alleged non-compliant language of Defendant's policies. Therefore, compromise of this claim is justified.

**c.  Plaintiffs' Claims for Reimbursement of Business-Related Expenses**

California law provides that "[a]n employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802(a). California Class Members claim they were required to purchase tools and shoulder transportation expenses in the execution of their duties. However, it is possible that many of the California Class Members already had many of the items needed to perform the alarm installations, such that Defendant's actual exposure may be somewhat lower than estimated. Additionally, arriving at an average number of business-related mileages traveled by California Class Members is challenging due to a lack of records. Defendant is likely to argue that certification of this claim is not possible due to the wide disparity on what amounts would *actually* reimburse California Class Members in light of the fact that actual reimbursement would require Plaintiffs to account for myriad details concerning

1  the vehicles used by each California Class Member, such as make, model, depreciation rate,

2  efficiency, reliability and other factors. Therefore, the risk of non-certification or de-certification,

3  justifies a compromise of this claim.

4      **d. Plaintiffs' Claims for Statutory Penalties Under California Labor Code §§**

5          **226 and 203**

6      Plaintiffs' theories of derivative liability under California Labor Code section 226 (failure

7  to provide accurate itemized wage statements) and section 203 (failure to pay wages due upon

8  termination) are predicated on the foregoing alleged violations of the California Labor Code

9  articulated above. However, to the extent that compromise of Defendant's maximum potential

10 exposure is justified on the basis of Defendant's defenses to Plaintiffs' claims, compromise of

11 derivate penalties is likewise justified. Moreover, recovery of penalties under Section 226(e) is

12 only required where the employee suffers "injury" due to the deficient wage statement. (Cal.

13 Lab. Code § 226(e)). With respect to Section 203, recovery of penalties under that statute is

14 predicated on Plaintiffs' ability to establish that Defendant *willfully* failed to pay wages it owed

15 to California Class Members. Thus, courts recognize that an employer's good faith belief that it

16 has complied with the law may preclude a finding of willfulness. *See Choate v. Celite*

17 *Corporation*, 215 Cal.App.4th 1460 (2013). Thus, compromise of these claims is justified.

18      **3.      The Risk and Expense of Continued Litigation**

19     Courts have recognized that approval of a class settlement is "preferable to lengthy and

20 expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

21 221 F.R.D. 523, 529 (C.D. Cal. 2004). If the Settlement were to be rejected, the Parties would

22 have to engage in further litigation, including litigating the propriety of certifying the class and,

23 if certified, discovery on damages issues. The time and expense of continued litigation, including

24 any appeals, could potentially outweigh any additional recovery obtained through litigation, and

25 could result in additional years of litigation. On the other hand, the proposed Settlement provides

26 for an immediate recovery for the Class.

27 / / /

28 / / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

19

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

**4.**     **The Settlement Was Only Reached At Arms-Length With the Assistance of an Independent Mediator**.

The Settlement is the product intensive, arms-length negotiations that took place during an extensive mediation session that lasted well into the evening with the aid of an experienced and impartial mediator, Honorable Judge Jeffery Winikow (Ret.), of Winikow Mediation. (*See* Hague Decl. ¶28). With the assistance of Judge Winikow, and based on their own independent evaluations, the Parties and their respective counsel are of the opinion that the terms set forth in the Settlement are fair, reasonable and adequate, and in the best interests of the Plaintiffs and the Settlement Class.

**5.**     **Counsel Are Experienced in Similar Litigation**.

As mentioned above, Plaintiffs' Counsel focuses their practice almost exclusively on employment law issues, including wage-and-hour issues, and is very experienced in prosecuting wage and hour class actions of this type in both state and federal court. The experience of Plaintiffs' Counsel in the area of wage-and-hour class actions assisted in the determination that the proposed Settlement is fair to the Settlement Class.

**6.**     **Class Response to the Notice of Settlement.**

A presumption of fairness exists where the Settlement Class responds favorably to the Settlement and the percentage of objectors is low. Plaintiffs will address the Class response in their anticipated Motion for Final Approval following issuance of notice to the Class.

**7.**     **No Settlement Class Segment Is Given Preferential Treatment**.

As set forth in the Settlement, each member of the California Class who does not opt out of the Settlement will receive 100% of his or her individual share of the Settlement without the need to submit a claim form. This method was designed to reduce potential inequities between those of the Class and to optimize the claim amount each member of the Class should justly receive. Therefore, the Settlement affords a fact-based and rational distribution of the settlement funds, and it avoids any improper, preferential treatment to any segment of the California Class.

**8.**     **The Proposed Incentive Award Is Appropriate**

It is established that named plaintiffs are eligible for reasonable incentive payments to

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

20

1   compensate them for the expense or risk they have incurred in conferring a benefit on other

2   members of the class. *Staton*, 327 F.3d at 977. In this case, the Declaration of Jared Hague

3   details Plaintiffs' efforts in prosecuting this case. (Hague Decl. at ¶17). Based on their significant

4   contributions to the Class and in light of the settlement amount, the requested Incentive Awards

5   of $10,000 to each Named Plaintiff is reasonable and well within the precedent for preliminary

6   approval. Plaintiffs will provide further support concerning their request for these Incentive

7   Awards prior to final approval of the Settlement.

8           **9.      Attorneys' Fees Are Preliminarily Appropriate Based On the**

9                    **Percentage of the Common Fund**.

10          Recovery of attorneys' fees under the "percentage of fund" doctrine, the validity of which

11  is recognized by California courts and is the preferred method of fee calculation in common fund

12  cases in federal courts, has long been recognized to be within the province of the trial court's

13  equitable jurisdiction. *See In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995); *In re*

14  *AT&T Corp. Secs. Litig.*, 455 F.3d 160, 164 (3rd Cir. 2006).  In a class action, the parties may

15  agree upon a fee, the reasonableness of which is assessed by the court. *Evans v. Jeff D.*, 475 U.S.

16  717, 734–35, 738 (1980).

17          Numerous courts have held that the accepted range of percentage recoveries from a

18  common fund is within 20% to 50% of the fund. *See Cicero v. DirectTV, Inc.*, 2010 WL

19  2991486, * 7 (C.D. Cal. July 27, 2010); *Williams v. Costco Wholesale Corp.*, 2010 WL 2721452,

20  * 6 (S.D. Cal. July 7, 2010).   Here, the Parties have agreed that Plaintiffs may petition the Court

21  for an award of attorneys' fees not to exceed one-third (33.33%) of the GSA, or $600,000.

22  (Settlement at VII.1.) Concurrent with Plaintiffs' Motion for Attorneys' Fees and Costs,

23  Plaintiffs will submit detailed declarations and evidentiary support concerning the number of

24  hours worked by Class Counsel on the case and the rates of the respective attorneys such that the

25  Court will be able to evaluate the appropriateness of the requested award.

26  / / /

27  / / /

28  / / /

1    **D.      THE COURT IS JUSTIFIED IN APPROVING THE NOTICE, OPT-OUT**

2    **FORM AND PROPOSED SCHEDULE FOR ADMINISTRATION**

3          For classes certified under Rule 23(b)(3), the court is obligated to direct settlement in a

4    reasonable manner that conforms to the requirements of due process. *Mullane v. Central*

5    *Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts have held that notice that is mailed

6    to each member of a settlement class "who can be identified through reasonable effort"

7    constitutes reasonable notice. *See, Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 (1974).

8          Here, Plaintiffs will undertake significant efforts to locate and contact the Settlement

9    Class Members well beyond a simple mailing. Defendant has agreed to provide the Settlement

10   Administrator and Class Counsel with a database containing extensive contact information for

11   the Class. (Settlement at VI.) Class Members will receive notice of the Settlement by mail and e-

12   mail. Concurrent with the distribution of the Class Notice, the Settlement Administrator will also

13   conduct a search for Settlement Class Members through the LinkedIn social media website and

14   will send an email to any identified Settlement Class Members through that channel as well, and

15   will continue to contact Class Members via email every seven days of the course of the Notice

16   Period. (*Id.*) Settlement Class Members will also receive a follow-up postcard. (*Id.*)

17   **V.  CONCLUSION**

18         Based on the foregoing, Plaintiffs respectfully request that the Court issue an Order

19   preliminarily approving the Settlement and issuing Plaintiffs' [Proposed] Order on Motion for

20   Preliminary Approval of Joint Stipulation of Class Settlement.

21   Dated:  February 23, 2018                    SUTTON HAGUE LAW CORPORATION

22                                               A Nevada Professional Corporation

23

24                                               By:____/s/ S. Brett Sutton_____

25                                                     S. BRETT SUTTON
                                                       Attorneys for Plaintiff
26

27

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF MOTION AND MOTION FOR: 1) PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT; 2)
CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

EXHIBIT 1

1  **S. BRETT SUTTON, 143107**
   brett@suttonhague.com
2  **JARED HAGUE, 251517**
   jared@suttonhague.com
3  **ANTHONY E. GUZMAN II, 311580**
   anthony@suttonhague.com
4  **SUTTON HAGUE LAW CORPORATION, P.C.**
   5200 N. Palm Avenue, Suite 203
5  Fresno, California  93704
   Telephone:  (559) 325-0500
6
   Attorneys for Plaintiffs: Julian Smothers, Asa Dhadda, and Aggrieved Employees
7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10                           * * *

11 JULIAN SMOTHERS an individual, residing in      Case No. 2:17-CV-00548-KJM-KJN
12 Fresno County, California; and ASA
   DHADDA, an individual, residing in Fresno       **PLAINTIFFS' [PROPOSED]**
13 County, California,                             **SECOND AMENDED COMPLAINT**
                                                   **FOR DAMAGES FOR:**
14              Plaintiffs,
                                                   **CLASS ACTION UNDER CAL.**
15        vs.                                      **CODE OF CIV. PROC. § 382**

16                                                 **(1) Failure To Pay Minimum Wages**
17 NORTHSTAR ALARM SERVICES, LLC, A                **In Violation Of Labor Code §§  1194,**
   Utah Corporation; and Does 1 through 50,        **1194.2 & 1197;**
18 inclusive,                                      **(2) Failure To Pay Overtime Wages In**
                                                   **Violation Of Labor Code § 510;**
19                                                 **(3) Failure To Provide All Mandated**
              Defendants.                          **Meal Periods Or Additional Wages In**
20                                                 **Lieu Thereof;**
21                                                 **(4) Failure To Provide All Mandated**
                                                   **Rest Periods Or Additional Wages In**
22                                                 **Lieu Thereof;**
23                                                 **(5) Failure To Reimburse Business-**
                                                   **Related Expenses In Violation Of**
24                                                 **Labor Code § 2802;**
25                                                 **(6) Failure To Issue Accurate Wage**
                                                   **Statements In Violation Of Labor**
26                                                 **Code § 226;**
27                                                 **(7) Failure To Timely Pay Wages Due**
                                                   **At Termination In Violation Of Labor**
28                                                 **Code §§ 201, 202, & 203;**

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite  203
Fresno, CA  93704

                                      1
────────────────────────────────────────────────────────────────
        PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

**(8) Unfair Competition (Bus. & Prof. Code § 17200);**

**(9) Unlawful Wage Deductions In Violation Of Labor Code §§ 221, 223, & 224**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**(10) Failure To Pay Minimum Wages In Violation Of 29 U.S.C. § 206;**

**(11) Failure To Pay Overtime Wages In Violation Of 29 U.S.C. § 207;**

**CLAIMS UNDER LABOR CODE § 2698 ET SEQ.**

**(12) Civil Penalties For Failure To Pay Minimum Wage For Each Hour Worked;**

**(13) Civil Penalties For Failure To Pay Overtime Wages;**

**(14) Civil Penalties For Failure To Provide Meal Periods;**

**(15) Civil Penalties For Failure To Provide Rest Periods;**

**(16) Civil Penalties For Failure To Issue Itemized Wage Statements;**

**(17) Civil Penalties For Failure To Maintain Adequate And Accurate Time And Payroll Records;**

**(18) Civil Penalties For Failure To Provide Notice Of Pay;**

**(19) Civil Penalties For Failure To Pay Wages Due And Payable Twice Each Calendar Month;**

**(20) Civil Penalties For Failure To Pay Wages Due Upon Demand;**

**(21) Civil Penalties For Failure To Pay Wages Due Upon Termination**

**JURY TRIAL DEMANDED**

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

2

Plaintiffs JULIAN SMOTHERS and ASA DHADDA (hereinafter collectively "PLAINTIFFS") allege against Defendant NORTHSTAR ALARM SERVICES, LLC, a Utah Corporation, ("DEFENDANT") and Does 1 through 50, inclusive as follows:

**GENERAL ALLEGATIONS**

**A.    THE PARTIES**

1.    JULIAN SMOTHERS is an individual who, at all times relevant herein, was residing in Fresno County, Sacramento County, or Los Angeles County California, and is a former employee of DEFENDANT.

2.    ASA DHADA is an individual who, at all times relevant herein, was residing in either Fresno County or Los Angeles County California, and is a former employee of DEFENDANT.

3.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT is now, and at all times relevant to this Complaint, was a Utah corporation, with employees in Sacramento Country, throughout California, and throughout the United States.

4.    PLAINTIFFS are unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, and therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendants sued herein, including DOES 1 through 50, inclusive, is and was proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFFS as alleged herein. When the true names and/or capacities of the Defendants are ascertained, PLAINTIFFS will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

5.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANT and each of the DOE Defendants were acting at all relevant times herein, as the agents, ostensible agents, joint-venturers, joint-employers, servants, employees, co-conspirators and/or associates of each of the other Defendants, and were at all times acting within the course and

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

3

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other Defendants.

6.    PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, DEFENDANT and DOE Defendants were and/or are the joint employers of PLAINTIFFS and/or the class upon whose behalf PLAINTIFFS bring these class action claims, in that Defendants exercised sufficient control over PLAINTIFFS' wages, hours and working conditions, and/or suffered or permitted PLAINTIFFS to work, so as to be considered the joint employers of PLAINTIFFS.

7.    PLAINTIFFS are informed and believe, and thereon allege, that the above Defendants and/or each of their managing agents and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

8.    PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, the various acts and representations of Defendants, including each of the DOE Defendants, and each agent or representative of Defendants, were the result of, and in furtherance of, an agreement whereby the Defendants and each agent or representative of the Defendants knowingly conspired to engage in the acts described herein, including, but not limited to, Defendants' violation of the California Labor Code and/or any applicable Industrial Welfare Commission Wage Order(s).

9.    PLAINTIFFS, on behalf of themselves and all similarly situated current and former employees of DEFENDANT who give their written consent to become party-plaintiffs, which consents will be filed with the court, seek to have the following cause of action proceed as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). These individuals shall hereinafter be referred to collectively as the "FLSA Class." PLAINTIFFS seeks to represent the FLSA Class according to the following class and/or subclass definition:

**FLSA Class**

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT in the United States who performed

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

4

_____

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

1   work for DEFENDANT at any time within three (3) years preceding the filing of

2   this action.

3       Subclass A ("Minimum Wage Sub-Class")

4       All current and former Alarm Installation Technicians and Lead Alarm

5       Installation Technicians of DEFENDANT who performed work for

6       DEFENDANT in the United States and who were required to work for

7       DEFENDANT, or whom DEFENDANT permitted or suffered to work,

8       during meal periods, during "on-call" time, or at times otherwise off-the-

9       clock, without compensation of at least minimum wage as required by 29

10      U.S.C. § 206 at any time within three (3) years preceding the filing of this

11      action.

12      Subclass B ("Overtime Wage Sub-Class")

13      All current and former Alarm Installation Technicians and Lead Alarm

14      Installation Technicians of DEFENDANT who were required to work

15      overtime hours for DEFENDANT in the United States, or whom

16      DEFENDANT permitted or suffered to work overtime hours, without

17      overtime compensation as required by 29 U.S.C. § 207 at any time within

18      three (3) years preceding the filing of this action.

19      10.   PLAINTIFFS, on behalf of themselves and all other similarly situated current and

20  former employees of DEFENDANT, seek to have the following causes of action certified to

21  proceed as a class action pursuant to California Code of Civil Procedure section 382. These

22  individuals shall hereinafter be referred to collectively as the "California Class." PLAINTIFFS

23  seek to represent the California Class according to the following class and/or subclass

24  definitions:

25      **California Class 1**

26      All current and former Alarm Installation Technicians and Lead Alarm

27      Installation Technicians of DEFENDANT who performed work for

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

28

5

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

DEFENDANT in California at any time within four (4) years preceding the filing of this action.

Subclass A ("Minimum Wage Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who were required to work for DEFENDANT, or whom DEFENDANT permitted or suffered to work, during their meal periods, or at times otherwise off-the-clock, without compensation at any time within four (4) years preceding the filing of this action.

Subclass B ("Overtime Wage Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who were required to work overtime hours for DEFENDANT in California, or whom DEFENDANT permitted or suffered to work overtime hours, without overtime compensation as required by Labor Code section 510 and Wage Order 4 and/or any other applicable wage order at any time within four (4) years preceding the filing of this action.

Subclass C ("First Meal Period Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who worked more than five (5) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass D ("Second Meal Period Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who worked more than ten (10) hours in

6

a work day at any time within four (4) years preceding the filing of this action.

Subclass E ("Rest Period Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who worked three and one-half (3 1/2) or more hours in a work day at any time within three (4) years preceding the filing of this action.

Subclass F ("Waiting Time Penalty Sub-Class")

All former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California within four (4) years preceding the filing of this action.

**California Class 2**

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California.

Subclass A ("Wage Statement Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who was entitled to received a wage statement subject to the requirements of Labor Code section 226(a) at any time within one (1) year preceding the filing of this action.

Subclass B ("Reimbursement Sub-Class")

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who incurred necessary expenditures and/or losses directly caused by the discharge of their duties at any time within four (4) years preceding the filing of this action.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

<u>Subclass C ("Unlawful Deduction Sub-Class")</u>

All current and former Alarm Installation Technicians and Lead Alarm Installation Technicians of DEFENDANT who performed work for DEFENDANT in California and who had any deduction made from their standard agreed upon wages at any time within four (4) years preceding the filing of this action.

Unless otherwise specified, individuals making up the "FLSA Class" and "California Class" shall hereinafter be referred to collectively as the "Class Members."

11.    PLAINTIFFS reserve the right under California Rules of Court Rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**B.    THE ACTION**

12.    This action is brought, in part, to remedy the following:

(a)    DEFENDANT's failure to pay PLAINTIFFS and the California Class Members at least minimum wage for, among other things, required travel time between employment locations, waiting time at employment locations, time spent in daily meetings, time spent repairing defective alarm systems, time spent documenting inventory, and time spent participating in trainings;

(b)    DEFENDANT's failure to pay PLAINTIFFS and the California Class Members overtime and/or double time wages, as required by California Labor Code section 510 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order due to, among other things, DEFENDANT's omission of nondiscretionary bonuses from its calculation of its employees' regular rate of pay;

(c)    DEFENDANT's failure to pay PLAINTIFFS and the FLSA Class Members overtime wages due and owing, as required by the Fair Labor Standards Act, 29 U.S.C. § 207;

(d)    DEFENDANT's failure to pay PLAINTIFFS and the FLSA Class Members minimum wages due and owing, as required by the Fair Labor Standards Act, 29 U.S.C. § 206;

(e)    DEFENDANT's failure to provide PLAINTIFFS and the California Class Members with a reasonable opportunity to take a first net thirty-minute, duty-free meal period for each workday during which such employees worked more than five (5) hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(f)    DEFENDANT's failure to provide PLAINTIFFS and the California Class Members with a reasonable opportunity to take a second net thirty-minute, duty-free meal period for each workday during which such employees worked more than ten (10) hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order;

(g)    DEFENDANT's failure to provide PLAINTIFF and the California Class Members with a reasonable opportunity to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free rest period was and/or is not provided, as required by Industrial Welfare Commission Wage Order 4 and/or any

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

9

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

other applicable Wage Order;

(h)    DEFENDANT's failure to timely pay PLAINTIFFS and the California Class Members all wages due and payable twice during each calendar month, as required by California Labor Code section 204;

(i)    DEFENDANT's failure to pay PLAINTIFFS and the California Class Members all wages due and owing upon the termination of employment with DEFENDANT, as required by California Labor Code section 201, 202, and 203;

(j)    DEFENDANT's failure to pay PLAINTIFFS and the California Class Members all wages due and payable on demand, as required by California Labor Code section 216 and 225.5;

(k)    DEFENDANT's failure to issue PLAINTIFFS and the California Class Members proper notice of pay, as required by California Labor Code section 2810.5.

(l)    DEFENDANT's failure to maintain a written commission agreement for PLAINTIFFS and the California Class Members, as required by California Labor Code section 2751(a);

(m)    DEFENDANT's failure to issue accurate, itemized wage statements to PLAINTIFFS and the California Class Members in accordance with California law;

(n)    DEFENDANT's failure to maintain adequate time and payroll records for PLAINTIFFS and the California Class Members, as required by Labor Code section 1174;

(o)    DEFENDANT's failure to reimburse PLAINTIFFS and the California Class Members for all necessary expenditures and losses directly caused by the discharge of their duties; and,

(p)    DEFENDANT's engagement in unfair business practices against PLAINTIFFS and the California Class Members.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

10

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

(q)    DEFENDANT's decision to make deductions from the standard wages of California Class Members that amounted to a rebate and/or deduction from the standard wages set forth in the California Class Members agreement(s) with DEFENDANT.

**C.    VENUE**

13.    Venue is proper in Sacramento County because, among other reasons, certain of the violations of the California Labor Code and/or Industrial Welfare Commission Wage Order(s) were committed in Sacramento County and DEFENDANT conducts business and has facilities in Sacramento County. The unlawful acts alleged have a direct effect on PLAINTIFFS and other Class Members. PLAINTIFFS and the Class Members will continue to suffer the same harm as PLAINTIFFS as a result of DEFENDANT's wrongful conduct unless the relief requested herein is granted.

14.    PLAINTIFFS are informed and believe, and thereon allege, that during the three-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against DEFENDANT on behalf of the same or similar Class Members.

**D.    CLASS ACTION ALLEGATIONS**

15.    The following causes of action have been brought and properly may be maintained as a class action under the provisions of 29 U.S.C. 216(b) and/or California Code of Civil Procedures section 382 because: a) there is a well-defined community of interest in the litigation; and b) the proposed class is easily ascertainable.

***Numerosity***

16.    The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. PLAINTIFFS are informed and believe and thereon allege that  at all times mentioned herein PLAINTIFFS and the Class Members are or have been affected by DEFENDANT's and DOES 1–50's unlawful practices as alleged herein.

17.    Accounting for employee turnover during the relevant period covered by this action necessarily and substantially increases the number of employees covered by this action.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

11

1   PLAINTIFFS are informed and believe and thereon allege that DEFENDANT's and DOES 1–

2   50's employment records would provide information as to the actual number and location of all

3   Class Members.  Joinder of all members of the proposed class is not practicable.

4        ***Commonality***

5       18.    There are questions of law and fact common to the class predominating over any

6   questions affecting only individual Class Members. These common questions of law and fact

7   include, without limitation:

8            a.     Whether DEFENDANT violated California Labor Code sections 1194,

9                  1194.2 and 1197 and/or Industrial Welfare Commission ("IWC") Wage

10                 Order 4 and/or any other applicable Wage Order by failing to pay

11                 PLAINTIFFS and the California Class Members minimum wages for

12                 travel time between employment locations, waiting time at employment

13                 locations, time spent in daily meetings, time spent repairing defective

14                 alarm systems, time spent documenting inventory, and time spent

15                 participating in trainings;

16            b.     Whether DEFENDANT violated California Labor Code section 510

17                 and/or Industrial Welfare Commission Wage Order 4 and/or any other

18                 applicable Wage Order by failing to pay PLAINTIFFS and the California

19                 Class Members the overtime and double time wages to which they are

20                 entitled for hours worked in excess of eight (8) hours in one workday,

21                 forty (40) hours in one workweek, and/or for hours worked on the seventh

22                 workday of a workweek;

23            c.     Whether DEFENDANT violated the Fair Labor Standards Act, 29 U.S.C.

24                 § 207 by failing to pay PLAINTIFFS and the FLSA Class Members the

25                 overtime wages to which they are entitled for hours worked in excess of

26                 forty (40) hours in one workweek;

27            d.     Whether DEFENDANT violated the Fair Labor Standards Act, 29 U.S.C.

28                 § 206 by failing to pay PLAINTIFFS and the FLSA Class Members the

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

12

minimum wages to which they are entitled for hours worked generally, during meal periods, "on-call" time, and at times otherwise off-the-clock;

e.      Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with a first thirty-minute, duty-free meal period for each workday during which such employees worked more than five (5) hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

f.      Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with a second thirty-minute, duty-free meal period for each workday during which such employees worked more than ten (10) hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

g.      Whether DEFENDANT violated California Labor Code section 226.7 and Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order by failing to provide PLAINTIFFS and the California Class Members with one (1) ten-minute, duty-free rest period for each workday during which such employees worked more than four (4) hours, and for every four (4) hours or major fraction thereof.

h.      Whether DEFENDANT violated California Labor Code sections 20l, 202 and 203 by failing to pay all wages due and owing at the time that any California Class Member's employment with DEFENDANT and/or DOES 1–50 ended, whether voluntarily or involuntarily;

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

13

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

i.  Whether DEFENDANT violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFFS and the California Class Members;

j.  Whether DEFENDANT violated California Labor Code section 1174 by failing to maintain accurate time and payroll records for PLAINTIFFS and the California Class Members;

k.  Whether DEFENDANT violated California Labor Code section 2802(a) by failing to reimburse PLAINTIFFS and the California Class Members for expenditures and losses necessarily incurred in the direct discharge of their duties;

l.  Whether DEFENDANT violated California Business and Professions Code section 17200 *et seq.* and engaged in unlawful, unfair, and deceptive business practices by violating California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2441, 2802, 2810.5 and/or Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order and/or failing to: (1) pay minimum, regular, overtime, and/or double time wages to the Class Members; (2) permit the Class Members to take a net thirty-minute, duty-free meal period when they worked more than five (5) hours in a workday and/or pay such employees additional wages as required by California law; (3) pay all owed wages at the time that any Class Member's employment with DEFENDANT ended, whether voluntarily or involuntarily; (4) issue mandated, accurate, itemized wage statements;

m.  Whether DEFENDANT violated California Labor Code sections 221, 223, and 224 when it made deductions from California Class Members compensation that amounted to a rebate and/or deduction of the California Class Members wages;

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

n.  Whether PLAINTIFFS and the California Class Members are entitled to equitable relief pursuant to California Business and Professions Code section 17200 *et seq*; and

o.  Whether PLAINTIFFS and the California Class Members are entitled to penalties pursuant to California Labor Code section 2698 *et seq.*

### *Typicality*

19.  PLAINTIFFS' claims are typical of the class claims.  PLAINTIFFS and all Class Members sustained injuries and damages arising out of, and caused by, DEFENDANT's and DOES 1–50's common course of conduct in violation of California and United States laws, regulations, and statutes as alleged herein.

### *Adequacy of Representation*

20.  PLAINTIFFS will fairly and adequately represent and protect the interests of the Class Members. Counsel who represents PLAINTIFFS is competent and experienced in litigating wage and hour class actions and California Business and Professions Code section 17200 *et seq.* cases.

### *Superiority of Class Action*

21.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable and questions of law and fact common to the class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery as a result of DEFENDANT'S and DOES 1–50's unlawful policies and practices alleged in this Complaint.

22.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

/ / /

/ / /

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

15

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

**E.    BACKGROUND ALLEGATIONS**

23.    Plaintiff JULIAN SMOTHERS is a former non-exempt employee of DEFENDANT, and Plaintiff ASA DHADDA is a current non-exempt employee of DEFENDANT.

24.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT is and was, at all relevant times herein, is a business engaged in the sale and installation of residential alarm systems. DEFENDANT employed PLAINTIFFS and other employees in conjunction with this business.

25.    PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to pay PLAINTIFFS and all other similarly situated Class Members at a rate of no less than minimum wage for all hours worked, and a rate of one-and-a-half times the regular rate of pay for all hours worked in excess of eight (8) in a workday, forty (40) in a workweek, and/or for the first eight (8) hours on the seventh day of work in any one workweek. PLAINTIFFS further allege that DEFENDANT had and has statutory obligations to pay PLAINTIFFS and all other similarly situated Class Members at the rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in a workday and for any work in excess of eight (8) hours on the seventh day of a workweek.

26.    PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to provide PLAINTIFFS and all other similarly situated Class Members with a net thirty-minute, duty-free meal period during any workday during which such employees worked more than five hours and/or pay such employees additional wages at the regular rate of pay.

27.    PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to provide PLAINTIFFS and all other similarly situated Class Members with a second net thirty-minute, duty-free meal period during any workday during which such employees worked more than ten hours and/or pay such employees additional wages at the regular rate of pay.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

16

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

28.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages owed to PLAINTIFFS and all other similarly situated Class Members at the time that any Class Member's employment with DEFENDANT ended, whether voluntarily or involuntarily.

29.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages due and payable after a demand has been made.

30.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to issue PLAINTIFFS and the Class Members adequate notice of pay with certain specified information.

31.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to timely pay all wages due and payable twice during each calendar month.

32.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to issue mandated, accurate, itemized wage statements to PLAINTIFFS and all other similarly situated Class Members.

33.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to maintain written commission agreements for PLAINTIFFS and the Class Members.

34.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to accurate time and payroll records for PLAINTIFFS and the Class Members.

35.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to reimburse employees for necessary expenditures and losses incurred in the direct discharge of their duties. PLAINTIFFS are further informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had a statutory obligation to assure that any unreimbursed necessary expenditures

and losses incurred in the direct discharge of their duties did not consequently reduce employees' compensation to below minimum wage.

36.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT had and has statutory obligations to collect or receive wages from its employees that have already been earned by performance unless it is: (1) authorized in writing by the employee; and (2) does not amount to a rebate or deduction from the employees' standard wage as set forth in the parties' agreement.

37.     PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and other similarly situated Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned but unpaid wages from DEFENDANT.

38.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANT failed to satisfy the aforementioned statutory obligations.

39.     As a result of DEFENDANT's actions, PLAINTIFFS and other similarly situated Class Members suffered damages, including lost pay, wages, and interest.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 1194, 1194.2 & 1197

### (MINIMUM WAGE)

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)**

40.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by the reference.

41.     DEFENDANT failed to pay PLAINTIFFS and the Class Members minimum wages for all hours worked, including time DEFENDANT required these individuals to work off the clock, including but not limited to travel time between employment locations, waiting time at employment locations, time spent in daily meetings, time spent repairing defective alarm systems, time spent documenting inventory, and time spent participating in trainings.

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

18

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

42.     California Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and payment of less than the minimum so fixed is unlawful."

43.     The applicable minimum wage fixed by the commission for employees, such as PLAINTIFFS and Class Members is found in section 4(A) of IWC Wage Order No. 7.

44.     The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code section 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45.     As described in California Labor Code sections 1185 and 1194.2, any such action incorporates the applicable Wage Order of the Industrial Welfare Commission.

46.     California Labor Code section 1194.2 also provides for the following remedies:

> In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47.     As such, PLAINTIFFS, individually and on behalf of Class Members, may bring this action for minimum wages and overtime, interest, costs of suit, and attorneys' fees pursuant to California Labor Code section 1194(a).

48.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the Class Members have been deprived of wages in amounts to be proven at trial and are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon, pursuant to California Labor Code section 1194.2 and reasonable attorneys' fess, costs of suit, and penalties pursuant to section 1197.1.

## SECOND CAUSE OF ACTION

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

19

**VIOLATION OF LABOR CODE § 510**

**(OVERTIME PAY)**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

**and DOES 1 through 50)**

49.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

50.    California Labor Code section 510, subsection (a), provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

51.    PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and other Class Members systematically worked for periods of more than eight hours in a workday, forty hours in a workweek, and/or worked on the seventh day of a workweek without being compensated at the rate of one-and-a-half times their regular rate of pay, or alternatively for periods of more than twelve hours in a workday and/or more than eight hours on the seventh day of a workweek without being compensated at the rate of twice their regular rate of pay, due to DEFENDANT's failure to, among other things, nondiscretionary bonuses in its calculation of the regular rate of pay.

52.    Accordingly, DEFENDANT violated California Labor Code section 510 by failing to pay PLAINTIFFS and the Class Members at the appropriate rate of pay on the basis of the number of hours worked each workweek, and/or on the basis of work performed on the seventh day of a workweek. By its failure to properly compensate PLAINTIFFS and the Class Members at the correct rate of pay, DEFENDANT is liable for the difference between wages

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

20

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

1 paid to PLAINTIFFS and the Class Members and the wages actually owed had DEFENDANT

2 compensated such employees at the correct rate of pay.

3      53.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class

4 Members have been deprived of additional wages in amounts to be proven at trial and are

5 entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of

6 suit in addition to any other relief requested below.

7 **THIRD CAUSE OF ACTION**

8 **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

9 **(MEAL PERIODS)**

10 **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

11 **and DOES 1 through 50)**

12      54.    The allegations of each of the foregoing paragraphs are re-alleged and

13 incorporated herein by this reference.

14      55.    California Labor Code section 512, subsection (a), provides as follows:

15             An employer may not employ an employee for a work
16 period of more than five hours per day without providing
the employee with a meal period of not less than 30
17 minutes, except that if the total work period per day of the
employee is no more than six hours, the meal period may
18 be waived by mutual consent of both the employer and
employee. An employer may not employ an employee for a
19 work period of more than 10 hours per day without
providing the employee with a second meal period of not
20 less than 30 minutes, except that if the total hours worked is
no more than 12 hours, the second meal period may be
21 waived by mutual consent of the employer and the
employee only if the first meal period was not waived.

22      56.    Similarly, section 10 of Industrial Welfare Commission Wage Order 4 provides as

23 follows:

24     A.    No employer shall employ any person for a work period of
more than five (5) hours without a meal period of not less
25 than 30 minutes, except that when a work period of not
more than six (6) hours will complete the day's work the
26 meal period may be waived by mutual consent of the
employer and the employee.

27

28     B.    An employer may not employ an employee for a work
period of more than ten (10) hours per day without

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

21

providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.    California Labor Code section 226.7 provides, in pertinent part, as follows:

a.    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

58.    PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and Class Members systematically worked periods of more than five hours in a workday without being provided a mandatory thirty-minute, duty-free meal period and worked periods of more than ten hours in a workday without being provided a mandatory second thirty-minute, duty-free meal period while in the employ of DEFENDANT. Specifically, PLAINTIFFS are informed and believe, and thereon allege, that, at all times mentioned herein, DEFENDANT maintained company policies that did not provide its employees the opportunity to take a meal period during the workday, including workdays during which employees worked more than five hours or ten hours. PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANT did not pay PLAINTIFFS or any of the other affected Class Members an additional one (1)-hour's wage at the regular rate of pay for each meal period that was not provided as stated above.

59.    Accordingly, DEFENDANT violated California Labor Code sections 226.7 and 512 by failing to provide meal periods mandated by California Labor Code sections 226.7 and Section 10 of IWC Wage Order 4 and/or any other applicable Wage Order to their employees who worked more than five hours in a workday. By their failure to provide a meal period for days on which non-exempt employees work(ed) in excess of five hours, and failing to pay one hour of additional wages at the regular rate of pay in lieu of each meal period not provided,

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

DEFENDANT violated California Labor Code sections 226.7 and 512 and Section 10 of IWC Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a meal period was not lawfully provided, or for the difference between the additional wages paid to the Class Members and the correct amount owed based on the Class Members' regular rates of pay.

60.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief requested below.

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND INDUSTRIAL WELFARE COMMISSION WAGE ORDER NO. 4

### (REST PERIODS)

### (PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

61.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

62.    Section 12 of Industrial Welfare Commission Wage Order 4 provides, in pertinent part, as follows:

> A.    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
>
> B.    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

23

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

63.    California Labor Code section 226.7 provides, in pertinent part, as follows:

    a.    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b.    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

64.    PLAINTIFFS are informed and believe, and thereon alleges, that she and Class Members systematically worked periods of more than 3 ½ hours in a workday without being provided a mandated paid ten-minute, duty-free compensated rest period while in the employ of DEFENDANT for every four hours worked or major fraction thereof. PLAINTIFFS are informed and believe, and thereon alleges, that, at all times mentioned herein, DEFENDANT maintained company policies that did not permit its employees to take a compensated rest period during any given workday including workdays during which their employees worked more than 3 ½ hours.    PLAINTIFFS are further informed and believe, and thereon alleges, that DEFENDANT never paid PLAINTIFFS or any of the other affected Class Members an additional one (1)-hour's wage for each rest period that was not provided as stated above.

65.    Accordingly, DEFENDANT violated California Labor Code section 226 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order to their employees who worked more than 3 ½ hours in a workday.  By their failure to permit a compensated rest period for days on which non-exempt employees work(ed) in excess of 3 ½ hours and failing to pay one hour of additional wages in lieu of each rest period not provided, DEFENDANT violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a rest period was not lawfully provided.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

24

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

66.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, in addition to any other relief requested below.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES IN VIOLATION OF**

**LABOR CODE § 2802**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against**

**DEFENDANTand DOES 1 through 50)**

67.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

68.    California Labor Code section 2802 provides, in pertinent part:

a.    An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer...

b.    All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.  Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

c.    For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

69.    Specifically, DEFENDANT refused to reimburse PLAINTIFFS and the Class Members for necessarily incurred motor vehicle, mileage, tool, and housing expenses incurred during the course and scope of their employment.

70.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT failed to reimburse PLAINTIFFS and the Class Members for necessarily incurred

25

Sutton Hague Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

motor vehicle, mileage, tool, and housing expenses incurred during the course and scope o their

employment with DEFENDANT.

71.    PLAINTIFFS and the Class Members are, therefore, entitled to the unreimbursed

business expenses, along with interest on those expenses and attorneys' fees, as required by

California Labor Code section 2802 in addition to the relief requested below.

## SIXTH CAUSE OF ACTION

### FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES

### (PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

72.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

/ / /

73.    DEFENDANT is required to maintain accurate records of, among other things, wages earned at each hourly rate and the accurate number of total hours worked by PLAINTIFFS and Class Members.

74.    DEFENDANT was required to furnish such records to PLAINTIFFS and Class Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck as required by the California Labor Code, IWC Order 4, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

75.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT failed to accurately maintain and furnish records of the wages earned by PLAINTIFFS and Class Members.

76.    As a direct and proximate result of DEFENDANT's failure to issue accurate, itemized wages statements to PLAINTIFFS and Class Members, PLAINTIFFS and Class Members suffered damage.

77.    PLAINTIFFS and Class Members are, therefore, entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by Labor Code section 226, in addition to the relief requested below.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

26

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF

### LABOR CODE §§ 201, 202, & 203

### (PLAINTIFF JULIAN SMOTHERS, Individually and on Behalf of the Class Members,

### Against DEFENDANT and DOES 1 through 50)

78. The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

79. California Labor Code section 201 provides, in pertinent part:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ."

80. California Labor Code section 202 provides, in pertinent part:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

81. California Labor Code section 203 provides, in pertinent part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

82.     PLAINTIFF JULIAN SMOTHERS' employment with DEFENDANT terminated on or about September 2014. Despite said termination of employment, he did not receive compensation for wages owed pursuant to California Labor Code sections 201, 202, and 203.

83.     PLAINTIFF JULIAN SMOTHERS is informed and believes, and thereon allege, that this failure by DEFENDANT to pay was willful and intentional.

84.     PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that Class Members were terminated or have voluntarily left DEFENDANT's employ, and PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that they have not received compensation for all their wages owed in accordance with the provisions of California Labor Code sections 201, 202, and 203, including, but not limited to, minimum, regular, overtime, and/or double time wages, premium pay for meal periods not provided, and/or reimbursable expenses. PLAINTIFF JULIAN SMOTHERS is informed and believes, and on that basis allege, that this failure by DEFENDANT to pay was willful and intentional.

85.     In addition, PLAINTIFFS are informed and believe, and on that basis allege, that since Plaintiff JULIAN SMOTHERS and Class Members' terminations from employment with DEFENDANT, DEFENDANT has continually failed to pay the compensation that is due and owing, thereby entitling them to waiting time penalties for the unpaid wages owed pursuant to California Labor Code sections 201, 202, and 203.

86.     PLAINTIFFS are informed and believe, and thereon allege, that Plaintiff JULIAN SMOTHERS and Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned and unpaid wages from DEFENDANT. Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

87.     In addition, Plaintiff JULIAN SMOTHERS and the Class Members have incurred, and will continue to incur, legal expenses, including attorneys' fees and costs. PLAINTIFFS are presently unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. Plaintiff

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

28

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

1  JULIAN SMOTHERS and Class Members are entitled to recover attorneys' fees, expenses, and

2  costs according to proof.

3  **EIGHTH CAUSE OF ACTION**

4  **VIOLATION OF UNFAIR COMPETITION LAW**

5  **(BUSINESS & PROFESSIONS CODE §17200, ET SEQ.)**

6  **(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANT**

7  **and DOES 1 through 50)**

8      88.    The allegations of each of the foregoing paragraphs are re-alleged and

9  incorporated herein by this reference.

10     89.    DEFENDANT has engaged and continues to engage in unfair business practices

11  in California by practicing, employing, and utilizing the employment policy of failing to pay

12  PLAINTIFFS and Class Members employment compensation as required by the California law

13  cited herein above and by violating applicable provisions of the California Labor Code,

14  including, but not limited to, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512,

15  1194, 1194.2, 1197, 2441, 2802, 2810.5, and certain provisions of the Industrial Welfare

16  Commission Wage Order 4 and/or any other applicable Wage Order, as alleged herein.

17  DEFENDANT's utilization of such illegal and unfair business practices constitutes unfair

18  competition and provides DEFENDANT with an unfair advantage over DEFENDANT'S

19  competitors.

20     90.    PLAINTIFFS seek on their own behalf, on behalf of those similarly situated, and

21  on behalf of the general public full restitution and disgorgement of all employment compensation

22  wrongfully withheld, as necessary and according to proof, to restore any and all monies

23  withheld, acquired, and/or converted by DEFENDANT by means of the unfair and unlawful

24  practices complained of herein. The restitution and disgorgement requested includes all wages

25  earned and unpaid, including interest thereon. The acts complained of herein occurred, at least in

26  part, within the last four (4) years preceding the filing of the Complaint in this action and

27  continue to the present.

28

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

29

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

91.    PLAINTIFFS are informed and believe, and on that basis allege, that at all times herein mentioned DEFENDANT has engaged in unlawful and unfair business practices as proscribed by California Business and Professions Code 17200 *et seq.* by depriving PLAINTIFFS and Class Members of the minimum working conditions and standards due to them under the California Labor Code and IWC Wage Orders as identified herein.

92.    California Business and Professions Code 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFFS and Class Members to a restitution remedy authorized by California Business and Professions Code section 17203.  PLAINTIFFS and Class Members and the general public are, therefore, entitled to the relief requested below.

93.    In addition, PLAINTIFFS have incurred, on behalf of themselves, and on behalf of the Class Members, and will continue to incur, legal expenses and attorneys' fees. PLAINTIFFS, on behalf of themselves, and on behalf of the Class Members, are presently unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 512 and California Code of Civil Procedure section 1021.5, PLAINTIFFS and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## NINTH CAUSE OF ACTION

### IMPERMISSIBLE WAGE DEDUCATIONS IN VIOLATION OF LABOR CODE

### §§ 221, 223, & 224

### (PLAINTIFFS, Individually and on Behalf of All Class Members, Against

### DEFENDANT  and DOES 1 through 50)

94.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

95.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Code mentioned herein.

96.    California Labor Code § 221 provides in pertinent part:

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

30

1
2

It shall be unlawful for any employer to collect or receive from any employee any part of wages theretofore paid by said employer to said employee.

3
4

97.    California Labor Code § 223 provides in pertinent part

5
6

Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or contract.

7
8
9
10
11

98.    At all relevant times, PLAINTIFFS allege, on information and belief, that DEFENDANT unlawfully deducted portions of PLAINTIFFS' and other California Class Members' wages that were already earned for trivial matters such as failing to correct deficient installation jobs, failing to report to work, failing to respond to phone calls, and refusing to accept jobs, among other reasons.

12
13
14
15

99.    At all relevant times, PLAINTIFFS allege, on information and belief, that DEFENDANT'S unlawful deductions amounted to a deduction and/or rebate of wages already earned by PLAINTIFFS and other California Class Members and was not legally authorized by any lawful regulation or contract under the laws of California.

16
17
18
19

100.    At all relevant times, PLAINTIFFS allege, on information and belief, that DEFENDANT'S unlawful deductions were made intentionally, willfully, and improperly insofar as DEFENDANT is engaged in business in California with access to the California Labor Code and the provisions contained therein.

20
21
22

101.    At all relevant times, PLAINTIFFS allege, on information and belief, that as result of DEFENDANT's wrongful conduct, PLAINTIFFS and all California Class Members have been damaged in an amount to be established.

23
24
25
26
27
28

102.    In addition, PLAINTIFFS and the California Class Members have incurred, and will continue to incur, legal expenses, including attorneys' fees and costs. PLAINTIFFS are presently unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. PLAINTIFFS and California Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

31

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF 29 U.S.C. § 206**

**(PLAINTIFFS, Individually and on Behalf of All FLSA Class Members, Against**

**DEFENDANT and DOES 1 through 50)**

103.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

104.    At all relevant times, DEFENDANT was subject to the provisions of the United States Code mentioned herein.

105.    At all relevant times, PLAINTIFFS allege, on information and belief, that they and the other FLSA Class Members are and/or were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce for purposes of 29 U.S.C. section 206(a), such that they were entitled to minimum wages for all hours worked.

106.    29 U.S.C. section 207(a)(1) provides in pertinent part

Every employer shall pay top each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production og goods for commerce, wages at the following rates:

(1) Except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
(B) $6.55 an hour, beginning 12 months after that 60th day; and
(C) $7.25 an hour, beginning 24 months after that 60th day;

107.    At all relevant times, PLAINTIFFS allege, on information and belief, that they and other FLSA Class Members were required to perform piece rate work, without separate hourly compensation for hours worked, rest periods, "on-call" time, or other times during which PLAINTIFFS and other FLSA Class Members were subject to the control of DEFENDANT. PLAINTIFFS allege, on information and belief, that this caused the wages of themselves and other FLSA Class Members to fall below minimum wage when averaged over the total amount of time worked for DEFENDANTS.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

108. At all relevant times, PLAINTIFFS allege, on information and belief, that they and other FLSA Class Members were not reimbursed for necessary expenses and losses incurred in the direct course of their duties. PLAINTIFFS allege, on information and belief, that this caused the wages of themselves and other FLSA Class Members to fall below minimum wage when averaged over the total amount of time worked for DEFENDANTS, and deducting for these expenses.

109. At all relevant times, PLAINTIFFS allege, on information and belief, that they and other FLSA Class Members were not exempt from the requirement to be paid at least the federal minimum wage throughout the relevant time period.

110. At all relevant times, PLAINTIFFS allege, on information and belief, that DEFENDANT intentionally, willfully, and improperly failed to pay minimum wages to FLSA Class Members in violation of the FLSA.

111. At all relevant times, PLAINTIFFS allege, on information and belief, that DEFENDANT's conduct was willful because DEFENDANT knew PLAINTIFFS and FLSA Class Members were entitled to be paid at least the Federal minimum wage throughout the relevant time period, yet DEFENDANT chose not to pay them in accordance thereto.

112. At all relevant times, PLAINTIFFS allege, on information and belief, that as result of DEFENDANT's wrongful conduct, PLAINTIFFS and all FLSA Class Members have been damaged in an amount to be established.

113. On behalf of themselves and on behalf of all similarly situated FLSA Class Members who opt into this action, PLAINTIFFS request recovery of all unpaid wages, including unpaid minimum wages, liquidated damages, interest, attorney fees and costs of suit pursuant to 29 U.S.C. section 216(b) against DEFENDANT, in an amount to be established.

## **ELEVENTH CAUSE OF ACTION**

### **FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207**

**(PLAINTIFFS, Individually and on Behalf of All FLSA Class Members, Against DEFENDANT and DOES 1 through 50)**

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

33

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

114.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

115.    At all relevant times, DEFENDANT was subject to the provisions of the United States Code mentioned herein.

116.    At all relevant times, PLAINTIFFS allege, on information and belief, that they and the other FLSA Class Members are and/or were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce for purposes of 29 U.S.C. section 207(a)(1), such that they were entitled to overtime pay for a workweek longer than forty hours at a rate not less than one and one-half times the regular rate at which they are/were employed.

117.    29 U.S.C. section 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

118.    DEFENDANT failed to properly calculate the regular rate of pay of PLAINTIFFS and other FLSA Class Members by failing to include all items of remuneration in the calculation of their regular rate of pay, including but not limited to non-discretionary bonuses, and therefore failed to pay PLAINTIFF and other FLSA Class Members with all overtime wages to which they were entitled under 29 U.S.C. section 207(a)(1).

119.    DEFENDANT intentionally, willfully, and improperly failed to pay overtime wage to PLAINTIFFS and FLSA Class Members in violation of the FLSA.

120.    DEFENDANT'S conduct was willful because DEFENDANT knew that PLAINTIFF and FLSA Class Members were entitled to be paid at least one and one-half times their regular rate of pay for all hours worked over forty hours per workweek at all times relevant to the FLSA CLASS, yet DEFENDANT chose not to pay them in accordance thereto.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

34

121. As a direct and proximate result of DEFENDANT'S wrongful conduct, PLAINTIFFS and all FLSA Class Members have been damages in amounts to be proven at trial.

122. On behalf of themselves and all similarly situated FLSA Class Members who opt into this action, PLAINTIFFS request recovery of all unpaid overtime wages, liquidated damages, interest, and attorneys fees and costs of suit pursuant to 29 U.S.C. section 216(b) in an amount to be proven at trial.

**TWELTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PAY MINIMUM WAGE FOR EACH HOUR WORKED**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

123. The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

124. At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes mentioned herein.

125. California Labor Code section 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

126. California Labor Code section 2699.3(a) states:

> A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

35

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation. 2(A) The agency shall notify the employer and the aggrieved employee or the representative by certified mails that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

127.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3 in that PLAINTIFFS gave written notice of their claims California Labor Code section 2699 *et seq*. to DEFENDANT and to the California Labor and Workforce Development Agency on or about March 21, 2016, and the California Labor and Workforce Development Agency failed to respond to PLAINTIFF's notice within thirty-three days.

128.    PLAINTIFFS are entitled to recover these penalties for themselves and other current or former aggrieved employees through a civil action filed on their own behalf. These penalties are in addition to all other remedies permitted by law.

129.    DEFENDANT set the policies for, established, controlled, consented to, approved and/or ratified the non-payment of the wages due to PLAINTIFFS and other current and former aggrieved employees in violation of the California Labor Code and the applicable Wage Order.

130.    DEFENDANT failed to comply with California Labor Code sections, 1194, 1194.2 and 1197 by failing to pay PLAINTIFFS the California minimum wage due PLAINTIFFS for each hour worked. PLAINTIFFS are therefore entitled to the penalties set forth in the Cal. Labor Code, including but not limited to the penalties set forth California Labor Code sections 210, 225.5, 558, and 1197.1, on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections, 1194, 1194.2 and 1197, or to those penalties set forth in California Labor Code sections 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA  93704

36

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

131. In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

## THIRTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO PAY OVERTIME

**(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

132. The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

133. At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

134. PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

135. DEFENDANT failed to comply with California Labor Code section 510 by failing to pay PLAINTIFFS and the other Class Members at the correct hourly rate for those hours worked in excess of eight (8) in a workday, in excess of forty (40) in a workweek, and/or for hours worked on the seventh day of a workweek as required under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code sections 210, 225.5, and 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code section 510, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

136. In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

37

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

137.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]"  PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

**FOURTEENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PROVIDE MEAL PERIODS**

**(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

138.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

139.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

140.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

141.    DEFENDANT failed to comply with California Labor Code sections 226.7 and 512 and Section 11 of the Industrial Welfare Commission Wage Order No. 4 by failing to provide PLAINTIFFS and other aggrieved employees with all meal periods to which PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code sections 210, 225.5, and 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections 226.7 and 512, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

142.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

143.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]"  PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## FIFTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO PROVIDE REST PERIODS

### (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

144.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

145.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

146.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

147.    DEFENDANT failed to comply with California Labor Code sections 226.7 and Section 12 of the Industrial Welfare Commission Wage Order No. 4 by failing to provide PLAINTIFFS and other aggrieved employees with all rest periods to which PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code sections 210, 225.5, and 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections 226.7, or to those penalties

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

39

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

148.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

149.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]"  PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## SIXTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

## (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees,

## Against DEFENDANT and DOES 1 through 50)

150.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

151.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

152.    PLAINTIFFS have exhausted their administrative remedies pursuant California Labor Code section 2699.3.

153.    DEFENDANT failed to comply with California Labor Code section 226 by failing to provide PLAINTIFFS and other aggrieved employees with itemized wage statements to which PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code sections 226.3 and 1174.5 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

40

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

Code sections 226 and 1174, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

154. In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

155. Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## SEVENTEENTH CAUSE OF ACTION

## CIVIL PENALTIES FOR FAILURE TO MAINTAIN ADEQUATE AND ACCURATE PAYROLL RECORDS

**(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

156. The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

157. At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

158. PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

159. DEFENDANT failed to comply with California Labor Code sections 221, 224, 226 and 1174 by failing to provide PLAINTIFFS and other aggrieved employees with itemized wage statements to which PLAINTIFFS and other aggrieved employees were entitled under California law. DEFENDANT's failure to provide accurate wage statements also resulted in their failure to maintain complete and accurate payroll records in accordance with California Labor

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

41

Code section 1174. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code section 1174.5 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code section 1174, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

160.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

161.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## EIGHTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO ISSUE NOTICE OF PAY

**(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)**

162.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

163.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

/ / /

164.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

42

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

165.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT failed to comply with California Labor Code section 2810.5 by failing to provide to PLAINTIFFS and other aggrieved employees a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(a)     The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable;

(b)     Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances;

(c)     The regular payday designated by the employer in accordance with the requirements of this code;

(d)     The name of the employer, including any "doing business as" names used by the employer;

(e)     The physical address of the employer's main office or principal place of business, and a mailing address, if different;

(f)     The telephone number of the employer;

(g)     The name, address, and telephone number of the employer's workers' compensation insurance carrier;

(h)     That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

166.     PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code for each and every pay period that DEFENDANT violated California Labor Code section 2810.5, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

43

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

167.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

168.    Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## NINTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO PAY WAGES DUE AND PAYABLE TWICE EACH CALENDAR MONTH

### (PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees, Against DEFENDANT and DOES 1 through 50)

169.    The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

170.    At all relevant times, DEFENDANT was subject to the provisions of the California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

171.    PLAINTIFFS have exhausted their administrative remedies pursuant to California Labor Code section 2699.3.

172.    DEFENDANT failed to comply with California Labor Code section 204 by failing to timely pay twice during each calendar month all wages owed to PLAINTIFFS and other aggrieved employees were entitled. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in California Labor Code section 210 on behalf of themselves and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code section 204, or to those penalties set forth in California Labor

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

44

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

1  Code section 2699(f) if it is determined that there is no established civil penalty for violation of

2  the foregoing provisions of the California Labor Code.

3  173.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs

4  pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who

5  prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

6  174.    Pursuant to California Labor Code section 218.6, in any action brought for the

7  nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of

8  interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per

9  annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS

10  and current and former aggrieved employees of DEFENDANT are therefore entitled to said

11  interest.

12  **TWENTITH CAUSE OF ACTION**

13  **CIVIL PENALTIES FOR FAILURE TO PAY WAGES DUE UPON DEMAND**

14  **(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees,**

15  **Against DEFENDANT and DOES 1 through 50)**

16  175.    The allegations of each of the foregoing paragraphs are re-alleged and

17  incorporated herein by this reference.

18  176.    At all relevant times, DEFENDANT was subject to the provisions of the

19  California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

20  177.    PLAINTIFFS have exhausted their administrative remedies pursuant to Cal.

21  Labor Code section 2699.3.

22  178.    DEFENDANT failed to comply with California Labor Code section 216 by,

23  having the ability to pay, willfully refusing to pay wages due and payable upon demand, and/or

24  denying the amount or validity thereof, or that the same is due, with intent to secure for itself, or

25  other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress,

26  hinder, delay, or defraud PLAINTIFFS and other aggrieved employees to whom such

27  indebtedness is due. PLAINTIFFS are therefore entitled to the penalties set forth in the

28  California Labor Code, including but not limited to the penalties set forth in California Labor

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

45

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

1  Code section 225.5, on behalf of themselves and other current and former aggrieved employees

2  of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor

3  Code section 216, or to those penalties set forth in California Labor Code section 2699(f) if it is

4  determined that there is no established civil penalty for violation of the foregoing provisions of

5  the California Labor Code.

6      179.   In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs

7  pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who

8  prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

9      180.   Pursuant to California Labor Code section 218.6, in any action brought for the

10  nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of

11  interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per

12  annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS

13  and current and former aggrieved employees of DEFENDANT are therefore entitled to said

14  interest.

15      **TWENTY-FIRST CAUSE OF ACTION**

16  **CIVIL PENALTIES FOR FAILURE TO PAY WAGES DUE UPON TERMINATION**

17  **(PLAINTIFFS, Individually and on Behalf of Current and Former Aggrieved Employees,**

18  **Against DEFENDANT and DOES 1 through 50)**

19      181.   The allegations of each of the foregoing paragraphs are re-alleged and

20  incorporated herein by this reference.

21      182.   At all relevant times, DEFENDANT was subject to the provisions of the

22  California Labor Codes and Industrial Welfare Commission Wage Orders mentioned herein.

23      183.   PLAINTIFFS have exhausted their administrative remedies pursuant to Cal.

24  Labor Code section 2699.3.

25      184.   DEFENDANT failed to comply with California Labor Code section sections 201,

26  202 and 203 by failing to provide Plaintiff JULIAN SMOTHERS and other former aggrieved

27  employees with wages due upon termination of their employment. Plaintiff JULIAN

28  SMOTHERS is therefore entitled to the penalties set forth in California Labor Code section 256

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

46

_____
PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

on behalf of herself and other current and former aggrieved employees of DEFENDANT, for each and every pay period that DEFENDANT violated California Labor Code sections 201 through 203, or to those penalties set forth in California Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

185.   In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

186.   Pursuant to California Labor Code section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages are due and payable[.]" PLAINTIFFS and current and former aggrieved employees of DEFENDANT are therefore entitled to said interest.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray as follows:

187.   For the Court to determine that the aforementioned Causes of Action may be maintained as a Class Action;

188.   For the Court to determine that the attorneys appearing in the above caption may be named as Class Counsel;

189.   For restitutionary and compensatory damages in an amount according to proof and with interest thereon, including, but not limited to unpaid minimum, regular, overtime, and/or double time wages;

190.   For DEFENDANT be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq.*;

191.   For DEFENDANT be ordered and enjoined to make restitution to PLAINTIFFS and the Class Members due to their unfair competition, including disgorgement of their

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

47

wrongfully obtained revenues, earnings, profits, compensation, and benefits pursuant to California Business and Professions Code sections 17203 and 17204;

192.    For DEFENDANT be enjoined from continuing the unlawful course of conduct alleged herein;

193.    For DEFENDANT further be enjoined to cease and desist from unfair competition in violation of the California Business and Professions Code section 17200 *et seq.*;

194.    For DEFENDANT be enjoined from further acts of restraint of trade or unfair competition;

195.    For payment of penalties for non-payment of wages to PLAINTIFFS and the Class Members in accordance with California Labor Code sections 201, 202, and 203 and/or California Business and Professions Code section 17202;

196.    For penalties pursuant to Labor Code section 2699 to PLAINTIFFS on behalf of themselves and all other current and former aggrieved employees of DEFENDANT;

197.    For interest, attorneys' fees, and costs of suit under California Labor Code sections 218.6, 226, 1194, 2699 and California Code of Civil Procedure section 1021.5;

198.    That DEFENDANT be ordered to show cause why it should not be enjoined and ordered to comply with the applicable California Labor Code sections and IWC Wage Orders related to payment of wages;

199.    For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

48

PLAINTIFFS' [PROPOSED] SECOND AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFFS, on behalf of themselves and all similarly situated Class Members, hereby demand trial by jury of Causes of Action One through Twenty-One to the extent authorized by law.


Dated:  February 23, 2018                    SUTTON HAGUE LAW CORPORATION
                                             A California Professional Corporation



                                             By: _____
                                                  JARED HAGUE
                                                  S. BRETT SUTTON
                                                  ANTHONY E. GUZMAN II
                                                  Attorneys for Plaintiffs
                                                  JULIAN SMOTHERS and ASA DHADDA

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA  93704

49