**S. BRETT SUTTON 143107**
brett@suttonhague.com
**JARED HAGUE 251517**
jared@suttonhague.com
**SUTTON HAGUE LAW CORPORATION, P.C.**
5200 N. Palm Avenue, Suite 203
Fresno, California 93704
Telephone: (559) 325-0500
Facsimile: (559) 981-1217

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| JULIAN SMOTHERS, an individual, ASA DHADDA, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHSTAR ALARM SERVICES, LLC, a Utah corporation; and Does 1–50, inclusive,<br><br>Defendants. | Case No. 2:17-CV-00548-KJM-KJN<br><br>CLASS ACTION<br><br>**NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT**<br><br>Date:      May 16, 2019<br>Time:      10:00 a.m.<br>Courtroom: 3<br><br>Judge: Hon. Kimberly J. Mueller |

## I. INTRODUCTION

On or about February 23, 2018, Plaintiffs Julian Smothers and Asa Dhadda (collectively "Plaintiffs"), filed a Motion for Preliminary Approval of Joint Stipulation of Class Settlement and Conditional Certification of FLSA Collective ("Motion"), seeking the Court's approval of a Joint Stipulation for Class Settlement ("the Settlement") between themselves and Defendant Northstar Alarm Services, LLC ("Defendant") (collectively "the Parties"). (ECF No. 39). The Settlement establishes a Gross Settlement Amount of $1.8 Million for a group of 94 putative class members in California (the "California Class") and 285 putative FLSA collective action members nationwide (the "FLSA Group"). On or about January 22, 2019, approximately 11 months later, the Court issued an order granting in part and denying in part Plaintiffs' Motion. (ECF No. 55).

By its order, the Court: (1) held that the California Class satisfies the numerosity, commonality, typicality, adequacy, and predominance and superiority requirements of FRCP 23(a) and (b)(3) and granted certification of the California Class (see ECF No. 55 at 12:24-25); (2) found Plaintiffs' counsel qualified to serve as Class Counsel under FRCP 23(g) and appointed Plaintiffs' counsel as Class Counsel (*Id.* at 13:2-4); (3) held the FLSA Group to be sufficiently similarly situated for preliminary certification pursuant to 29 U.S.C. § 216(b) (the "FLSA") (*Id.* at 15:3-4); and (4) preliminarily agreed that the mediator's proposed $1,800,000 global settlement was fair and reasonable (*Id.* at 21:16-18).

The Court's Order also identified certain concerns with the proposed Settlement, namely the proposed mechanism for notice to the FLSA Group and opt-in methodology and the existence of reversion provisions under which some portion of the settlement funds could potentially revert to Defendant. On that basis, the Court denied preliminary approval of the Settlement. In the subsequent weeks, the Parties have continued in arms-length negotiations to address the concerns identified by the Court's Order, and submit, attached to the Declaration of Jared Hague filed concurrently herewith, a revised Joint Stipulation for Class Settlement that addresses the Court's issues. Notably, the Settlement calls for notice and administration of the FLSA Group using a traditional opt-in procedure and eliminates the possibility of any reversion

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

to the Defendant, in addition to other details described therein that address the Court's identified concerns. Based on all of the foregoing, and as described in detail herein and in the revised Joint Stipulation, the Plaintiffs contend that the proposed revised Settlement is fair, adequate, and reasonable based on the respective strengths and weaknesses of each Party's case. A fully executed copy of the revised Settlement is attached to the Declaration of Jared Hague ("Hague Decl.") as Exhibit "A."

## II.   SUMMARY OF THE SETTLEMENT

As the Plaintiffs' prior Motion for Preliminary Approval (ECF No. 39) addressed in detail the legal basis for class settlement and the factual overview and summary of the case, and the Court already preliminarily certified the proposed California Class and FLSA Group, Plaintiffs will not repeat the factual details underlying the proposed class and collective in this renewed motion, and instead will address the changes to the revised Settlement that Plaintiffs believe should allay the Court's concerns about the Settlement. However, for ease of reference, Plaintiffs provide the following overview of the proposed Settlement Class and general details of the Settlement fund.

### A.   THE SETTLEMENT CLASS

**California Class:** All current and former non-exempt Alarm Installation Technicians and Lead Alarm Installation Technicians who performed compensable work for Defendant in the State of California at any time from February 3, 2013, through December 31, 2017, who do not timely opt out of the California Class and the Settlement. Defendant represents by its execution of this Stipulation that there are 94 individuals who fall within the definition of the California Class as set forth herein.

**FLSA Group:** All current and former non-exempt Alarm Installation Technicians and Lead Alarm Installation Technicians who performed compensable work for Defendant in the United States at any time from February 3, 2014, through December 31, 2017, who affirmatively opt in to the FLSA Group and the Settlement by timely returning to the Settlement Administrator the Court-approved opt-in form. Defendant represents by its execution of this Stipulation that there are 285 individuals who potentially fall within the definition of the FLSA Group as set forth herein.

The Settlement will not prejudice the claims of current or former employees of Defendant who do not fall within this definition.

/ / /

Sutton Hague
Law Corporation
5200 N. PALM AVENUE
SUITE 203
FRESNO, CA 93704

NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT

B.   **DETAILS OF THE SETTLEMENT FUND**

1.   **Gross Settlement and Net Settlement Amounts**

Under the terms of the Settlement, the $1.8 Million Gross Settlement Amount ("GSA") is to be distributed as follows:

(1) Attorneys' fees of not more than $450,000 (25% of the GSA) to be paid to Class Counsel[1];

(2) Litigation costs of not more than $20,000 to be paid to Class Counsel;

(3) Settlement administration costs of up to $50,000 to be paid to Phoenix Settlement Administrators as the third-party settlement administrator or to other third-party service providers engaged to locate potential class members;

(4) Plaintiffs to receive incentive fees of not more than $20,000 ($10,000 each);

(5) PAGA penalty of $50,000, 75% of which ($37,500) will be paid to the California Labor and Workforce Development Agency and 25% of which ($12,500) will be paid to the Class Members; and

(6) Net Settlement Amount ("NSA"), estimated to be $1,222,500, available to the Settlement Class Members who participate in the Settlement.

The GSA will be allocated between the FLSA Group and the California Class as follows: $1,000,000 to the FLSA Group and $800,000 to the California Class. The deductions from the GSA to reach the NSA will be deducted from the portion of the GSA allocated to the FLSA Group and to the California Class pro rata except that the PAGA penalty will be allocated solely to the California Class. Any difference between the attorneys' fees, litigation costs, administration costs, incentive fees, and PAGA penalty permitted under the Settlement and actually awarded by the Court following hearing on final approval will revert to the NSA and be allocated pro rata to the FLSA Group and to the California Class. Additionally, Defendant's

---

[1] As further described herein, in response to the Court's January 22, 2019 Order, Class Counsel have decreased their maximum attorneys' fee threshold under the Settlement from 33% ($600,000) to 25% ($450,000), which will correspondingly increase each participating Settlement Class Member's individual share of the Settlement.

share of any applicable payroll taxes shall be paid by Defendant separately from the Settlement, such that the Settlement Class will not have to bear those costs. Thus, the NSA may increase after final approval, but it will not decrease.

### III. LEGAL STANDARDS AND DISCUSSION OF REVISED SETTLEMENT

The law favors the compromise and settlement of class action suits. *See Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 252 (N.D. Cal. 2015) ("Judicial policy strongly favors settlement of class actions."). "Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial. . . . The economics of litigation are such that pre-trial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process."

In this case, the Court has already certified the California Class and FLSA Group. Therefore, the scope of the instant Motion will be limited to a discussion of the measures taken to address the Court's concerns with the Parties' prior settlement agreement.

#### A. THE FLSA NOTICE AND OPT-IN PROCEDURE

The majority of the Court's January 22, 2019 Order dealt with the proposed notice and opt-in mechanism for the FLSA Group. The Parties have revised the notice and opt-in procedure to reflect a traditional notice and opt-in procedure for FLSA settlements.

Section 216(b) of the FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see also *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). While the Parties believe that the prior opt-in mechanism complied with these authorities, the Parties have revised the Settlement to reflect that potential Settlement Class Members within the FLSA Group must timely submit a valid "Opt-In Form," a copy of which will be provided to all potential FLSA Group Members with the notice documents. (Settlement at I.3.b. (FLSA Group defined as those "who

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT

affirmatively opt in to the FLSA Group and the Settlement by timely returning to the [Administrator] the Court-approved opt-in form.")); (Settlement at X.1. (only the members of the FLSA Group, defined as those who timely opt in to the Settlement, will release FLSA claims)).

The Settlement also confirms that the opt-in forms will be filed with the Court prior to the anticipated hearing on final approval of the Settlement. (Settlement at VI.1. (administrator will provide all counsel with copies of original requests for inclusion which Class Counsel will file with the Court no later than fourteen (14) days prior to the Court's Final Fairness Hearing.)) In this manner, the Settlement complies with United State Supreme Court and Ninth Circuit holdings addressing the need for such consent forms to be filed with the court. *See Genesis Healthcare Corp.*, *supra* at 75; *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1043 (2016); *Rangel v. PLS Check Cashers of California, Inc.*, 899 F.3d 1106, 1109 n.1 (9th Cir. 2018).

By changing the mode of administration of the FLSA component of the case, the Parties have brought the Settlement in line with the traditional method of FLSA settlement administration that has been preliminarily and finally approved by every federal district in California, which is an opt-in form that must be completed and returned by the potential collective members and which opt-in form is then filed with the court prior to final approval. *Padron v. Golden State Phone & Wireless*, 2018 WL 2234550 (N.D. Cal. May 16, 2018); *Carter v. Anderson Merchandisers, LP*, 2010 WL 1946784 (C.D. Cal. 2010); *Velazquez v. International Marine and Industrial Applicators, LLC*, 2018 WL 828199 (S.D. Cal. February 9, 2018); *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, 2017 WL 5665848 (E.D. Cal. 2017). For this reason, the proposed method of administration should be approved as complying with the requirements of 29 U.S.C. § 216(b) and should not be an impediment to preliminary approval of the Settlement.

**B. THE AMOUNT OF THE SETTLEMENT IS FAIR AND REASONABLE**

The Court has already considered Class Counsel's evaluation of the strengths and weaknesses of the claims in this case as articulated in the prior Motion for Preliminary Approval, as well as the Parties' respective mediation briefs and the mediator's proposal issued after private mediation with the Hon. Jeffrey Winikow (Ret.), and found the amount of the Settlement to be

reasonable. (ECF No. 55 at 21). Given that the proposed Settlement Class has fixed starting and ending dates (Settlement at I.3.), the class composition is static and Defendant's potential liability for the claims of the Settlement Class has not changed since Class Counsel last moved for preliminary approval of the Settlement.

Moreover, as Class Counsel's attorneys' fee allocation under the revised Settlement is now lower[2], the net settlement amounts have correspondingly increased from the amounts articulated in the prior preliminary approval papers. Specifically, Class Counsel's prior estimate of the FLSA Group potential net settlement amount was $601,389, and the prior estimate of the California Class potential net settlement amount was $481,111. (ECF No. 39 at 13:18-23). Under the revised version of the Settlement, the FLSA Potential Net Settlement Amount is estimated at $700,000 and the California Class Net Settlement Amount is estimated at $522,500. Therefore, where the Court previously considered the amount of the Settlement to be fair and reasonable when the Court last considered preliminary approval, the changes to the Settlement have only increased the favorability of the Settlement for the Settlement Class Members.

**C.  SUBTLE SIGNS OF UNFAIRNESS**

In the Court's January 22, 2019 Order, the Court also identified what it perceived as "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." (ECF No. 55 at 22:4-9; citing *In re Bluetooth*, 654 F.3d 935, 947 (citations omitted).) The Court's Order further identified three such aspects of the Settlement as signaling potential unfairness: 1) the attorneys' fee amount; 2) the presence of a "clear-sailing" provision as to attorneys' fees; and 3) the potential for a reversion to Northstar. Class Counsel addresses each of these points in turn.

1.  **Attorneys' Fees Award**

The only problem the Court identified with the potential attorneys' fee award was the fact that the Settlement permitted Class Counsel to seek up to one-third (33.33%) of the gross

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT

settlement amount, as opposed to the twenty-five percent (25%) portion that is the benchmark for the Ninth Circuit. (ECF No. 55 at 22:12-14). As the Court acknowledges, such requests, regardless of the amount the class' attorney requests, must ultimately be approved by the court. *See In re Easysaver Rewards Litig.*, 906 F.3d 747, 758-759. However, to avoid any appearance of potential unfairness, Class Counsel agree that they will not seek attorneys' fees in excess of the twenty-five percent (25%), or one-quarter, benchmark that is the norm in this Circuit. (Settlement at I.11, 26). As was the case under the previous iteration of the Settlement, and as remains true of the revised Settlement, Class Counsel acknowledges that any request for attorneys' fees, costs, administration costs or enhancement awards are subject to court approval. The Settlement states that "[n]o sooner than twenty-one (21) days after the Notice Period ends, Class Counsel will submit an application for fees and expenses," in accordance with the Settlement. (Settlement at IV.7). Any difference between the fees and expenses sought by Class Counsel and the amount awarded by the Court will revert to the California and FLSA Net Settlement Amounts. (*Ibid.*)

Based on the foregoing, the revised Settlement addresses the Court's concerns regarding potential unfairness in terms of the amount of attorneys' fees Class Counsel could permissibly request under the terms of the Settlement, and the applicable provisions are not an impediment to preliminary approval.

**2. Clear Sailing Provision**

The Court's January 22, 2019 Order also references the presence of a "clear sailing" provision, referencing Defendant's agreement not to object to Class Counsel's attorney fee or expense applications that do not exceed the thresholds specified in the Settlement. The Court's Order indicates that if such provision remains part of the Settlement, that the Court will conduct a lodestar cross-check to determine whether any attorney fee or expense applications are reasonable. *See Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 3030 F.R.D. 337, 352 (E.D.

---

[2] Under the revised Settlement, Class Counsel's attorney fee request will not exceed twenty-five percent (25%) of the gross settlement amount, as opposed to thirty-three percent (33%) under the

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT

1  Cal. 2014).

2  As an initial matter, Class Counsel notes that the "clear sailing" provision at issue in this case is different from that at issue in the cited case *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). In *Bluetooth*, the court noted that it was especially wary of a clear sailing provision where, among other things, the attorneys' fees would be paid separately from class funds and where the parties had arranged for fees not awarded to revert to the defendants rather than to be added to the class funds. Neither of those aspects were ever part of the Settlement previously negotiated and proposed for approval. Under the previous and current iterations of the Settlement in this case, the attorneys' fees comprise a part of the gross settlement amount for the Settlement Class, the deduction of which, along with other expenses and awards to be approved by the Court, would result in an increase to the net settlement amounts. (Settlement at I.16, 31). Likewise, any difference between the fees and expenses sought by Class Counsel and the amount awarded by the Court will revert to the California and FLSA Net Settlement Amounts. (Settlement at IV.7). Thus, any potential unfairness resulting from "clear sailing" in the instant case is far less attenuated than the unfairness at issue in *Bluetooth*.

Class Counsel fully expected that the Court would conduct a thorough lodestar cross-check and review of any attorney fee and/or cost application. However, to further clarify that such will be the case, the Parties have revised the Settlement to explicitly state that Class Counsel will request that any fee application should be subject to a lodestar cross-check analysis, as well as any other fee or cost review criteria the Court may wish to use in its discretion. (Settlement at IV.7). Therefore, the presence of a clear sailing provision should not be an impediment to preliminary approval in the context of this Settlement.

### 3. Reversionary Provisions

Finally, the Court's January 22, 2019 Order also identifies the issue of reversionary provisions with the Settlement, specifically referring to the potential of a reversion to Northstar if thirty percent (30%) or more of the California Class opted-out, or if fifty percent (50%) of the prior version of the Settlement.

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

FLSA Group do not opt-in.

Again, the current version of the Settlement eliminates any reversionary aspect to the Settlement. The entirety of the California Class Net Settlement Amount will be distributed to the participating California Class Members, with no reversion to Northstar. (Settlement at VII.1). Likewise, the payments to the FLSA Group Members bear no relationship to the presence of a reversion or minimum guaranteed amount. Each potential FLSA Group Member will be informed of his or her potential individual settlement amount based on the estimated NSA and the total number of pay periods worked during the Class Period. (Settlement at VII.4). If the potential FLSA Group Member affirmatively indicates the desire to participate in the Settlement by timely submitting a valid opt-in, or "consent," form, and the Court finally approves the Settlement, that FLSA Group Member will receive his or her individual share of the NSA allocated to the FLSA Settlement. (*Ibid.*)

In its January 22, 2019 Order, the Court cited *Trout v. Meggitt-USA Servs., Inc.*, No. 2:16-cv-07520-ODW-AJW, 2018 WL 1870388. The treatment of the settlement payments to members of the FLSA Group in the revised version of the Settlement in this case adopts the procedure that was approved by the court in *Trout*. In that case, the court noted two considerations favoring approval. First, the FLSA settlement amount adequately compensated each collective action member by paying each employee more than the amount of overtime worked. *Trout*, 2018 WL 1870388, at *6. Second, the defendant in *Trout* remained potentially liable to any employees who did not affirmatively opt in. *Id.* Both of these considerations are equally present in the revised version of the Settlement in this case and weigh in favor of approval. First, as the Court recognized in its January 22, 2019 Order, Plaintiffs' own estimate of the value of their FLSA claims is $772,000. (ECF No. 55, p. 21.) So the Settlement's allocation of $1,000,000 more than fully compensates members of the FLSA Group. As the *Trout* court recognized, if FLSA settlement funds allocated to non-participating employees were divided and paid to participating employees, those participating employees would disproportionately receive more than the value of their claims. *Trout*, 2018 WL 1870388, at *6. Second, potential members of the FLSA Group who choose not to participate in the Settlement are not releasing any claims

against NorthStar and remain free to pursue such claims individually if they choose. (Settlement at X.1). In short, the revised Settlement does not permit any reversion to Defendant and so does not present the potential for unfairness noted by the Court's January 22, 2019 Order.

### D. THE COURT IS JUSTIFIED IN APPROVING THE NOTICE, OPT-IN FORM AND PROPOSED SCHEDULE FOR ADMINISTRATION

For classes certified under Rule 23(b)(3), the court is obligated to direct settlement in a reasonable manner that conforms with the requirements of due process. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts have held that notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice. *See, Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 (1974).

Should the Court agree that the Parties have resolved the concerns that previously caused the Court to deny Class Counsel's preliminary approval motion, Class Counsel respectfully requests that the Court also approve the proposed notice, the opt-in form that will be distributed to FLSA Group Members, and the proposed schedule for administration. Here, Plaintiffs will undertake significant efforts to locate and contact the Settlement Class Members well beyond a simple mailing. Defendant has agreed to provide the Settlement Administrator and Class Counsel with a database containing extensive contact information for the Class. (Settlement at VI.2). Class Members will receive notice of the Settlement by mail and e-mail. Concurrent with the distribution of the Class Notice, the Settlement Administrator or another third-party vendor will also conduct a search for Settlement Class Members through online social media website and will send an email to any identified Settlement Class Members through that channel as well, and will continue to contact Class Members via email every seven days over the course of the Notice Period. (Settlement at VI.2). The Settlement also includes a robust telephonic notice campaign directed towards the FLSA Group Members to inform them of the requirement to affirmatively opt-in to the Settlement by timely submitting a valid opt-in form, and contacting those who have not yet turned in their opt-in form every seven (7) days until the opt-in deadline has passed. (*Ibid.*)

Within ten (10) days after the Settlement Administrator sends the Class Notice, the

Sutton Hague
Law Corporation
5200 N. Palm Avenue
Suite 203
Fresno, CA 93704

NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION FOR CLASS SETTLEMENT

1 Settlement Administrator will also send a follow-up postcard to each Class Member reminding
2 them of the applicable deadlines associated with the Settlement and providing the contact
3 information for the Settlement Administrator and Class Counsel. If any notice is returned
4 undeliverable, the Settlement Administrator will perform skip tracing to attempt to ensure
5 delivery of the notices and promptly re-send the notices. (*Ibid.*)

6 California Class Members will have at thirty (30) calendar days to opt out of the
7 Settlement or object. (Settlement at VI.3). As there is no corresponding "opt-out" provision for
8 the FLSA Group Members, they will be able to opt-in to the Settlement by timely submitting a
9 valid opt-in form at any time during the seventy-five (75) day Notice Period, as defined by the
10 Settlement. (Settlement at I.9). Accordingly, the Notice is reasonable and should be approved.

11 **E. PHOENIX SETTLEMENT ADMINISTRATOR SHOULD BE APPOINTED AS
12    THE SETTLEMENT ADMINISTRATOR**

13 Class Counsel proposes Phoenix Settlement Administrators ("PSA") as the third-party
14 administrator in this matter. As detailed in the Declaration of Michael E. Moore, submitted
15 concurrently herewith, PSA has extensive experience administering class action matters and has
16 established processes and sufficient resources to provide the best possible notice to all class
17 members. (Moore Decl. ¶¶ 1–9.)

18 **IV. CONCLUSION**

19 Based on all of the foregoing, Plaintiffs respectfully request that the Court issue an Order
20 preliminarily approving the Settlement and issuing Plaintiffs' [Proposed] Order on Motion for
21 Preliminary Approval of Joint Stipulation of Class Settlement, and adopting the following
22 proposed schedule for distribution of notice and briefing schedule on an anticipated Motion for
23 Final Approval:

| Date | Event |
| --- | --- |
| May 16, 2019 | Preliminary Approval Hearing (all dates that follow assume a preliminary approval order on this date) |
| May 23, 2019 | Defendant to provide the Claims Administrator and Class Counsel a list of amounts that could be claimed by each potential Settlement Class Member (within 7 days after entry by the Court of its Order of Preliminary Approval) |
| June 6, 2019 | Claims Administrator will mail Notice and Opt-In forms to |

|  | potential Settlement Class Members and conduct a search for potential Settlement Class Members through social media and will send an email to any identified potential Settlement Class Members through that channel as well (within 14 days after entry by the Court of its Order of Preliminary Approval) |
|---|---|
| June 17, 2019 | Last day for Claims Administrator to send a follow-up postcard to each potential Settlement Class Member containing a reminder of the applicable deadlines associated with the Settlement (within 10 days after the Settlement Administrator sends the Class Notice) |
| July 8, 2019 | Last day for Claims Administrator to receive written requests to opt out of the California Class unless Class Notice is returned as undeliverable (30 days after mailing Notice Forms) |
| July 8, 2019 | Last day for Class Member to file written objections with Court and serve written objections upon Class Counsel and Defense Counsel (30 days after mailing Notice Forms) |
| August 20, 2019 | Last day for Class Member to submit opt-in form for FLSA Group (75 days after mailing Notice Forms) |
| To be determined by the Court [Proposed September 5, 2019] | Due date for Motion for Final Approval of Settlement and Class Counsel's separate motion for incentive award, attorneys' fees and costs/expenses, and costs of administration |
| To be determined by the Court [Proposed September 20, 2019] | Final Approval Hearing |

Dated: April 9, 2019

SUTTON HAGUE LAW CORPORATION
A California Professional Corporation

By: _____
S. BRETT SUTTON
Attorneys for Plaintiffs and the Class