UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN SMOTHERS, et al., | Case No. 2:17-cv-00548-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| NORTHSTAR ALARM SERVICES, LLC, | |
| Defendant. | |

On January 22, 2019, the court granted in part and denied in part several unopposed motions brought by plaintiffs Julian Smothers and Asa Dhadda in connection with their proposed class action settlement with defendant NorthStar Alarm Services, LLC. Prior Order, ECF No. 55. Specifically, the court granted plaintiffs' motion for preliminary certification of the California Class, *id.* at 6−12, granted plaintiffs' request for appointment of class counsel, *id.* at 13, granted plaintiffs' motion to preliminarily certify the Fair Labor Standards Act ("FLSA") group, *id.* at 13−15, and denied plaintiffs' request for preliminary settlement approval under Federal Rule of Civil Procedure 23 and the FLSA, *id.* at 15−23. The parties then renewed their negotiations and reached a modified settlement agreement to address the court's concerns. Plaintiffs now seek preliminary approval of their modified settlement agreement, Mot., ECF No. 60, which NorthStar

does not oppose. The court incorporates the factual background and legal analysis provided in its prior order here and, as explained below, GRANTS the motion for preliminary settlement approval. The court also identifies several necessary changes to plaintiffs' proposed class notice, as discussed with counsel at hearing.

I.  PRELIMINARY SETTLEMENT APPROVAL

Compared to their initial proposed settlement agreement, the parties' revised proposed settlement agreement includes the following modifications: class counsel's request for attorneys' fees will not exceed 25 percent of the gross settlement amount, which will be subject to a lodestar cross-check, as opposed to the 33.33 percent previously sought, *id.* at 4,[1] 7−9, Settlement, ECF No. 60-1 at 4−46, §§ I.11, I.26, IV.7; settlement administration costs will not exceed $50,000, as opposed to the $40,000 previously sought,[2] Mot. at 4, Settlement § VI.7; and the proposed notice and opt-in procedures for the FLSA group now comply with 29 U.S.C. § 216(b)'s opt-in requirement rather than having group members opt-in by cashing a settlement check. Mot. at 5−6. The parties have largely eliminated provisions permitting funds to revert to NorthStar depending on the proportion of class members who opt-out or opt-in, depending on the class and have explained the basis for their proposed distribution. *Id.* at 9−11, Settlement § VII.1 ("The entirety of the final California Class Net Settlement Amount shall be distributed to the participating class members, with no reversion to Defendant."); Settlement § VII.5 (calculating FLSA gross settlement amount based on number of members who opt-in).

With these changes, the parties have addressed the court's concerns expressed in its earlier order, and the court therefore GRANTS plaintiffs' motion for preliminary approval of the settlement under Rule 23 and the FLSA.

/////

/////

---

[1] As plaintiffs note, the reduced attorneys' fees counsel seeks increases the net settlement amounts allocated for the classes. Mot. at 4 n.1, 8.

[2] At hearing on this motion, counsel explained they anticipate that conducting the "traditional" FLSA opt-in may require additional outreach efforts and therefore additional administrative expenses.

2

II. ADMINISTRATOR APPOINTMENT & NOTICE APPROVAL

Plaintiffs also request the court approve their proposed class administrator, notices, opt-in form and notice schedule. Mot. at 11–13.

### A. Third-Party Administrator

Plaintiffs propose Phoenix Settlement Administrators ("PSA") serve as third-party administrator for purposes of this settlement. Mot. at 12. PSA's president and managing partner, Michael E. Moore, submits a declaration in support of plaintiffs' motion, which describes PSA's experience administering class actions. Moore Decl., ECF No. 61. Under the parties' agreement, PSA will mail class notices to potential class members; determine individual settlement amounts; conduct telephonic and online outreach campaigns; establish a website with documents filed in this action; prepare, administer and distribute class members' settlement amounts; and issue a final report to class counsel. Settlement § VI.1. PSA also will provide weekly reports on requests for exclusion and inclusion in the settlement to class counsel. *Id.*

The court is satisfied that PSA is a capable administrator and GRANTS plaintiffs' motion to appoint PSA as the class administrator.

### B. Notice

For any class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Under Rule 23,

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The FLSA also requires timely notice to potential plaintiffs, allowing plaintiffs to "make informed decisions about whether or not to participate." *See Hoffmann-La Roche, Inc. v.*

3

*Sperling*, 493 U.S. 165, 170 (1989)); 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Guided by these principles, and exercising its discretion, the court has reviewed plaintiffs' proposed notices and opt-in form and requires the following changes. *See* California Class Notice, Ex. 1, ECF No. 60-1 at 48−56; FLSA Group Notice, Ex. 2, ECF No. 60-1 at 58−65; FLSA Opt-In, ECF No. 60-1 at 67.[3]

### 1. Global Changes and Clarifications

At hearing, the court and counsel discussed the following global changes and clarifications, which the court confirms it requires:

Any form or correspondence containing any portion of a class member's Social Security Number must be redacted before being filed on the public docket, as required by the Local Rules. Further, counsel shall include notice language informing class members that their Social Security Numbers will remain private.

Notices and forms shall provide members with "postmarked no later than" dates rather than merely stating documents should be "submitted" by certain dates.

Prior to finalizing the notices, counsel shall determine whether PSA requires members to send correspondence to different addresses depending on how the correspondence is sent. *See* ECF No. 60-1 at 52. If a single address for all correspondence sent by class members to PSA can be provided, the parties are encouraged to do so.

Members may object to the settlement and motion for attorneys' fees, costs and incentive award at the final fairness hearing without first filing a written objection or otherwise notifying counsel. While the court includes specific correcting language below, the parties are responsible for ensuring no portion of the notices suggests a written objection is required for a class member to appear at the hearing.

/////

---

[3] Because the exhibits were filed in a single document, ECF No. 60-1, and are not individually paginated, the court cites to ECF page numbers.

4

2. <u>California Class Notice</u>

    a. <u>Page One (ECF No. 60-1 at 48)</u>

The text reading, "The Court has given preliminary approval to a settlement of this lawsuit" shall be modified to read, "The Court has preliminarily approved a settlement of this lawsuit."

The text reading, "As a result, the settlement is split into two separate groups" shall be modified to read, "As a result, the settlement is split between two separate groups"

The text reading, "For that reason, please pay careful attention to the below legal rights and options section to understand what to do to participate in the settlement" shall be modified to read, "For that reason, please carefully review this notice, which describes your legal rights and options in this settlement."

    b. <u>Page Two (ECF No. 60-1 at 49)</u>

        1. <u>"Option 2"</u>

The text reading, "SUBMIT AN OPT-OUT REQUEST" shall be modified to read, "EXCLUDE YOURSELF FROM THE CLASS"

Strike "The request must clearly indicate that you desire to be excluded from the Settlement, must be signed by you, and must include your name, address, telephone number, and the last four digits of your Social Security number."

        2. <u>"Option 3"</u>

Strike "Submit a written objection to the Court."

After "you may submit a written objection" add "or explain your objection at the court's final fairness and approval hearing"

Replace "choose whether to" with "choose to"

        3. <u>"Option 4"</u>

Strike this section.

/////

/////

/////

5

c. <u>Page Three (ECF No. 60-1 at 50)</u>

1. <u>"What is this lawsuit about?"</u>

The text provided in this section contains unnecessary legalese and shall be modified to read as follows:

> Plaintiffs Julian Smothers and Asa Dhadda ("Plaintiffs") sued Defendant on behalf of themselves and other Alarm Installation Technicians and/or Lead Installation Technicians in California and the United States ("Action"). Plaintiffs assert that Defendant owes Plaintiffs and other Alarm Installation Technicians and/or Lead Installation Technicians additional compensation for meal and rest periods, off the clock work, overtime hours worked, and unreimbursed business expenses, as well as penalties for inaccurate itemized wage statements, waiting time penalties and related other penalties. Plaintiffs seek damages for lost wages, interest and penalties. They also seek attorneys' fees and expenses. Defendant strongly denies plaintiffs' allegations and admits no wrongdoing. To avoid the costs of litigation, however, the parties have agreed to settle this matter.

2. <u>"What is a class action and who is involved?"</u>

Strike "('Class Representatives')" after the named plaintiffs' names, as the immediately preceding section already defines them as "Plaintiffs." If this inconsistency exists elsewhere in the notice, plaintiffs shall correct it.

After "is called the Defendant," insert ", in this case, Northstar Alarm Services, LLC."

Modify the text reading, "In this case, there are two subgroups of Settlement Class Members:" to read, "In this case, there are two separate settlement groups:"

The third paragraph, beginning "The California Class Members who do not," should instead begin with, "In a class action, one court resolves the issues for everyone in the class, except for those people who decide to exclude themselves from the class."

Modify the text reading, "pursuant to the procedure set forth below" to, "as explained below"

/////
/////
/////

    d.  <u>Page Three (ECF No. 60-1 at 51)</u>

      1.  <u>"I want to receive my share of the settlement. What do I do?"</u>

Strike "You are entitled to receive a portion of the Settlement as a potential member of the California Class."

      2.  <u>"What does the settlement provide?"</u>

Replace "is the amount available to distribute to the class ("Net Settlement Amount")" with "will be distributed to the California Class ("Net Settlement Amount")."

Replace "request to be excluded" with "exclude yourself from"

      3.  <u>"Will taxes be withheld from my settlement payment?"</u>

Replace the following:

> Your Individual Settlement Amount will include a wage portion (representing unpaid wages), and a non-wage portion (representing penalties, interest, and other consideration). From the wage portion of each Settlement Class Member's Individual Settlement Amount, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Component." Payroll deductions will be calculated by NorthStar according to each Settlement Class Member's last-reported withholding status. The total of the Net Wage Component and the non-wage portion of the Individual Settlement Amount will be the Settlement Class Member's "Net Payment."

With:

> Your Individual Settlement Amount will include a wage portion (representing unpaid wages), and a non-wage portion (representing penalties, interest, and other consideration). Using each class member's last-reported withholding status, Defendant will deduct the state and federal withholding taxes and other applicable payroll deductions owed as a result of the settlement payment from the wage portion of each member's settlement. The amount remaining after these deductions is the "Net Wage Component." The Net Wage Component, combined with the non-wage portion of the individual settlement amount, is the class member's "Net Payment."

Also replace "may be reported to the appropriate taxing authorities" with "will be reported to the appropriate taxing authorities."

      4.  <u>"What am I giving up if I stay in the class?</u>

After "3. Will taxes be withheld from my settlement payment?" insert the subsection "What am I giving up if I stay in the class?" from ECF No. 60-1 at 52 as "4."

|   |   |
|---|---|
| 1 | 5. <u>When is the hearing for Final Approval?</u> |

          5.     <u>When is the hearing for Final Approval?</u>

Strike this section, which repeats information provided later in the notice.

          e.     <u>Page Four (ECF No. 60-1 at 52)</u>

Replace "<u>HOW YOU RECEIVE A PAYMENT</u>" with "<u>HOW YOU STAY IN THE CLASS AND RECEIVE A PAYMENT</u>"

          f.     <u>Page Five (ECF No. 60-1 at 53)</u>

          1.     <u>"What if I get my payment and don't cash it?"</u>

At the end of the paragraph, add "Uncashed settlement funds will be sent to the California State Controller's Unclaimed Property Fund."

          2.     <u>What happens if I do nothing at all?</u>

Replace "you can speak with Class Counsel in this case identified below" with "you can speak with Class Counsel in this case [either provide class counsel's contact information or identify the specific page of the notice where class counsel's contact information is provided]."

          3.     <u>"EXCLUDING YOURSELF FROM THE SETTLEMENT"</u>

Replace "<u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>" with "<u>EXCLUDING YOURSELF FROM THE CLASS AND SETTLEMENT</u>"

Replace the following:

> If you want to retain the right to pursue claims against Defendant alleged in this case and/or you do NOT want a payment from this settlement, then you must take certain steps. This is called excluding yourself, and is also referred to as "opting out" of the settlement. **DO NOT EXCLUDE YOURSELF IF YOU WISH TO RECEIVE MONEY FROM THIS SETTLEMENT**.

With:

> If you want to retain the right to pursue claims related to this case against Defendant and/or you do NOT want a payment from this settlement, then you must exclude yourself. Excluding yourself is also referred to as "opting out." If you exclude yourself, you will not receive money from this settlement.

/////

//////

4. <u>How do I request to be excluded from the settlement?</u>

Replace the following:

You can exclude yourself from the California Class portion of the settlement by submitting an opt-out request in writing to the Administrator by [insert date]. The opt-out request must clearly indicate that you desire to be excluded from the Settlement, must be signed by you, and must include your name, address, telephone number, and the last four digits of your Social Security number.

With:

To be excluded from the California Class portion of the settlement, you must submit a written opt-out request to the Administrator at the following address:

[provide address]

Your opt-out request must be **postmarked no later than [date]**. The request must contain the following information: 1) Your intention to be excluded from the California Class Settlement, 2) Your name, address, telephone number and the last four digits of your Social Security Number, and 3) your signature.

5. <u>If I do not exclude myself, can I sue Defendant for the same claims later?</u>

"Final Judgment" should not be capitalized. This change must be made throughout the notice.

Insert a comma between "If you decide to participate in the California Class" and "you will be bound by all terms."

Delete the comma between "entered in the Action" and "if the settlement is approved by the Court."

Before the sentence beginning, "If you have a pending lawsuit," add "You may review the full release of claims in [add cross-reference to section 'What am I giving up if I stay in the class?']"

g. <u>Page 6 (ECF No. 60-1 at 54)</u>

1. <u>Do I have a lawyer in this case?</u>

Replace "The Court has approved" with "The Court has appointed"

/////

9

Replace "because Class Counsel is working on your behalf" with "because Class Counsel is working on behalf of all class members."

Indicate class counsel's contact information is provided on [notice page number].

    2.    <u>"How will the lawyers and the Class Representatives be paid?"</u>

Replace "fees and expenses" with "fees and costs."

Strike "in any event,"

Replace "This Incentive Award shall" with "The attorneys' fees and costs and the incentive award will."

In a new paragraph, insert text notifying parties that they may view the motion for attorneys' fees and costs and incentive award on the class website and members may object to that motion at the final fairness hearing.

    3.    <u>"How do I object?"</u>

Strike ", unless you exclude yourself from the settlement"

Replace "you must file a written objection with the Court stating with particularity the basis for the objection" with "you may file a written objection with the Court or you may attend and speak at the Final Fairness and Approval Hearing. The court will consider all objections in deciding whether to approve the settlement."

Strike the portion beginning, "If you intend to appear" and ending "listed below no later than [insert date]."

Replace the paragraph beginning, "All objections should reference the case name and number (*Julian Smothers v. Northstar Alarm Services, LLC.*, Case No. 2:17-CV-00548-KJM-KJN)" with "Any written objections must reference the case name and number (*Julian Smothers v. Northstar Alarm Services, LLC.*, Case No. 2:17-CV-00548-KJM-KJN), explain the basis for the objection, and be signed by the objecting class member. Written objections must be filed with the Clerk of Court no later than [insert date] at: Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, [insert courtroom], [insert floor]."

|   |   |
|---|---|
| 1 | Because the parties will be notified of and have access to filed objections through |
| 2 | the CM/ECF system, counsel agreed at the hearing that objecting class members need not send |
| 3 | copies of their filed objections to counsel. The court therefore strikes the portion beginning, |
| 4 | "Copies of all documents filed with the Clerk of the Court must be mailed" and ending "or the |
| 5 | Class Representative's Incentive Award."[4] |
| 6 |     h.    <u>Page 7 (ECF No. 60-1 at 55)</u> |
| 7 |         1.    <u>"What's the difference between objecting and excluding?"</u> |
| 8 | Replace "you have no basis to object because the case no longer affects you" with |
| 9 | "you cannot object." |
| 10 |         2.    <u>"THE COURT'S FAIRNESS HEARING"</u> |
| 11 | Replace "THE COURT'S FAIRNESS HEARING" with "THE COURT'S FINAL |
| 12 | FAIRNESS AND APPROVAL HEARING" |
| 13 | Replace "to determine whether the proposed settlement of the Action is fair, |
| 14 | adequate, reasonable, and should be finally approved by the Court, and whether the Action should |
| 15 | be dismissed on the merits with prejudice" with "to determine whether (1) the proposed settlement |
| 16 | is fair, reasonable, and adequate, and (2) whether the applications for attorneys' fees, costs, and the |
| 17 | Plaintiffs' incentive awards should be approved. The Court will consider any objections to the |
| 18 | settlement at this hearing. If the Court approves the settlement, it will enter an order granting final |
| 19 | approval of the settlement." |
| 20 | Replace "on your behalf" with "on behalf of class members" |
| 21 | In a new paragraph, add: "You are not required to attend the Final Fairness and |
| 22 | Approval Hearing, but you or your lawyer may attend if you so choose. If you are a participating |
| 23 | class member and you wish to speak or have your lawyer speak for you, you may do so. Please |
| 24 | visit http://www.caed.uscourts.gov/caednew/ and select the court calendar for Judge Mueller to see |
| 25 | whether the Final Fairness Hearing will be held on [scheduled date] or has been rescheduled to a |
| 26 | new hearing date." |
| 27 | |
| 28 | [4] This portion of the Notice text continues to ECF No. 60-1 at 55. |

3.      "May I attend the hearing and speak?"

Strike this section.

                    4.      "Are there more details about the settlement?"

Insert "only" between "Notice" and "summarizes"

    3.      FLSA Group Notice

Because the FLSA Group Notice largely tracks the California Class Notice, several modifications identified above also apply to the FLSA Group Notice. Plaintiffs should make all applicable changes to both Notices.[5]

        a.      Page Two (ECF No. 60-1 at 59)

            1.      Option 3

After "you may submit a written objection" add "or explain your objection at the court's final fairness and approval hearing."

Replace "choose whether to" with "choose to"

            2.      Option 4

Strike this section.

        b.      Page Three (ECF No. 60-1 at 60)

            1.      "What is a collective action and who is involved?"

Replace "are given a chance to exclude themselves from, or object to, the proposed settlement" with "are given a chance to join, object to, or decline to join the proposed settlement."

            2.      "Is there any money available now?"

Replace "the valid opt-in" with "the opt-in"

        c.      Page Four (ECF No. 60-1 at 61)

            1.      "How can I receive a payment?"

Replace "before" with "**postmarked no later than [date]**"

/////

---

[5] For example, plaintiffs should strike the text reading, "You are entitled to receive a portion of the Settlement as a potential member of the California Class" and "You are entitled to receive a portion of the Settlement as a potential member of the FLSA Group" under the "I want to receive my share of the settlement. What do I do?" sections of both notices. *See* ECF No. 60-1 at 51, 60.

|   |   |
|---|---|
| 1 | d. Page Five (ECF No. 60-1 at 62) |
| 2 | 1. "What happens if I do nothing at all?" |

Replace "What happens if I do nothing at all?" with "What happens if I do NOT return the attached opt-in form?"[6]

Replace "You will also not have released your claims under federal law against Defendant" with "Also, you will not be bound by any judgment entered in this Action and you will not have released your claims under federal law against Defendant."

      e. Page Six (ECF No. 60-1 at 63)

          1. How do I object?

Replace "you have no basis to object because the case no longer affects you" with "you cannot object."

Replace the first sentence of the second paragraph with, "If you want to object to any part of the settlement, you must timely submit a valid opt-in form and either file a written objection with the Court or attend and speak at the Final Fairness and Approval Hearing. The court will consider all objections in deciding whether to approve the settlement." The balance of this section should be modified to conform to the "How do I object?" section in the California Class notice, as modified above.

      4. FLSA Opt-In Form (ECF No. 60-1 at 67)

Replace "**SUBMIT THIS FORM NOT LATER THAN [INSERT DATE] IF YOU WANT TO RECEIVE MONEY FROM THE FLSA GROUP PORTION OF THE SETTLEMENT**" with "**SUBMIT THIS FORM POSTMARKED NO LATER THAN [INSERT DATE] TO OPT-IN AND RECEIVE MONEY FROM THE FLSA GROUP PORTION OF THE SETTLEMENT.**"

/////

/////

---

[6] This change does not apply to the California Class notice, which should continue to read, "What happens if I do nothing at all?"

13

1	Strike "OR, IF DELIVERED TO THE CLAIMS ADMINISTRATOR BY MEANS OTHER THAN UNITED STATES CERTIFIED MAIL, RECEIVED BY THE CLAIMS ADMINISTRATOR NOT LATER THAN [INSERT DATE]"

The entire second paragraph should be italicized and bolded.

### C. California Class Opt-Out Form

Plaintiff has not provided an opt-out form for California Members to return and complete, should they wish to opt-out.

"In a Rule 23(b)(3) class, the notice and any Internet Web site should include opt-out forms." Ann. Manual Complex Lit. ("MCL") § 21.312 (4th ed.). "[D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). There is no firm requirement, however, that a class notice include an opt-out form. *See Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC-WVG, 2015 WL 5638192, at *5 (S.D. Cal. Sept. 21, 2015) (collecting authorities and finding, "on balance, such a separate form will 'engender confusion' and may encourage class members to 'unwittingly opt out of the class'") (quoting *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988)).

Here, given the hybrid nature of this action, including an opt-out form in addition to an opt-in form risks unnecessary confusion for those individuals who are members of both classes. At hearing, counsel also suggested that opting-out should require an affirmative act, i.e., drafting an opt-out letter. To the extent such an affirmative act is necessary to ensure opt-outs are intentional, the court agrees. But an affirmative act should not be required simply because it will make opting-out more difficult and thus less likely. In short, the court understands counsels' concerns that class members may inadvertently opt-out, but the court is also mindful of class members' right to "an opportunity to remove [themselves] from the class by executing and returning an 'opt out' or 'request for exclusion' form." *Phillips Petroleum Co.*, 472 U.S. at 812. The court therefore ORDERS plaintiffs to draft an opt-out form for California Class members that may be downloaded from the class website. *Makaeff*, 2015 WL 5638192, at *5 ("[T]he option of

downloading an exclusion request form from the website eliminates the burden of drafting a letter."). Class members will be required to navigate to the website to download the form, providing the affirmative act counsel requests, but will not be required to draft their own opt-out letter, unless they so choose. The California Class notice should be modified to inform California Class members who wish to opt-out that they may either send a letter containing the necessary opt-out information or download, complete and send an opt-out form provided on the class website.

D. Motion for Attorneys' Fees

In the common fund scenario, the Ninth Circuit has held that motions for attorneys' fees must be filed before class objection deadlines, as "[t]he plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010) (quoting Fed. R. Civ. P. 23(h)); *Allen v. Bedolla*, 787 F.3d 1218, 1226 (9th Cir. 2015) (instructing district court to, on remand, "give the entire class . . . the opportunity to review class counsel's completed fee motion and to submit objections if they so choose").

To satisfy these requirements, plaintiffs must file their motion for attorneys' fees, costs and an incentive award to be heard with the motion for final approval of their settlement to allow members sufficient time to review the requests and object. The motion must be filed at least two weeks before member's written objections are due. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954 (9th Cir. 2015) (finding fee motion deadline fifteen days before objection deadline provided class members with adequate opportunity to object). At the final hearing, the court will consider any written objections and hear any oral objections to the fees, costs and incentive award requests, along with any objections to the settlement itself.

E. Implementing the Court's Changes

Within seven days of this order, either party may file objections, if any, to the court's revisions. Prior to filing any such objection, the parties must meet and confer concerning the objection and any proposed alternative resolution. Any objections must be explained concisely. The court will endeavor to rule on any objections promptly.

Plaintiffs are ORDERED to implement the changes required in this order and file updated class notices and opt-out forms, along with a proposed order approving the notices and forms and issuance of the notice plan, within twenty-one days of this order.

IT IS SO ORDERED.

DATED: July 12, 2019.

_____
UNITED STATES DISTRICT JUDGE